IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>**OneJet, Inc.**<br>　　　　　　**Debtor**<br><br>**Woody Partners, et al.,**<br><br>　　　　　　**Plaintiffs,**<br>v.<br><br>**Matthew R. Maguire, Patrick Maguire, Boustead Securities, LLC, Melvin Pirchesky, Robert Campbell, Robert Lewis and David Minnotte,**<br><br>　　　　　　**Defendants.** | **Case No. 18-24070-GLT**<br>**Judge Gregory L. Taddonio**<br><br>**Chapter 7**<br><br>**(Hearing Requested)**<br><br><br><br><br><br>Adv. Proc. No.: **19-02134-GLT** |

### DEFENDANTS PATRICK AND MATTHEW MAGUIRE'S MOTION TO DISMISS PLAINTIFFS WOODY PARTNERS, ET AL.'S COMPLAINT

Defendants Patrick Maguire and Matthew Maguire ("Defendants") through their counsel Post & Schell, P.C., file this Motion to Dismiss all claims in Plaintiffs Woody Partners et al.'s ("Plaintiffs") Complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 9(b), as made applicable by Federal Rules of Bankruptcy Procedure 7012 and 7009, for lack of standing, failure to state a claim, and failure to plead with the required particularity.

### JURISDICTION AND VENUE

1. This court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334. Consideration of this Motion to Dismiss is a "related" proceeding under 28 U.S.C. §1334(b). Defendants consent to the entry of a final order or judgement by the Court if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgement consistent with Article III of the United States Constitution.

2. Venue is proper in this district pursuant to 28 U.S. Code § 1391.

## PROCEDURAL HISTORY

3. On October 17, 2018, an involuntary Chapter 7 petition was filed against OneJet, Inc. ("OneJet") in the United States Bankruptcy Court for the Western District of Pennsylvania. The bankruptcy proceeding is currently pending.

4. On November 13, 2018, the Bankruptcy court entered an Order for Relief and appointed Rosemary C. Crawford, Esq. as the Chapter 7 Trustee.

5. On December 10, 2018, Plaintiffs filed the Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania against Defendants, as well as Boustead Securities, LLC, ("Boustead"), Melvin Pirchesky, Robert Campbell, Robert Lewis and David Minnotte (Boustead, along with Pirchesky, Campbell, Lewis, and Minnotte, are collectively referred to as the "Other Defendants").

6. On January 8, 2019, Mr. Minnotte removed the state action to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §1452. The Defendants and the Other Defendants joined in the removal.

7. On February 6, 2019, Plaintiffs filed a Motion to Remand, as well as a Motion for Abstention, both of which were opposed by the Defendants and the Other Defendants.

8. After extensive briefing and argument, on June 16, 2019, the Motion to Remand and Motion for Abstention were denied. The case was instead referred to the United States Bankruptcy Court for the Western District of Pennsylvania for consolidation with the OneJet bankruptcy proceeding pending before the Honorable Gregory L. Taddonio.

## RELIEF REQUESTED

9. Defendants request all of Plaintiffs' claims be dismissed with prejudice.

## BASIS FOR RELIEF

10. Plaintiffs attempt to bring a quasi-class-action by naming Woody Partners as the lead Plaintiff on the Complaint and then attaching an Exhibit A listing 58 additional plaintiffs. The Complaint, however, (1) does not specify which causes of action apply to which of the putative plaintiffs listed in Exhibit A, and (2) is otherwise devoid of sufficient facts to support class action certification under Fed. R. Civ. P. 23/Fed. R. Bankr. P. 7023.

11. A class action is an "exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 309 (3d Cir. 2008) (*citing Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 155 (1982)).

12. Class certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Fed. R. Civ. P. 23 are met. *Id.*

13. A party requesting class certification has the burden of proving that the requirements of Rule 23(a) and (b) have been met. *Shaw v. Whirlpool Fin. Corp. (In re Appliance Store)*, 158 B.R. 384, 388 (Bankr. W.D. Pa 1993).

14. In order for a class to be certified, the representative plaintiff must first demonstrate the following requirements: (1) the class is so numerous that joinder of all class members is impracticable; (2) questions of law or of fact are common to the class; (3) the claims (or defenses) of the representative plaintiff are typical of those of the class; (4) the representative plaintiff fairly and adequately protect the interests of the class. *Id.*; Fed. R. Civ. P. 23(a)(1-4). Furthermore, Fed. R. Civ. P. 23(b) requires a finding that (1) separate actions would create a risk of inconsistent of varying adjudications that would establish incompatible standards of conduct for the party opposing the class; (2) the party opposing

the class has acted or refused to act on grounds that apply generally to the class; or (3) questions of law or fact common to the class predominates over any questions affecting individual members and a class action is superior to other available methods of adjudicating the controversy.

15. Plaintiffs' Complaint, originally filed as a state action, does not address any of the requirements found in Fed. R. Civ. P. 23.

16. Moreover, it is apparent from the face of the Complaint and Exhibit A that the putative plaintiffs are far from similarly situated, but are, in fact, a very diverse group of plaintiffs. Some plaintiffs are shareholders from different rounds of stock sales, while others are debt holders; some plaintiffs filed proofs of claim, while some did not.

17. Plaintiffs' Complaint should be dismissed for attempting to bring an improvised and non-compliant quasi-class-action and failing to plead the requisite elements for class certification.[1]

18. Plaintiffs' complaint brings a direct claim seeking compensatory damages from Defendants for breach of fiduciary duties under 15 Pa.C.S.A. § 1712. Compl. at ¶ 95.

19. Pennsylvania law only allows corporations to bring direct claims against corporate directors and officers for breach of fiduciary duties. *Hill v. Ofalt*, 85 A.3d 540 (Pa. Super. 2014)

20. Count One of Plaintiffs' Complaint alleging breach of fiduciary duties should be dismissed with prejudice for lack of standing.

---

[1] Even if Plaintiffs were not attempting a class action, the 58 additional plaintiffs are not similarly situated in that not every one of the plaintiffs have a cause of action against every one of the defendants and each of the additional plaintiffs' claims stem from different transactions and occurrences and should therefore, be severed from the Complaint according to Fed. R. Civ. P. 21/Fed. R. Bankr. P. 7021.

21. Plaintiffs allege that OneJet sold or offered for sale unregistered stocks in violation of §1-201 of the Pennsylvania Securities Act ("PSA"). Compl. at ¶ 104.

22. Plaintiffs' allegation rests upon the argument that Onejet stocks were not federally exempted because 1) OneJet did not timely file a Form D and 2) Onejet did not disclose to the SEC the change in Boutstead's commission.

23. A Form D is not a requirement for exemption under Rule 506 of Regulation D. 54 Fed. Reg. 11369.

24. Changes in commission fees of less than 10% are not required to be disclosed to the SEC. 17 C.F.R. § 230.503(a)(3)(2(I).

25. Count Two of Plaintiffs' Complaint alleging a violation of §1-201 of the PSA should be dismissed with prejudice for failure to state a claim.

26. Plaintiffs allege that Defendants further violated the PSA by engaging in or aiding and abetting fraudulent conduct in connection with the sale of OneJet stocks. Compl. at ¶113.

27. In Pennsylvania, claims for fraud must be pleaded with particularity and must plead scienter and reliance. *Gilliland v. Hergert*, 2007 U.S. Dist. LEXIS 84508, *5 (W.D. Pa. Nov. 15, 200; *Christidis v. First Pennsylvania Mortgage Trust*, 717 F.2d 96, 99 (3d Cir. 1983).

28. Counts Three and Six of Plaintiffs' Complaint alleging violations of §§1-40, 1-501 and 1-503 of the PSA should be dismissed with prejudice for failure to plead the requisite elements of fraud with particularity.

29. Plaintiffs also bring a claim against Defendants for common law aiding and abetting. Compl. at ¶125.

30. Pennsylvania looks to § 876(b) of the Second Restatement of Torts for the elements of common law aiding and abetting. *Hurley v. Atlantic City Police Dept.*, 174 F.3d 95, 127 (3d Cir. 1999).

31. Count Seven of Plaintiff's Complaint alleging common law aiding and abetting should be dismissed with prejudice for failure to plead any of the required elements.

32. In further support of Defendants' Motion to Dismiss, Defendants rely upon the accompanying Memorandum of Law, which is incorporated herein by reference as if set forth in full.

WHEREFORE, Defendants respectfully requests that this Court dismiss all of Plaintiffs' claims against Defendants with prejudice and grant such further relief as may be necessary or appropriate.

> Respectfully submitted,
>
> **POST & SCHELL, P.C.**
>
> */s/Brian W. Bisignani*
> Brian W. Bisignani, Esquire
> 17 North Second Street, 12th Floor
> Harrisburg, PA 17101-1601
> Phone: 717-612-6041
> Facsimile: 717-731-1985
> bbisignani@postschell.com
>
> John N. Joseph, Esquire (*pro hac vice*)
> 1600 John F. Kennedy Blvd, 14th Floor
> Philadelphia, PA 19103
> Phone: (215) 587-1000
> Facsimile: (215) 587-1444
> jjoseph@postschell.com
>
> *Counsel to Defendants,*
> *Patrick Maguire and Matthew Maguire*

Date: August 13, 2019