IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>**OneJet, Inc.**<br>               Debtor<br><br>**Woody Partners, et al.,**<br><br>             Plaintiffs,<br>v.<br><br>**Matthew R. Maguire, Patrick Maguire, Boustead Securities, LLC, Melvin Pirchesky, Robert Campbell, Robert Lewis and David Minnotte,**<br><br>             Defendants. | Case No. 18-24070-GLT<br>Judge Gregory L. Taddonio<br><br>Chapter 7<br><br>(Hearing Requested)<br><br><br><br><br><br><br><br>Adv. Proc. No.: 19-02134-GLT |

### DEFENDANTS PATRICK MAGUIRE AND MATTHEW MAGUIRE'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS WOODY PARTNERS, ET AL.'S COMPLAINT

Defendants Patrick Maguire and Matthew Maguire, (collectively, "Defendants"), by and through their counsel Post & Schell, P.C., respectfully submits this Memorandum of Law in support of their Motion to Dismiss Woody Partners et al.'s ("Plaintiffs") Complaint (the "Complaint") alleging, among other things, breach of fiduciary duties, violations under the Pennsylvania Securities Act (the "PSA") and common law aiding and abetting. For the reasons set forth below, Defendants' Motion to Dismiss should be granted.

I. **INTRODUCTION**

Plaintiffs allege in their civil action that Defendants breached their fiduciary duties, illegally sold unregistered stocks, and made misrepresentations or aided and abetted in the misrepresentations to sell OneJet stocks. As discussed more fully below, Plaintiffs lack standing

1

for their fiduciary claim and fail to state a claim for their securities and common law claims. Because Plaintiffs' claims cannot survive under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 9(b), as made applicable by Federal Rules of Bankruptcy Procedure 7012 and 7009, all of Plaintiffs' claims against Defendants should therefore be dismissed with prejudice.

## II.  STATEMENT OF FACTS

OneJet was a start-up transportation company, based in Pittsburgh, which provided convenient and affordable nonstop air service between regional air markets. Compl. at ¶ 12.[1] OneJet began flight operations on April 6, 2015. Compl. at ¶ 14.

To raise additional capital, OneJet sold both term notes and shares to investors. Compl. at ¶¶ 33 and 40. In March 2017, OneJet retained Boustead to sell additional OneJet securities. Compl. ¶ 40. OneJet's second offering for series B preferred stock ran from at least June 2017 to January 2018. Compl. at Exhibit A. Boustead solicited accredited investors by direct phone calls, emails and during in-person meetings. Compl. at ¶¶ 44, 45 and 47. All OneJet investors are accredited investors as defined in § 501 of Regulation D. Compl. at Exhibit A.[2]

On March 17, 2017, OneJet filed a Form D, Notice of Exempted Offerings of Securities, with the Securities Exchange Commission (the "SEC") to notify the SEC of its series B preferred stocks' exemption under Rule 506 of Regulation D. Compl. at ¶ 59. On OneJet's Form D, it listed the date of first sale as June 5, 2015 and also stated that it had paid $0 in commission or finder's fee for the sale of OneJet securities as of March 17, 2017. Compl. at ¶ 60 A and B.

---

[1] As set forth *infra*, facts alleged in Plaintiffs' Complaint must be construed by the Court as true for the purposes of deciding Defendants' Motion to Dismiss. Defendants' citation to Plaintiffs' allegations, however, is not to be construed as an admission that the cited allegations are in fact true.

[2] On information and belief, based on the information contained in the Compliant at Exhibit A, all OneJet investors and creditors meet the criteria set out at § 1-501 of Regulation D.

2

OneJet ceased operations approximately at the end of 2018. Compl. at ¶ 79.

On December 10, 2018, Plaintiffs brought a civil action in the Court of Common Pleas of Allegheny County against Defendants for (1) breach of fiduciary duties; (2) unlawfully selling or offering for sale unregistered stocks in violation of §1-201 of the PSA; (3) making misrepresentations in the sale or offer for sale of securities in violation of §1-401 of the PSA; (4) joint liability for aiding in the violation of §1-503 of the PSA; and (5) common law aiding and abetting. As demonstrated below, based on these facts, Plaintiffs' claims against Defendants should be dismissed with prejudice pursuant Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 9(b)/Fed. R. Bankr. P. 7012 and 7009 for lack of standing, failure to state a claim, and failure to plead with the required particularity.

### III. STANDARD OF REVIEW

#### A. FED. R. CIV. P. 12(b)(1)/FED. R. BANKR. P. 7012

"[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990). Constitutional standing requires the plaintiff to show injury in fact, which the Supreme Court has defined as "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks omitted).

"[B]ecause standing is a jurisdictional matter," (*Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (internal quotation marks omitted)), a challenge to a plaintiff's standing is properly made under Fed. R. Civ. P. 12(b)(1)/Fed. R. Bankr. P. 7012, which directs a court to dismiss an action over which it lacks jurisdiction. "Challenges to subject matter jurisdiction under Rule 12(b)(1)[/Fed. R. Bankr. P. 7012] may be facial or factual;" in a

3

facial attack, the moving party contests the sufficiency of the pleading and the trial court must accept the complaint's allegations as true. *Turicentro, S.A. v. Am. Airlines, Inc.*, 303 F.3d 293, 300 n.4 (3d Cir. 2002). When determining its powers to hear the case, "the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

### B. FED. R. CIV. P. 12(b)(6)/FED. R. BANKR. P. 7012

"A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint, which may be dismissed for the 'failure to state a claim upon which relief can be granted.'" *Jankowski v. Lellock*, 649 Fed. Appx. 184, 186 (3d Cir. 2016) (quoting Fed. R. Civ. P. 12(b)(6)). When considering a motion to dismiss, the Third Circuit has explained that courts must take a three-step approach:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). A motion to dismiss will be granted if the factual allegations in the complaint are insufficient to

4

"raise the right of relief above the speculative level." *W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 169 (3d Cir. 2013) (*citing Twombly*, 550 U.S. at 555).

While all allegations in the complaint must be accepted as true, the Court "need not credit a plaintiff's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.2d 902, 906 (3d Cir. 1997). The Supreme Court in *Iqbal* emphasized that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Court further held that the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

The plaintiff also must plead "enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" to support plaintiff's claims. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (internal quotation marks omitted); *Young v. Beard*, No. 3:07-cv-2266, 2009 U.S. Dist. LEXIS 87249, *26 (M.D. Pa. May 29, 2009) (unpublished) ("In order to withstand scrutiny under Rule 12(b)(6), plaintiff must make factual allegations in regard to each element of an asserted cause of action.").

IV. **ARGUMENT**

    A. **PLAINTIFFS' CLAIM FOR BREACH OF FIDUCIARY DUTIES SHOULD BE DISMISSED WITH PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(1)/FED. R. BANKR. P. 7012**

The applicable Pennsylvania statute clearly states that the duty of a board director under 15 Pa.C.S.A. § 1712 belongs "solely to the business corporation and may be enforced directly by the corporation or may be enforced by a shareholder…by an action in the right of the corporation, and may not be enforced directly by a shareholder or by any other person or group."

5

15 Pa.C.S.A. § 1717.[3] The Pennsylvania courts have unequivocally interpreted this to mean that only the corporation may bring a direct claim for harm caused by corporate management. *See Hill v. Ofalt*, 85 A.3d 540 (Pa. Super. 2014) ("In Pennsylvania, only the corporation and a shareholder by an action in the right of the corporation may bring a lawsuit and claim that a director breached the standard of care owed to the corporation"); *see also Burdon v. Erskine*, 401 A.2d 369, 370 (Pa. Super. 1979) (en banc) (holding that indirect injuries to the shareholders are insufficient to give rise to a direct cause of action by the stockholder).[4]

For a shareholder to bring a direct claim, the shareholder must allege a personal injury that is independent of any injury to the corporation, and not "a harm that [is] indirectly injurious to the shareholder." *Reifsnyder v. Pgh. Outdoor Adver. Co.*, 173 A.2d 319, 321 (Pa. 1961); *White v. First Nat'l Bank*, 252 Pa. 205, 97 A. 403, 405 (Pa. 1916) ("a stockholder can maintain a [direct] action where…a violation of duties arising from contract or otherwise, and owing to him directly. . ."); *Fishkin v. Hi-Acres, Inc.*, 462 Pa. 309, 341 A.2d 95, 98 n.4 (Pa. 1975) ("[i]f the injury is one to the plaintiff as a stockholder and to him individually, and not to the corporation, it is a direct action"). Mismanagement of corporate assets does not qualify as an independent and direct harm to a shareholder and has been held by Pennsylvania's appellate courts to be a derivative claim. *See Burdon*, 401 A.2d at 370 (appellate court affirmed lower court's holding that allegations of the directors approving unreasonable and excessive employment contracts was a derivative claim).

---

[3] As provided in 15 Pa.C.S.A. § 1712, instead of a direct claim against directors and officers of a corporation, a shareholder may bring a derivative lawsuit on behalf of the corporation; Plaintiffs' breach of fiduciary duties claim is not a derivative claim and Defendants will not analyze it as such.

[4] Plaintiffs themselves cite a string of cases whose holding reflect precisely this rule of law: that only corporations may bring a direct claim against directors for breach of fiduciary duties. Compl. at ¶94.

6

The Third Circuit has similarly reached the same conclusion and explained that "it is well established under Pennsylvania law, that where fraud, mismanagement, or other wrong damages a corporation's assets, a shareholder does not have a direct cause of action." *Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co., Inc.*, 267 F.3d 340, 348 (3d Cir. 2001); *In re BlackRock Mut. Funds Fee Litig.*, 2006 U.S. Dist. LEXIS 13846, *23, 2006 WL 4683167 (W.D. Pa. 2006) ("As the corporate body that suffers the primary wrong, the corporate body, and only the corporate body, possesses the right to sue."); and *John L. Motley Assoc., Inc. v. Rumbaugh*, 104 B.R. 683, 686-87 (Bankr. W.D. Pa. 1989) (citations omitted) ("[A]n action to redress injuries to the corporation cannot be maintained by an individual shareholder, but must be brought as a derivative action in the name of the corporation.").

The Bankruptcy Court in this district has also ruled that "[a] shareholder, creditor, or any other person or group is prohibited from bringing a direct action against the directors for a breach of their fiduciary duties." *Bruno v. Beacon Sales Acquisition, Inc. (In re Bruno)*, 553 B.R. 280, 286 (Bankr. W.D. Pa 2016)

Plaintiffs allege that Defendants breached their fiduciary duties by wasting corporate assets and explicitly allege that Matthew Maguire improperly used OneJet funds to pay himself an excessive wage and to fund his personal, non-business expenses. Compl. at ¶83-84. These claims allege an injury solely to OneJet, as they allege a waste of OneJet's assets; any injury to Plaintiffs is collateral and indirect to the alleged harm to OneJet.

Accordingly, Plaintiffs lack standing to bring a direct claim alleging breach of fiduciary duties against Defendants; therefore, the claim for breach of fiduciary duties should be dismissed with prejudice.

**B.    PLAINTIFFS' REMAINING CLAIMS SHOULD BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6)/FED. R. BANKR. P. 7012 AND FAILURE TO PLEAD THE REQUIRED SPECIFICITY UNDER FED. R. CIV. P. 9(b)/FED. R. BANKR. P. 7009**

Plaintiffs brought three claims under the PSA and a common law claim for aiding and abetting. Compl. at ¶¶ 100, 113 125 and 131. As set forth more fully below, OneJet securities are exempt from registration under federal laws and therefore, are not subject to registration under the PSA. Accordingly, Count 2 of the Complaint should be dismissed with prejudice for failure to state a claim. Count 3 of the Complaint should be dismissed with prejudice for failure to state a claim because Plaintiffs' claims of securities fraud under the PSA failed to allege facts constituting fraud with particularity as required under Fed. R. Civ. P. 9(b)/Fed. R. Bankr. P. 7009. Counts 6 and 7 of the Complaint alleging joint and several liability under §1-503 and for common law aiding and abetting should be dismissed because they barely contain more than a recitation of the law and a statement that Plaintiffs are entitled to relief.[5]

**1.    Count 2 Should Be Dismissed with Prejudice Because OneJet Securities are Federally Covered Securities Exempted From Registration**

The PSA makes it unlawful for any person to sell or offer for sale unregistered securities in Pennsylvania unless the security is a "federally covered security." 70 P.S. §1-201. Plaintiffs allege that OneJet's sale of stock violated §1-201 of the PSA because its series B preferred stocks were not federally covered securities under Rule 506(b) of Regulation D. Plaintiffs assert two reasons in support of this allegation: first, because Defendants engaged in substantial sales prior to the filing of Form D on March 17, 2017, and second, because the Form D did not state that commissions or finder's fees were paid for the sales of OneJet securities. Compl. at ¶ 60.

---

[5] Counts 4 and 5 of Plaintiffs' Complaint are against defendants other than Matthew Maguire and Patrick Maguire.

8

As set forth below, a timely Form D is not required for exemption under Rule 506 of Regulation D.[6]

### a. Form D Is Not Required for Rule 506 Exemption

Plaintiffs allege that OneJet's series B preferred stocks were not federally covered securities under Rule 506(b) of Regulation D because Defendants engaged in substantial sales prior to filing the Form D on March 17, 2017. Plaintiffs appear to be arguing that OneJet's allegedly untimely Form D somehow disqualified its securities from being exempt from registration under Regulation D. However, the SEC has no requirement that a corporation is prohibited from engaging in sales, or even substantial sales, prior to filing a Form D for exemption. Furthermore, Plaintiffs are simply mistaken that a timely Form D is a requirement for exemption under Rule 506 of Regulation D.

The issuer of an offering is required to file a Form D with the SEC "no later than 15 days after the first sale of securities – the date when the first investor is irrevocably contractually committed to invest" to notify the SEC of an exempt offering under Rule 506(b) offering. 17 C.F.R. § 230.503(a). However, while OneJet allegedly untimely filed their Form D on March 17, 2017, the SEC explicitly clarified that Rule 506 exemptions under Regulation D are not dependent on the filing of Form D. *See Securities and Exchange Commission Summary, Regulation D; Accredited Investor and Filing Requirements*, 54 Fed. Reg. 11369 (March 20, 1989)("The Rule 503 requirement to file a Form D within 15 days of the first sale of securities

---

[6] To be federally covered securities under Rule 506(b), the offering for the securities must (1) satisfy the integration requirement under §502(a); (2) provide specific information to purchasers that are not "accredited investors" as required under §502(b); (3) not use general solicitation or general advertising as prohibited by §502(c); and (4) have less than 35 purchasers who are not accredited investors and provide certain additional information to purchasers who are not accredited investors as outlined in Rule 506(b)(2)(i)-(ii). *See Knox v. 1701 Jfk Rest., LP*, 2013 Phila. Ct. Com. Pl. LEXIS 361 (C.C.P. Philadelphia, October 28, 2013). Plaintiffs' do not allege, nor can they allege, that OneJet's securities fail to meet these criteria.

9

remains, but will no longer [as of 1989] be a condition to the establishment of any exemption under Regulation D."). Furthermore, the penalty for the failure to file or the untimely filing of a Form D is not an invalidation of the exemption, but a disqualification from future use of exemptions by the issuer. 17 C.F.R. § 230.507.[7] Accordingly, despite its allegedly untimely Form D filing on March 17, 2017, OneJet's series B preferred stocks remain federally covered securities not subject to registration under the PSA.

### b. The SEC Does Not Require Amendments to Form D for Changes in Finder's Fees or Commissions of 10% or Less

Once a Form D is filed, the SEC requires amendments for material mistakes and changes in information. 17 C.F.R. § 230.503. Plaintiffs allege that Defendants misrepresented on OneJet's Form D that no commissions or finder's fees were paid for the sale of OneJet securities, when Boustead was paid 10% in commissions and finder's fees. Compl. at ¶60. Plaintiffs, again, are mistaken about the Form D being a prerequisite for Rule 506 exemptions. First, as discussed above, a Form D is not a prerequisite for Regulation D exemptions under Rule 506; therefore, a deficient Form D would not be a disqualification of exemption. Second, the SEC clearly states that it does not require an amendment to Form Ds for changes in commissions or finder's fees of 10% or less.[8] 17 C.F.R. § 230.503(a)(3)(2(I). Thus, OneJet was not required to make an amendment to its Form D for a 10% change in commissions or finder's fees.

---

[7] The SEC explained that "[t]he Rule 503 requirement to file Form D within 15 days of the first sale of securities remains, but will no longer be a condition to the establishment of any exemption under Regulation D. Rule 507 will serve as a disqualification to the use of Regulation D for future transactions by the issuer, if it, or a predecessor or affiliate, has been enjoined by a court for violating the filing obligation established by Rule 503." *See Securities and Exchange Commission Summary, Regulation D; Accredited Investor and Filing Requirements*, 54 Fed. Reg. 11369 (March 20, 1989).

[8] The text of 17 C.F.R. § 230.503(a)(3)(2(I) states that "no amendment is required to reflect…a change that occurs solely in the following information…[t]he amount of sales commissions, finders' fees or use of proceeds for payments to executive officers, directors or promoters, if the

10

Accordingly, OneJet series B preferred stocks were federally covered securities that are exempted from registration under Rule 506(b) of Regulation D, and any deficiencies in its Form D did not invalidate its exemption status. Plaintiffs have therefore failed to state a claim for violation of §1-201 of the PSA, and as such, this Court should dismiss Count 2 with prejudice.

2. **Count 3 Should Be Dismissed with Prejudice Because Plaintiffs Failed to Allege Scienter and Reliance for the Alleged § 1-401 Violation of the PSA**

§1-401 of the PSA was "enacted to address substantially the same wrongful conduct as Rule 10b-5" of the Securities Exchange Act of 1933. *Leder v. Shinfeld*, 609 F. Supp. 2d 386, 395 (E.D. Pa. April 14, 2009); *see also Goodman v. Moyer*, 523 F. Supp. 35, 38 n.8 (E.D. Pa. 1981)(finding "[t]he Commissioner's Note to section 101 of the Uniform Securities Act, from which section [1-]401 of the Pennsylvania Securities Act is taken, reads: 'This section is substantially the Securities and Exchange Commission's Rule (10b-5).'"). Both federal and Pennsylvania state courts determining the necessary elements of proof for a viable action under § 1-401 of the PSA "have uniformly treated PSA claims as requiring the same elements of proof as required under Rule 10b-5 and have therefore analyzed them in identical fashion." *Fulton Bank*, 2011 U.S. Dist. LEXIS at *19-20; *Leder*, 609 F. Supp. 2d at 395 (holding that "it has long been the practice in this Circuit to treat section 1-401 claims as requiring the same elements of proof as required under Rule 10b-5"); *Majer v. Sonex Research, Inc.*, 541 F. Supp. 2d 693, 712-13 (E.D. Pa. 2008) (same); *Joyce v. Bobcat Oil & Gas Co.*, 2008 U.S. Dist. LEXIS 27181 at *40 (M.D. Pa. April 3, 2008) (holding that "[t]he Pennsylvania securities claim, 70 P.S. § 1-401…have essentially the same elements as a 10b-5 claim); and *Sunquest information Systems, Inc. v. Dean Witter Reynolds, Inc.*, 40 F. Supp. 2d 644, 659 (W.D. Pa. 1999) (holding that "these

---

change is a decrease, or if the change, together with all other changes in that amount since the previously filed notice of sales on Form D, does not result in an increase of more than 10%."

11

two statutory claims [a federal claim under Rule 10b-5 and a state claim under section 1-401] have the same elements and will be treated together."). This is because §1-401 is closely modeled after Rule 10b-5 of the federal securities laws and therefore "requires virtually the same elements of proof." *Id.*; *Goodman*, 523 F. Supp. at 39 ("In light of the similarity of the language used, and the similar policy carried out through Rule 10b-5 and sections 1-401 and 1-501 of the Pennsylvania Securities Act, the Court must conclude that Pennsylvania courts would require similar elements of proof in actions brought under those sections of the Pennsylvania Securities Act.").

The elements for a claim under §1-401, therefore, are: (1) that the defendant made misstatements or omissions of material fact; (2) with scienter; (3) in connection with a purchase or sale of securities; (4) upon which the plaintiff relied; and (5) the plaintiff's reliance was the cause of its injury. *Beck v. Arcadia Capital Group, Inc.*, 2009 U.S. Dist. LEXIS 91608, *28-29 (E.D. Pa. Sept. 30, 2009) (*quoting Gilliland v. Hergert*, 2007 U.S. Dist. LEXIS 84508, *5 (W.D. Pa. Nov. 15, 2007)). Count 3 of the Complaint should therefore be dismissed with prejudice because Plaintiffs intentionally did not allege any allegations as to scienter and reliance. Instead, Plaintiffs attempt to justify the absence of any allegations of scienter and reliance by citing a Delaware Chancery Court opinion[9] and a Western District of Pennsylvania Court opinion[10] endorsing the Chancery opinion for the proposition that the Plaintiffs did not need to plead scienter or reliance. *See* Compl. at ¶¶ 111-112.[11]

---

[9] *Kronenberg v. Katz*, 2004 Del. Ch. LEXIS 77, 872 A.2d 568 (2004).
[10] *Gilliland v. Herger*, 2008 U.S. Dist. LEXIS 51421 (W.D. Pa. 2008)
[11] Presumably, Plaintiffs' failure to allege scienter and reliance is a concession that Defendants did not act with intent to defraud and more importantly, that Plaintiffs, as accredited investors, did not rely on Plaintiffs' alleged misrepresentations.

12

Plaintiffs are mistaken for two reasons: first, *Kronenberg* and *Gilliand* did not hold that §1-401 claims (and §1-501 claims based on an alleged violation of §1-401) do not require scienter and reliance. In fact, *Gilliand* reaffirms that the requisite 10b-5 elements remain applicable for liability under § 1-401 of the PSA. *See Gilliland, 2008 U.S. Dist. LEXIS* at *21 ("The federal law equivalent to § 1-401 is found at Rule 10b-5.") Rather, these two cases explored whether § 1-501(a)(ii) created a separate, stand-alone cause of action based on the disjunctive phraseology in that section, separate and apart from liability sought under § 1-501(a)(ii) for violations of § 1-401 of the PSA.[12] Second, and more importantly, regardless of

---

[12] In explaining its holding that scienter is not required for a direct claim under § 1-501, the *Kronenberg* court reasoned that because "§ 1-501(a) is written in the disjunctive: It not only provides a civil remedy against 'any person who . . . offers or sells a security in violation of section[] 401,' it also clearly provides that any person who 'otherwise' violates the terms of § 1-501(a) itself 'shall be liable to the person purchasing the security from him.' Thus, …§ 1-501(a) expressly creates a separate cause of action indirectly modeled on § 12(2) of the 1933 Act." *Kronenberg*, 872 A.2d at 597. It then went on to hold that "[b]ecause § 1-501(a) of the Pennsylvania Securities Act is so clearly modeled on § 410(a)(2) of the Uniform Act, and therefore § 12(2) of the federal Securities Act, it is likely that the Pennsylvania Supreme Court would interpret § 1-501(a) consistently with its statutory inspirations and not engraft a reliance [and scienter] requirement onto the statute, irrespective of whether certain federal district court decisions purport to do so." *Id.* at 598-99.

In *Gilliland*, the plaintiffs cited to *Kronenberg* to argue that because § 1-501(a)(ii) created a separate, stand-alone cause of action modeled on § 12(2) of the federal Securities Act of 1933, codified at 15 U.S.C. § 77l(a)(2), they did not need to plead scienter and reliance. The *Gilliland* court "agreed with the analysis in *Kronenberg* that the Pennsylvania Supreme Court would also recognize a stand-alone § 1-501 claim," but warned that "there is no binding precedent on point. In essence, the dispute boils down to a prediction of whether the Pennsylvania Supreme Court would recognize a separate and distinct cause of action under section 1-501 or would recognize only a combination §§ 1-401/1-501 claim that mirrors Rule 10b-5." *Gilliland*, 2008 U.S. Dist. LEXIS at *19-21.

The authority cited by Plaintiffs, therefore, deals exclusively with the question of whether a stand-alone action, other than for violations of §§ 1-401, 403 and 404, might be authorized by the language in the portion of § 1501(a)(ii) that states "*or otherwise* by means of any untrue statement of material fact or any omission to state a material fact . . . .". The *Fulton* court explained that "[b]ased on this disjunctive phraseology [in §1-501], the analysis in *Kronenberg* states that the Pennsylvania Supreme Court does recognize a stand-alone § 1-501 claim, but distinguishes it from a § 1-401 claim." 2011 U.S. Dist. LEXIS 128820 at *7 n.4.

13

whether § 1-501 independently creates a cause of action other than through §1-401, Plaintiffs simply did not bring a "standalone" §1-501 claim. Instead, Plaintiffs, explicitly allege a conventional §1-401 claim pursuant to §1-501. Compl. at ¶107. Plaintiffs' §1-401 claim, therefore, must satisfy the well-established elements of a 10b-5 claim, including scienter and reliance, because the law is clear that "section 401 claims brought under *section 501* must satisfy the familiar elements of a 10b-5 claim, including scienter [and reliance]." *Fulton Bank, N.A.*, 2011 U.S. Dist. LEXIS 128820 at *7 n.4; *see also Gilliland,* 2008 U.S. Dist. LEXIS at *21 ("[T]he elements of a § 1-401/1-501 claim are the same as those of a Rule 10b-5 claim...").

Accordingly, because Plaintiffs failed to plead scienter and reliance, Plaintiffs' claim for violation of §1-401 of the PSA should be dismissed with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)/Fed. R. Bankr. P. 7012.

> a. **Counts 3 and 6 Should Be Dismissed with Prejudice Because Plaintiffs Failed to Allege Securities Fraud with the Required Particularity**

Generally, a plaintiff need only present "a short and plain statement of a claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2)/Fed. R. Bankr. P. 7008. However, when pleading fraud, the plaintiff is required to state the circumstances constituting the fraud with particularity. Fed. R. Civ. P. 9(b)/Fed. R. Bankr. P. 7009. The Third Circuit has explained that particularity is required "in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Lum v. Bank of Am.*, 361 F.3d 217, 223-24 (3d Cir. 2004). This heightened pleading requirement applies to actions brought under §1-401 of the PSA. *See Christidis v. First Pennsylvania Mortgage Trust*, 717 F.2d 96, 99 (3d Cir. 1983) (Rule 9(b) "applies not only to fraud actions under federal statutes, but to fraud claims based on state law."); *See also Fulton Bank, N.A. v. UBS Sec., LLC*, 2011 U.S. Dist. LEXIS 128820 at *18 (E.D. Pa.

14

2011) (granting the defendant's motion to dismiss because the claim for violation of §1-401 of the PSA did not satisfy Rule 9(b) heightened pleading requirement).

To comply with the particularity requirement, the Third Circuit requires the Plaintiff to plead the following elements for a fraud claim: (1) A specific false representation of material facts; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) the plaintiff acted upon it to his damage. *Christidis*, 717 F.2d at 99. Furthermore, the Plaintiff must set forth precisely "what statements or omissions were made in what documents or oral representations, who made the statements, the time and place of the statements, the content of the statements and manner in which they misled the plaintiff, and what benefit the defendant gained as a consequence of the fraud." *Fulton Bank*, 2011 U.S. Dist. LEXIS at *18 (internal citations omitted). A complaint must also "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Id.* (*citing* 15 U.S.C. § 78u-4(b)(2)).

      i.    **Plaintiffs Did Not Allege Fraud With Particularity As Required Under Fed. R. Civ. P. 9(b)/Fed. R. Bankr. P. 7009**

As discussed above, the elements for a violation of § 1-401 the PSA are: (1) the defendant made misstatements or omissions of material fact; (2) with scienter; (3) in connection with a purchase or sale of securities; (4) upon which the plaintiff relied; and (5) the plaintiff's reliance was the cause of its injury. *Gilliland*, 2007 U.S. Dist. LEXIS 84508 at *21. As to the first element, Plaintiffs merely listed a series of alleged misrepresentations without any context. Compl. at ¶38. Plaintiffs also failed to allege the remaining elements required to allege a cognizable § 1-401 claim, including failing to allege (1) to whom the misrepresentations were made, (2) which defendant allegedly made them, (3) when they were made, and (4) whether they were oral or written as required by federal courts analyzing a claim for fraud. *See Fulton Bank*,

15

2011 U.S. Dist. LEXIS at *18. For the second and fourth elements, Plaintiffs deliberately chose not to plead any facts to show scienter and reliance, incorrectly arguing that those elements are not necessary. Therefore, Plaintiffs did not plead those elements with any particularity.

        ii.    **Plaintiffs Improperly "Lumped" Defendants in Their Securities Fraud Allegation**

Where a plaintiff asserts a fraud claim against multiple defendants, the allegations against *each* defendant must satisfy Rule 9(b). *See, e.g., MDNet, Inc. v. Pharmacia Corp.*, 147 F. App'x 239, 245 (3d Cir. 2005) (when plaintiff raises allegations against multiple defendants "the complaint must plead with particularity by specifying the allegations of fraud applying to each defendant"); *Rapid Models & Prototypes, Inc. v. Innovated Solutions*, 71 F. Supp. 3d 492, 504 n.7. (D.N.J. 2014) ("Plaintiffs' collectivized allegations that 'Defendants' engaged in wrongful conduct, without specifying the nature of each defendant's alleged participation in the fraud, fails to satisfy the heightened pleading requirements of Rule 9(b)."). A fraud claim will be dismissed where a "Plaintiff lumps all [defendants] together as having engaged in wrongful conduct without specifying which defendant was responsible for which actions." *Snyder v. Dietz & Watson, Inc.*, 837 F. Supp. 2d 428, 450 (D.N.J. 2011).

In the Complaint, Plaintiffs' allegations are against "the Maguires," which they define to include both Patrick Maguire and Matthew Maguire, and therefore, Plaintiffs explicitly engage in the prohibited "lumping" by not "attributing the nature of each defendant's alleged participation in the fraud." Therefore, because Plaintiffs did not allege fraud with particularity as to each individual defendant as required under Rule 9(b), they fail to state a claim for violation of §1-401 under the PSA. Accordingly, Plaintiffs' securities fraud claim should be dismissed.

3. **Count 6 Should Be Dismissed with Prejudice Because Plaintiffs Failed to Allege Sufficient Facts with Sufficient Particularity to Support a Claim for Joint and Several Liability under §1-503 of the PSA**

The PSA provides for liability to any person who provides material aid to a person who is liable under §§1- 501 or 1-502. Specifically, § 1-503 provides in pertinent part:

> Every affiliate of a person liable under section 501 or 502, every partner, principal executive officer or director of such person, every person occupying a similar status or performing similar functions, every employee of such person who materially aids in the act or transaction constitution a violation, and every broker-dealer or agent who materially aids in the act or transaction constituting a violation, are also liable jointing and severally.

As such, to maintain a claim under § 1-503, Plaintiffs are required to plead facts, with the requisite particularity, that show (1) the defendant's relationship with (2) a person liable under §1-501 or 1-502 and (3) the material aid given. 70 P.S. §1-503. The United States District Court for the Western District of Pennsylvania has held that a claim under §1-503 requires that someone other than the § 503 defendant be adjudicated liable under § 501 in order for the defendant to be liable under § 503." *Daniel Boone Area Sch. Dist. v. Lehman Bros., Inc.*, 187 F. Supp. 2d 400, 410 (W.D. Pa. 2002). Thus, the failure to plead that a third party has been previously found liable under §1-501 or §1-502 has resulted in a dismissal of the claim. *Id.*[13]

In addition to failing to allege that someone other than Defendants has been adjudicated liable under §§1-501 or 1-502 as required by the *Boone* court, even more fatal to Plaintiffs' claim is their sole sentence pleading a conclusory statement regarding Defendants' liability for §1-503. Compl. at ¶125 ("[The Defendants] materially aided in the violations of the Pennsylvania

---

[13] The *Gilliland* court disagreed with *Boone*, finding that a § 1-503 claim can be brought without a prior showing of § 1-501 liability of another person. *Gilliland v. Hergert*, 2007 U.S. Dist. LEXIS 84508 *16 (W.D. Pa. 2007). However, even if a prior adjudication of liability is found not to be an element of §1-503, Plaintiffs have failed to allege sufficient facts, with the requisite particularity, to make a prima facie case under §§ 1-501/1-401. *See* Section VI.B.2. *infra*.

17

Securities Act by virtue of the material misstatements the they made to the Plaintiffs"). Count 6 of Plaintiffs' Complaint is utterly void of any allegations of fact as to who, what, where, when and how the claimed § 1-503 violations occurred. Plaintiffs' conclusory statement is simply a "bald assertion" that this court "need not credit." *Morse*, 132 F.2d at 906 (3d Cir. 1997). Thus, for their §1-503 claim, Plaintiffs did nothing more than summarize the law and allege their entitlement to relief – precisely the threshold for dismissal, as held by the Third Circuit. *See Fowler*, 578 F.3d at 210.

To the extent that Plaintiffs intend to rely on the factual averments incorporated by reference made in support of its purported claim under § 1-401, as discussed *supra*, Plaintiffs' allegations are woefully insufficient and lack the requisite particularity to support their § 1-401 claim. Because their allegations cannot even support a claim for a direct violation of § 1-401 under § 1-510(a)(ii), it cannot successfully support a claim under § 503 for materially aiding the violation of such an unsupported claim. In short, not only have Plaintiffs failed to plead the requisite facts to support its claims for liability under §1-503 with the requisite particularity as required under Rule 9(b), Plaintiffs' have failed to plead sufficient facts, altogether.

Accordingly, because Plaintiffs failed to plead sufficient facts to state a claim for a violation of §1-503 under the PSA, its claim should be dismissed with prejudice.

    **4.    Count 7 Should Be Dismissed with Prejudice Under Fed. R. Civ. P 12(b)(6)/Fed. R. Bankr. P. 7012 For Failure To State A Claim Because Plaintiffs Failed to Allege Sufficient Facts to Support a Claim for Common Law Aiding and Abetting**

While there is no guidance from the Pennsylvania Supreme Court as to whether Pennsylvania recognizes a civil claim for aiding and abetting fraud, the federal courts predict, in accordance with recent developments in Pennsylvania state law, that the Pennsylvania Supreme Court would recognize such a claim in accordance with § 876(b) of the Second Restatement of

18

Torts. *Panthera Rail Car LLC v. Kasgro Rail Corp.*, 2013 U.S. Dist. LEXIS 118427 at *29 (W.D. Pa. 2013).

§876(b) provides in pertinent part:

> For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he:
> (a) does a tortious act in concert with the other or pursuant to a common designed with him, or
> (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to do the conduct himself, or
> (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

The Third Circuit has explained that the elements for a claim under § 876(b) are:

> (1) the party whom the defendant aids must perform a wrongful act that causes an injury;
> (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; and
> (3) the defendant must knowingly and substantially assist the principal violation."

*Hurley v. Atlantic City Police Dept.*, 174 F.3d 95, 127 (3d Cir. 1999).

Even a cursory review of the Complaint reveals that the requisite elements for liability have been ignored; they have not been pleaded at all, let alone with any particularity. Indeed, Plaintiffs did nothing more than recite the law and allege their entitlement to relief. Plaintiffs failed to allege (1) the party whom Defendants supposedly aided, (2) Defendant's knowledge of the unidentified tortious activity and their role in that tortious activity or (3) what assistance Defendants supposedly provided to that tortious activity. In short, Plaintiffs' claim contained insufficient facts to "raise the right of relief above the speculative level" as required by *Twombly*.

Accordingly, pursuant to Fed. R. Civ. P. 12(b)(6)/Fed. R. Bankr. P. 7012, the Plaintiffs' claim for common law aiding and abetting should be dismissed for failure to state a claim.

## V.  CONCLUSION

For the reasons set forth above, Plaintiffs' Complaint should be dismissed with prejudice. As an initial matter, Plaintiffs' Complaint fails to satisfy the requirements of Fed. R. Civ. P. 23/Fed. R. Bankr. P. 7023 and contains impermissible misjoinder of parties. Moreover, Plaintiffs lack standing to bring a direct claim for breach of fiduciary duties against Defendants. Plaintiffs have also failed to plead a claim for a violation under § 1-201 of the PSA because OneJet stocks are federally covered securities exempted from registration. Additionally, Plaintiffs have failed to state a claim for their securities fraud and aiding and abetting claims because they did not plead all of the required elements of the claims.

Accordingly, Defendants respectfully request that this Honorable Court grants their Motion to Dismiss and grant such further relief as may be necessary and appropriate.

Respectfully submitted,

**POST & SCHELL, P.C.**

/s/*Brian W. Bisignani*
Brian W. Bisignani, Esquire
17 North Second Street, 12th Floor
Harrisburg, PA 17101-1601
Phone: 717-612-6041
Facsimile: 717-731-1985
bbisignani@postschell.com

John N. Joseph, Esquire (*pro hac vice*)
1600 John F. Kennedy Blvd, 13th Floor
Philadelphia, PA 19103
Phone: (215) 587-1000
Facsimile: (215) 587-1444
jjoseph@postschell.com

*Counsel to Defendants,
Patrick Maguire and Matthew Maguire*