# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>ONE JET, INC.,<br><br>      Debtor. | Case No. 18-24070-GLT<br>Chapter 7<br><br>Adversary No. 19-02134-GLT<br>Related Dkt. No. 1 |
| WOODY PARTNERS, et al.,<br><br>      Plaintiffs,<br><br>    v.<br><br>MATTHEW R. MAGUIRE, PATRICK MAGUIRE, BOUSTEAD SECURITIES, LLC, MELVIN PIRCHESKY, ROBERT CAMPBELL, ROBERT LEWIS and DAVID MINNOTTE,<br><br>      Defendants. | Request for Hearing and Oral Argument |

## DEFENDANTS BOUSTEAD SECURITIES, LLC'S AND ROBERT CAMPBELL'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION

Defendants Boustead Securities, LLC, ("Boustead"), and Robert Campbell ("Campbell", or collectively with Boustead, "Defendants")[1], by and through their undersigned counsel, respectfully submit this memorandum of law in support of their Motion to Dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6) and 9(b), as incorporated by Federal Rule of Bankruptcy Procedure 7012(b) and 7009.

---

[1] Although the undersigned counsel does not represent Defendant Melvin Pirchesky, because the Complaint refers to Pirchesky as one of Boustead's "agents," this memorandum references Campbell and Pirchesky together, where appropriate. (Doc. 3-1 at ¶¶ 5-6.)

4837-6269-6837.2

**FACTUAL BACKGROUND**

**I.    THE PARTIES.**

Plaintiffs are fifty-one (51)[2] separate individuals and legal entities that purchased "stock and/or notes of OneJet, Inc." (Complaint ("Compl.") ¶ 1 or "Doc. 3-1.") The Complaint fails to identify those Plaintiffs that allegedly purchased stock and/or notes (the "OneJet Securities") of OneJet, Inc. ("OneJet") through Boustead, Campbell or Pirchesky. The Complaint also fails to identify the dates on which at least thirty-seven (37) of the fifty-one (51) Plaintiffs purchased their OneJet Securities. (*See* Compl. Ex. A.)[3] The Complaint (Doc. 3-1) vaguely alleges that at least seventeen (17) of the fifty-one (51) Plaintiffs simply "invested" in OneJet, without alleging whether those Plaintiffs purchased OneJet Term notes or OneJet Series B preferred stock. (*Id*.) The Complaint does not allege, with any level of specificity, what misrepresentation(s) were made by Defendants, what misrepresentation(s) of Defendants each Plaintiff relied on, how the misrepresentation(s) of Defendants were false, how (or if) Boustead, Campbell or Pirchesky knew they were false, how they were made, when or where they were made, who made them, and how each Plaintiff relied on them to their detriment.

---

[2] By using the word "Complaint", Defendants reference the Complaint that was filed in/transferred to this Court on June 27, 2019 throughout this memorandum. (Doc. 3-1.) As detailed below, Plaintiffs have filed, without requesting consent of any Defendant or making a motion to amend with the Court, a purported "Amended Exhibit A" listing a new set of Plaintiffs. (Doc. 59.) Plaintiffs purport to arbitrarily add and remove Plaintiffs from this case, which deprives Defendants of knowing who is suing them, and what claims are being brought against Defendants by which specific Plaintiffs. Plaintiffs' actions mandate dismissal because there is no possibility that an ever-shifting group of Plaintiffs can have plausible claims against Defendants. Said another way- how can Defendants actually defend themselves when they do not even know who is suing them, much less the factual details of any claims? *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted) (citing *Iqbal* and stating that "[t]his plausibility determination will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").

[3] The purported "Amended Exhibit A" (Doc. 59) lists 59 Plaintiffs and fails to identify the dates on which approximately 47 Plaintiffs purchased their OneJet Securities.

Boustead is a broker / dealer as defined by the Pennsylvania Securities Act of 1972 ("PSA"). (Compl. ¶ 4.) Pirchesky and Campbell are also brokers and were Boustead's "agents" as defined by the Pennsylvania Securities Act ("PSA"), according to the Complaint. (*Id*. ¶¶ 5-6.) OneJet, rather than Defendants, were the sellers and issuers of the OneJet Securities.

## II. ONEJET RAISES MONEY FOR ITS OPERATIONS, BUT THE COMPLAINT CONTAINS NO DETAILS ABOUT DEFENDANTS' ACTIONS.

According to the Complaint, in March 2017, the Maguires "engaged" Boustead to assist in "securing investors and investment capital for OneJet." (*Id*. ¶ 40.) According to the Complaint, Campbell and Pirchesky allegedly held "several meetings" with potential investors in and around the Pittsburgh, Pennsylvania, area "to sell the securities of OneJet." (*Id*. ¶¶ 44-45.) The Complaint does not specify the specific Plaintiffs that met with Campbell and Pirchesky, when those meetings took place, what alleged misrepresentations were made by Defendants at those meetings, how those misrepresentations were false, how Defendants knew they were false, or what misrepresentations of Defendants Plaintiffs' relied upon to their detriment. (*See* Compl.)

The Complaint vaguely alleges that Boustead, Campbell and Pirchesky "repeated many of the material misstatements made by the Maguires in order to solicit investors for OneJet," which the Complaint limits to:

1. Statements regarding OneJet's management team having "deep experience in operations, distribution channels, revenue optimization and aircraft financing";

2. OneJet's financial and accounting records were "inadequate" and that "none of the expected financial safeguards were in place";

3. OneJet had a talented and experienced Board of Directors that apparently never formally met;

4. OneJet was "experiencing revenue growth" and by September 2017, OneJet's operations were "in the black";

5. OneJet's "revenue has been increasing and bottom line losses have been decreasing every month this year";

3

4837-6269-6837.2

6. OneJet had a "positive EBITDA" for every month after March of 2017;

7. The Maguire family had invested more than $9,000,000.00 of their own money in OneJet; and

8. OneJet owned valuable intellectual property, including patents and trademarks.

(*Id.* ¶ 46.)

The Complaint also vaguely alleges that Campbell and Pirchesky sent "E-mail solicitations and 'executive summaries' to potential investors," which:

1. Indicated that OneJet's operations were "profitable" during the third quarter of 2017;

2. Indicated that OneJet's "revenues were increasing at the rate of 5% to 10% per month";

3. Asserted that the participation of specific well-known local investors "virtually guaranteed success in the Pittsburgh market";

4. Asserted that OneJet had "invested substantially (seven figures) in IT and operational systems"; and

5. Claimed that OneJet "plans to eventually be operating 30-50 aircraft."

(*Id.* ¶ 47.)

Finally, the Complaint alleges that Pirchesky emailed OneJet investors (but does not identify the specific Plaintiffs) on July 23, 2018 (well after Plaintiffs allegedly invested), stating that OneJet's Board members were "extremely concerned" that OneJet's recent financial statements were "materially inaccurate." (*Id.* ¶ 52.) Outside of those sparse and vague allegations, there are no other specifics, allegations or accusations against Defendants in Plaintiffs' Complaint (*See* Compl.). For the reasons set forth herein, Plaintiffs' Complaint should be dismissed.

## LEGAL ARGUMENT

### I. LEGAL STANDARD.

Rule 12(b)(6) of the Federal Rules of Civil Procedure, as incorporated by Federal Rule of Bankruptcy Procedure 7012(b), provides for the dismissal of a Complaint, in whole or in part, if

4

the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). For purposes of a motion to dismiss, the well-pleaded factual allegations of the complaint must be taken as true with all reasonable inferences drawn in plaintiffs' favor. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). The Court is not bound to "accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although a complaint need not contain detailed factual allegations, "[a] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, demonstrating that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Servs. Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556.) While "[t]he plausibility standard is not akin to a 'probability requirement'… it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

## II. THE COURT SHOULD DISMISS PLAINTIFFS' COMPLAINT FAILURE TO REGISTER CLAIM (COUNT FOUR).

Count Four[4] of the Complaint alleges that Defendants sold, or offered for sale, unregistered securities of OneJet in violation of the Pennsylvania Securities Act (the "PSA"), namely 70 P.S.

---

[4] Counts One through Three are not alleged against Boustead or Campbell; therefore, they are not addressed Defendants' Memorandum of Law in Support of Motion to Dismiss.

1-502. (Compl. ¶¶ 114-117.) Count Four should be dismissed because it does not plead facts that support a claim for the sale of unregistered securities under Pennsylvania law.

Plaintiffs' unregistered securities claim is preempted by federal law and the sales are exempt from Pennsylvania's statutory registration requirements. (*See* Compl. ¶¶ 114-117.) Under 15 U.S.C. § 77r, federal securities law preempts state registration requirements for offerings that are exempt as transactions "not involving a public offering," except to the extent that a state has "notice filing requirements that are substantially similar to those required by rule or regulation under section 77d(2) of this title." 15 U.S.C. §§ 77(d)(2), 77r(b)(4)(D). The federal statute was intended to preempt state registration requirements and make the federal government "the exclusive regulator of national offerings of securities." *Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3D 101, 108 (2d. Cir. 2001).

When an offering is exempt under federal Regulation D of the Securities Act of 1933 ("Regulation D"), an allegation of improper registration is covered exclusively by federal law. *See Temple v. Gorman*, 201 F.Supp.2d 1238, 1243-44 (S.D. Fla. 2002); *accord Lillard v. Stockton*, 267 F.Supp.2d 1081, 1116 (N.D. Okla. 2003).

In this case, the Complaint admits that the OneJet Securities were sold under federal law, namely Rule 506. (*See* Compl. ¶ 56.) Rule 506 under Regulation D of the Securities Act of 1933 ("Rule 506"), as amended, provides that an offering is exempt as a non-public offering where the securities were sold to an unlimited number of purchasers who are accredited investors and up to 35 non-accredited investor purchasers. *See* 17 C.F.R. § 230.144(a). Here, the only facts plead in the Complaint are that the OneJet's Securities were offered under Rule 506. (*See* Compl. ¶ 59.) Section 211 of the PSA specifically exempts "Federally Covered Securities," which includes securities offered pursuant to Rule 506, from the registration requirements of the PSA. *See* 70 Pa.

6

4837-6269-6837.2

Stat. Ann. § 2-201. Plaintiffs' state law failure-to-register claim is preempted because OneJet sold the OneJet Securities under the Rule 506 exemption from registration, as Plaintiffs admit in their Complaint. (*See* Compl. ¶ 59.) As a result, the Court should grant Defendants' Motion to Dismiss with regard to Plaintiffs' unregistered securities claim, namely Count Four of the Complaint.

**III.    SECTIONS 401 AND 501 OF THE PSA DO NOT APPLY TO BROKERS / DEALERS; THEREFORE, COUNT FIVE SHOULD BE DISMISSED.**

The Court should dismiss Count Five of the Complaint pursuant to Sections 401 and 501 of the PSA. "The Court of Appeals for the Third Circuit has clearly held that the 'sole source' of civil liability under sections 401, 403, and 404 is section 501." *Jairett v. First Montauk Securities Corp.*, 153 F. Supp. 2d. 562, 576-77 (E.D. Pa. 2001) (internal citations and quotations omitted). "[S]uch a claim **only allows for a private cause of action against a buyer or a seller, not a broker**." *Id.* (emphasis added) (internal citations and quotations omitted). The *Jairett* Court ultimately held that "plaintiffs may not bring forward a claim under Section 501 against First Montauk because **defendant is a broker-dealer of securities and not a seller of securities.**" *Id* (emphasis added).

In this case, the Complaint alleges that Boustead, Campbell and Pirchesky are brokers and/or dealers; therefore, Defendants cannot be liable under Sections 401 or 501 of the PSA. (*See e.g.* Compl. ¶¶ 4, 41.) Therefore, the Court should dismiss Count Five as a matter of law.

**IV.    COUNT FIVE SHOULD BE DISMISSED REGARDLESS OF WHETHER DEFENDANTS ARE BROKERS OR DEALERS.**

**A.    Count Five Fails to State a Claim.**

Count Five of the Complaint alleges that Defendants are liable for violations of Sections 401 and 501 of the PSA. (*See* Compl. ¶¶ 118-122.) The PSA makes it unlawful, "in connection with the offer, sale, or purchase of any security, to employ any device, scheme or artifice to defraud," or "engage in any act, practice, or course of business which operates or would operate

7

as a fraud or deceit upon any person." 70 Pa. Stat. Ann. § 1-401(a), (c). The elements of this cause of action are: (a) that the defendant made misstatements or omission of material fact; (b) with scienter; (c) in connection with a purchase or sale of securities; (d) upon which the plaintiffs relied; and (e) the plaintiffs' reliance was the cause of the injury. *Gilliland v. Hergert*, No. 05-01059, 2007 WL 4105223, at * 2 (W.D. Pa. Nov. 15, 2007).

Count Five should be dismissed because Plaintiffs fail to plead any facts that give rise to a plausible claim for relief under Section 401 of the PSA. The Complaint states that Defendants "participated in the use of false statements and omissions and of material fact when they offered the OneJet Securities for sale to the Plaintiffs." (Compl. ¶ 119.) However, the Complaint fails to allege how Defendants "participated" in these false statements; it fails to identify the "false statements" upon which Plaintiffs relied; it fails to identify how Defendants knew the statements were false; it fails to identify the specific "false statements" made by each Defendant to each Plaintiff; it fails to identify where the statements were made; it fails to identify how the statements were made; and it fails to identify how each Plaintiff relied on the "false statements" to their detriment. In short, the Complaint does not plead scienter, reliance or that the reliance was the cause of Plaintiffs' alleged injuries at issue in this case. The Complaint does not come even remotely close to meeting the *Twombly* or *Iqbal* pleading standards because it does not plead facts that would allow the Court to draw a reasonable inference that Boustead or Campbell are liable for the conduct alleged.

**B.    Count Five Fails to Meet the Fraud Pleading Standard.**

Plaintiffs' claims under Section 401 and 501 of the PSA must be plead with particularity in order to survive Defendants' Motion to Dismiss. *See, e.g.*, *Fox Int'l Relations v. Fiserv Sec., Inc.*, 490 F. Supp. 2d 590, 613-14 (E.D. Pa. 2007) (denying Defendants' motion to dismiss where

8

"plaintiffs plead fraud with particularity".) Even under Pennsylvania law, fraud of any kind must be pleaded in a Complaint with particularity. *Kern v. Kern*, 892 A.2d 1, 8 (Pa. Super. Ct. 2005) (citing to Pa.R.Civ.P. 1019(b)). "[A] pleading of fraud must be done with particularity, and requires specific allegations." *Skonieczny v. Dep't of Community and Economic Development*, 853 A.2d 1172, 1180 (Pa. Commw. Ct. 2004).

Federal law requires that Plaintiffs meet a heightened pleading standard for fraud claims. Rule 9(b) of the Federal Rules of Civil Procedure requires that "in all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). That heightened pleading standard requires the plaintiff to "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged." *Fredrico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (internal quotation omitted). "To satisfy this heightened standard, the plaintiff must plead or allege the date, time, and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Id*. "Plaintiff must also allege who made the misrepresentation to whom and the general content of this misrepresentation." *Lum v. Bank of Am.,* 361 F.3d 217, 224 (3d Cir. 2004) (internal citation omitted); *see In re Suprema Specialties, Inc.*, *Sec Litig.*, 438 F.3d 256, 276-77 (3d. Cir. 2006) (internal quotation and citation omitted). (stating that "Rule 9(b) requires, at a minimum, that Plaintiffs support their allegations of fraud with all of the essential factual background that would accompany the first paragraph of any newspaper story- that is, the who, what, when, where and how of the events at issue.").

In this case, Plaintiffs fail to plead any <u>facts</u>, with specificity or not, that would allow their fraud-based claims to survive Defendants' Motion to Dismiss. Plaintiffs simply generalize Defendants' conduct, stating that Campbell and Pirchesky allegedly held "several meetings" with

9

4837-6269-6837.2

potential investors in and around the Pittsburgh area to "to sell the securities of OneJet." (Compl. ¶¶ 44-45.) The Complaint does not specify the Plaintiffs that met with Campbell or Pirchesky; it does not specify when or where those meetings took place; it does not specify what representations were made at those meetings; it does not specify how those representations were false; and it does not specify how Defendants knew the representations were false; and does not specify how each Plaintiff relied on the false representations to their detriment.

The Complaint also alleges that Campbell and Pirchesky "solicited investors by means of phone calls and direct E-mails" to various prospective investors in Pennsylvania. (*Id.* ¶ 44.) Campbell and Pirchesky allegedly held several meetings with potential investors in the Pittsburgh area and used a slide show presentation that touted "OneJet as a 'solid investment opportunity.'" (*Id.* ¶ 45.) However, the Complaint does not specify which Plaintiffs met with Campbell or Pirchesky at these meetings; it does not specify when or where those meetings took place; it does not identify what misrepresentations were made at those meetings; it does not specify how those misrepresentations were false; it does not specify how Defendants knew the misrepresentations were false; and it does not specify how each Plaintiff relied on the misrepresentations to their detriment.

Although there are fifty-one (51) Plaintiffs in this case (or, fifty-nine (59) according to Plaintiffs' purported "Amended Exhibit A"), the Complaint fails to identify, with specificity, a <u>single</u> Plaintiff who received any knowingly false representations from Boustead, Campbell or Pirchesky. The Complaint also fails to allege that any of the Plaintiffs in this case purchased OneJet's Securities in reliance on any such misrepresentations from Defendants (as opposed to misrepresentations from the Maguires). In short, Plaintiffs' Complaint lacks any modicum of detailed facts that could meet the fraud pleading standards of Pennsylvania and federal law. *See*

10

4837-6269-6837.2

*Fulton Fin. Advisors, Nat. Ass'n v. NatCity Investments, Inc.*, No. Civ. A. 09-4855, 2013 WL 5635977, at *6 (E.D. Pa. Oct. 15, 2013).

Finally, Plaintiffs' allegations that OneJet "plans to eventually be operating 30-50 aircraft," and that the participation of well-known local investors "virtually guaranteed success in the Pittsburgh market" are not actionable as fraud even if actually made. (*See* Compl. ¶ 47.) "It is well-established that a cause of action for fraud must allege a misrepresentation of a past or present material fact…a promise to do something in the future, which promise is not kept, is not a proper basis for a cause of action for fraud." *Krause v. Great Lakes Holdings, Inc.*, 387 Pa. Super. Ct. 56, 67-8 (1989). Therefore, Plaintiffs' allegations regarding projections of future events are not actionable as fraud and the Court should dismiss Count Five as a matter of law.

## V. PLAINTIFFS' AIDING AND ABETTING CLAIMS (COUNTS SIX AND SEVEN) SHOULD BE DISMISSED.

In Count Six of the Complaint, Plaintiffs allege that Defendants are liable for aiding and abetting others under Section 1-503 of the PSA. (*See* Compl. ¶¶ 123-129). The Court should dismiss Count Six of the Complaint for the same reasons that it should dismiss Count Five – there are no plausibly plead factual allegations that implicate Defendants' liability under either Sections 401 or 501 of the PSA. If there is no underlying liability under Sections 401 and 501 of the PSA, then there can be no liability for aiding and abetting violations of Sections 401 and 501 of the PSA.

Section 1-503 of the PSA imposes secondary liability for violations of the PSA, as follows:

> Every affiliate of a person liable under Section 501 or 502…and every broker-dealer or agent who materially aids in the act or transaction constituting the violation, are also liable jointly and severally with and to the same extent as such person, unless the person liable proves that he did not know, and in the exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist.

70 Pa. Stat. Ann § 1-503(a).

11

Section 503 of the PSA carries with it "the precondition that there be a person liable under Section 501 or 502." *Daniel Boone Area School District v. Lehman Bros., Inc.*, 187 F. Supp. 2d 400, 409-10 (W.D. Pa. 2002). "The statute therefore requires that someone <u>other</u> than the Section 503 defendant be adjudicated liable under Section 501 in order for the defendant to be liable under Section 503." *Id.* (emphasis added). Regardless of anything else in the Complaint, if the Court determines that there was no securities fraud under Sections 401, 501 or 502 of the PSA, then there cannot be any aiding and abetting liability under Section 503 of the PSA, which requires an underlying <u>violation</u> of the PSA before finding liability for an alleged aider and abettor.

For the same reasons that the Court should dismiss Count Five of the Complaint, the Court should also dismiss Count Six. First, no Defendant (including Matthew or Patrick Maguire) has been "adjudicated" liable for a violation of Section 401, 501 or 502. Second, the allegations in the Complaint are so vague and poorly plead that there is simply no cognizable legal claim for underlying violations of Section 401, 501 or 502 by any Defendant- including Matthew and Patrick Maguire (collectively, the "Maguires"). Section 503 claims are not cognizable unless there is <u>some</u> underlying violation of Sections 401, 501 or and 502 of the PSA. *See, e.g.*, *Fox Int'l Relations v. Fiserv Sec., Inc.*, 490 F. Supp. 2d 590, 613-14 (E.D. Pa. 2007). Because the Complaint does not plead a cognizable violation of Sections 401, 501 or 502 against the Maguires (which is required in order to find Boustead, Campbell or Pirchesky liable for any aiding or abetting), the Court should likewise grant Defendants' Motion to Dismiss.

Even if Plaintiffs properly plead an underlying violation of the PSA against the Maguires, there are no allegations in the Complaint that Boustead, Pirchesky or Campbell had sufficient knowledge concerning the Maguires' alleged fraud that would make Defendants liable for aiding and abetting the Maguires' alleged fraud. There are no allegations in the Complaint about what

12

information Defendants possessed concerning the Maguires' alleged fraud. Additionally, Plaintiffs make no mention of what specific actions these <u>Defendants</u> (making this motion) took, which would have substantially assisted or encouraged any fraudulent behavior by the Maguires, or what actions Boustead, Campbell or Pirchesky took to assist and encourage the Maguires' allegedly fraudulent behavior. *See e.g., Fulton Fin. Advisors, Nat. Ass'n v. NatCity Investments, Inc.*, No. Civ. A. 09-4855, 2013 WL 5635977, at *17 (E.D. Pa. Oct. 15, 2013) (dismissing aiding and abetting claim on similar grounds.)

As alleged in Count Seven of the Complaint, Pennsylvania laws allow a cause of action for concerted tortious action, which is referred to as "Common Law Aiding and Abetting" in the Complaint. *Sovereign Bank v. Ganter*, 2006 Pa. Super. Ct. 338 (2006). The plain language of Section 876(a) of the *Restatement (Second) of Torts* indicates that a "concert of action claim will lie only if both persons who are alleged to have acted in concert each committed a tortious act." *Daniel Boone Area School District v. Lehman Bros., Inc.*, 187 F. Supp. 2d 400, 412 (W.D. Pa. 2002). "If one person did not commit a tortious act, then that person cannot have acted in concert with another person who did harm the plaintiff." *Id*.

In this case, Plaintiffs' claim for common law aiding and abetting (or concerted tortious action) fails for the same reasons that Plaintiffs' statutory claims fail. Plaintiffs do not plead or cite to any <u>facts</u> that would allow the Court to find that Boustead, Campbell or Pirchesky are plausibly liable for aiding and abetting the Maguires' alleged fraud. There are no allegations in the Complaint that Boustead, Pirchesky or Campbell had sufficient knowledge concerning the Maguires' alleged fraud. There are no allegations in the Complaint about what information Defendants possessed concerning the Maguires' alleged fraud. Plaintiffs make no mention of what specific actions <u>Defendants</u> took, which would have substantially assisted or encouraged any

13

fraudulent behavior by the Maguires, or what actions Defendants took to assist and encourage the Maguires' allegedly fraudulent behavior. Finally, because there is no underlying violation of the PSA and no specific allegations as to Defendants' conduct to aid the alleged violation of the PSA, there cannot be liability for materially aiding and abetting a violation of the PSA.

Because there is no underlying securities fraud claim plausibly plead against the Maguires, and because Plaintiffs fail to allege what specific actions Defendants took to aid and abet that alleged fraud, there cannot be any common law aiding and abetting liability against Defendants because "[i]f one person did not a commit a tortious act, then that person cannot have acted in concert with another person who did harm the plaintiff." *Daniel Boone Area Sch. Dist.*, 187 F. Supp. 2d at 412. Therefore, the Court should grant Defendants' Motion to Dismiss and dismiss Counts VI and VII as a matter of law.

## VI. PLAINTIFFS' NEGLIGENT MISREPRESENTATION CLAIM (COUNT EIGHT) SHOULD BE DISMISSED.

In Count Eight of the Complaint, Plaintiffs allege a claim of negligent misrepresentation against Defendants. (Compl. ¶¶ 135-139.) The elements of a negligent misrepresentation claim are: (1) a misrepresentation of a material fact; (2) made under circumstances in which one ought to have known its falsity; (3) with an intent to induce another to act on it; and (4) which results in injury to a party acting in justifiable reliance on the misrepresentation. *Bortz v. Noon,* 556 Pa. 489, 729 A.2d 555, 561 (Pa. 1999); *Tran v. Metropolitan Life Ins. Co.*, 408 F.3d 130, 135 n. 8 (3d Cir. 2005). Pennsylvania draws its negligent misrepresentation claim from *Restatement (Second) of Torts*, § 552. *Fulton Financial Advisors, N.A. v. Natcity Investments, Inc.*, Civ. No. 09-4855, 2013 WL 5635977, at * 15 n.16 (E.D. Pa. Oct. 15, 2013).

In Count Eight of the Complaint, Plaintiffs simply recast their fraud-based claims into a vaguely worded and poorly pleaded negligent misrepresentation claim. (Compl. ¶¶ 135-139.)

14

Plaintiffs basically recast their fraud claims by stating that if the Court does not find that the alleged misrepresentations were not made knowingly or recklessly, then Defendants were negligent in making them. (*Id.*)

As with the fraud claims, Plaintiffs' Complaint does not plead <u>facts</u> (with specificity or otherwise) necessary to support their contention that Defendants "made misrepresentations with the intent to induce Plaintiffs to act on them." *See Majer v. Sonex Research, Inc.*, 541 F.Supp.2d 693, 714 (E.D. Pa. 2008). The Complaint states that "[t]he Plaintiffs believe and therefor [sic] aver that Boustead Securities, Campbell and Pirchesky failed to <u>exercise reasonable diligence to verify the truth or falsity of the representations that they made regarding the financial viability of OneJet</u>." (Compl. ¶ 48) (emphasis added). In paragraph 48 of the Complaint, however, Plaintiffs do not plead that Defendants made any affirmative misstatements that would trigger liability under a negligent misrepresentation theory. Therefore, paragraph 48 of the Complaint functions as Plaintiffs' concession that Boustead, Campbell and Pirchesky did <u>not</u> make the "direct misrepresentations of fact" necessary in order to properly plead a negligent misrepresentation claim because it fails to identify any actual misrepresentations made by Boustead, Campbell or Pirchesky, to each and every Plaintiff in this case. *See Advance Capital Partners, LLC v. Rossman*, 495 Fed. App'x 235, 238 (3d. Cir. 2012) (holding that a negligent misrepresentation claim must be based upon an affirmative representation). Because the Complaint fails to plead any <u>facts</u> that would support a negligent misrepresentation claim, the Court should dismiss Count Eight as a matter of law.

**VII.    MOST PLAINTIFFS LACK STANDING TO SUE DEFENDANTS.**

Plaintiffs that did not purchase OneJet's Securities through Boustead, Campbell or Pirchesky are not in privity with the Boustead, Campbell or Pirchesky and, therefore, cannot sue

Boustead, Campbell or Pirchesky under Pennsylvania law. (*See* Moore Aff. ¶ 2.) For the reasons stated below, the Court should dismiss all of the claims against Boustead, Campbell and Pirchesky brought by the thirty-one (31)[5] Plaintiffs who were not customers of and did not purchase OneJet Securities through Boustead, Campbell or Pirchesky.

"Under the Pennsylvania Securities Act, a plaintiff may sue only the individual or other legal entity with whom the plaintiff stands in privity." *Ging v. Parker-Hunter, Inc.*, 544 F. Supp. 49, 52 (W.D. Pa. 1982). "[I]f a named defendant did not buy the security from the plaintiff or sell it to the plaintiff, no liability would attach to that defendant under the PSA." *Id.*; *see also Jairett v. First Montauk Sec. Corp.*, 153 F.Supp. 2d 562 (E.D. Pa. 2001).

In this case, Plaintiffs identified in the Moore affidavit were not customers of Boustead at the time they purchased their OneJet Securities. (Moore Aff. ¶ 2.) Because these Plaintiffs were not customers of Boustead, Pirchesky or Campbell, none of them are in privity with Boustead, Pirchesky or Campbell. Therefore, these Plaintiffs do not have standing to sue Defendants and the Court should dismiss the Complaint as to those thirty-one (31) Plaintiffs (or thirty-nine (39) Plaintiffs, if counting "Amended Exhibit A").

**VIII. THIS COMPLAINT IS VAGUE AND FAILS TO PROVIDE DEFENDANTS WITH AN ABILITY TO DEFEND THEMSELVES.**

Regardless of any alleged fraud claims (which fail as a matter of law as detailed in Section IV, *infra*) the Complaint cannot even keep the identities of the Plaintiffs straight, much less the allegations of certain Plaintiffs against any Defendant. Plaintiffs have attempted to initiate a "quasi" class-action suit in bankruptcy court by (without making a motion to the Court) filing an

---

[5] If the Court gives credence to Plaintiffs' apparent "Amended Exhibit A" (Doc. 59), that means that at least thirty-nine (39) of the apparent fifty-nine (59) Plaintiffs were not customers of and did not purchase OneJet Securities through Boustead, Campbell or Pirchesky. (*See* Moore Aff. ¶ 2.)

16

"amended" Complaint nearly seven (7) months after filing their original complaint.[6] Because there is no provision for a "quasi" class action in this Court or the Federal Rules of Bankruptcy Procedure, Plaintiffs should have listed the specific representations that each Defendant made to each Plaintiff, how (or if) each Plaintiff relied on certain representations, and when those representations were made. Plaintiffs did not do that and are just trying to "scoot" by now with a "shotgun" complaint.

The illicit "Amended Exhibit A" (Doc. 59) did not address any of the pleading defects found in the Complaint itself; rather, "Amended Exhibit A" proves Defendants' point: Plaintiffs do not state any claims upon which relief can be granted. The Complaint still fails to identify what information Defendants allegedly passed on to which Plaintiffs (much less when). The Complaint still fails to allege where Plaintiffs received (or relied on) this allegedly "fraudulent" information.

Reading the Complaint, one could infer that Boustead and/or Campbell and Pirchesky solicited all Plaintiffs, but we know that is not true. (*See* Moore Aff. ¶ 2.) Instead, what Plaintiffs (whoever they are at this point) are trying to do is literally throw allegations against the proverbial wall of Defendants and see what the Court will allow to stick. For example, even after more than seven (7) months of litigation, the Complaint fails to identify the date that forty-seven (47) of the fifty-nine (59) Plaintiffs purchased their "investments" in OneJet. (*See* Doc. 59.) What the Court is left with is a Complaint that fails to allege any actionable information that would allow Defendants to properly defend themselves, much less the identity of Plaintiffs that are suing Defendants or when Plaintiffs purchased their investments. The Court should dismiss this case, in its entirety, with prejudice.

---

[6] To be clear, the Court should strike Doc. 59 because it was filed without the permission of the Court, without consent from any Defendant and during the stay.

17

## IX. CERTAIN PLAINTIFFS CANNOT SUE DEFENDANTS UNDER THE PENNSYLVANIA SECURITIES ACT.

The Court should also dismiss the Complaint because it lacks details about which Plaintiffs purchased OneJet Securities through Boustead, Campbell and Pirchesky, and whether those sales or solicitations occurred in Pennsylvania, which is necessary in order for the PSA to apply. Under Section 1-702 of the PSA, provisions concerning sales and offers to sell securities apply to persons who sell or offer to sell when (1) a sale or offer to sell is made "in this State [Pennsylvania]" or when (2) an offer to purchase is made and accepted "in this State." 70 Pa. Stat. Ann. § 1-702. The provisions concerning purchases and offers to purchase apply to persons who buy or offer to buy when (1) a purchase or offer to purchase is made "in this State," or when (2) an offer to sell is made and accepted in this State. *Id*.

In this case, the Complaint is devoid of any details that would allow the Court to determine whether the PSA applies to Plaintiffs' claims. There are at least fifty-one (51) separate Plaintiffs in this case. (*See* Compl. Ex. A.)[7] The Complaint fails to identify the specific Plaintiffs that purchased their OneJet Securities through Boustead, Campbell or Pirchesky. Some of these Plaintiffs purport to be Pennsylvania residents and some do not. (*Id*.) While the Complaint pleads that the "Plaintiffs purchased stock and/or notes of OneJet," the Complaint does not adequately plead what actions giving rise to liability under the PSA originated from or took place within Pennsylvania (which are required for the PSA to apply). (*See* Compl. ¶¶ 1, 9). The Complaint alleges that "Campbell and Pirchesky solicited investors by means of phone calls and direct E-mails [sic] to **several** prospective investors in the Pittsburgh area." (*Id*. ¶ 44). The Complaint also alleges that Campbell and Pirchesky "conducted **several** meetings at the Duquesne Club and

---

[7] Or, fifty-nine (59) Plaintiffs according to "Amended Exhibit A". (Doc. 59.)

similar venues in the Pittsburgh area, in an effort to sell the securities of OneJet, which included both stock and notes, to the Pittsburgh market." (*Id*. ¶ 45). (emphasis added) Outside of those vague allegations, Plaintiffs fail to provide a scintilla of allegations that any of these Plaintiffs attended any meetings "at the Duquesne club" or received a "phone call or direct email" from Boustead, Campbell or Pirchesky, let alone while located within the state of Pennsylvania.

Defendants did not facilitate transactions with many of the Plaintiffs listed in the Complaint[8] and, therefore, it is imperative for Plaintiffs to identify those who relied on Defendants' alleged misrepresentations and when, where, and how those alleged misrepresentations were made. *See, e.g.*, *Cash America Net of Nevada, LLC v. Com.,* 978 A.2d 1028, 1042 n. 9 (Pa. Commw. Ct. 2009). If Plaintiffs did not buy OneJet Securities shares through Defendants, in Pennsylvania, then the PSA is not triggered and those claims (Counts Four, Five and Six) should be dismissed as matter of law.

## **CONCLUSION**

For the reasons stated herein, the Court should grant Defendants' motion and dismiss Plaintiffs' Complaint against Defendants as a matter of law, with prejudice. Defendants cannot be liable for the sale of securities when they are brokers and/or dealers, as opposed to the sellers of the OneJet Securities. Defendants are also not liable for selling unregistered securities when the securities are exempt from registration under federal securities law. Finally, a significant number of Plaintiffs lack standing to sue Defendants as they were not customers of Defendants, and the ones that have standing have failed to plead the essential elements of their fraud and negligent misrepresentation claims, whether under a regular or heightened pleading standard. In light of the foregoing, pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure and Federal

---

[8] *See* Moore Aff. ¶ 2.

Rules of Bankruptcy Procedure 7012(b) and 7009, the Court should grant Defendants' motion to dismiss and dismiss Plaintiffs' Complaint against Boustead and Campbell, as a matter of law with prejudice.

Respectfully submitted,

**KUTAK ROCK, LLP**

Dated: August 13, 2019                    By: /s/ Andrew R. Shedlock
                                                       Christopher P. Parrington, *Pro Hac Vice*
                                                       Andrew R. Shedlock, *Pro Hac Vice*
                                                       60 South Sixth Street, Suite 3400
                                                       Minneapolis, MN 55402
                                                       (612) 334-5000
                                                       Christopher.Parrington@kutakrock.com
                                                       Andrew.Shedlock@kutakrock.com

                                                       ***Attorneys for Defendant Boustead Securities, LLC,***
                                                       ***and Robert Campbell***

4837-6269-6837.2