# Exhibit 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No. 18-24070-GLT |
| | : | Chapter 7 |
| OneJet, Inc. | : | |
| | : | |
| Debtor. | : | |
| | : | |
| Woody Partners, et. al., | : | Adversary No. 19-02134-GLT |
| | : | Related Dkt. No. 1 |
| Plaintiffs, | : | |
| v. | : | **Oral Argument Requested** |
| | : | |
| Matthew R. Maguire et. al., | : | |
| | : | |
| Defendants. | : | |

**BRIEF IN SUPPORT OF DEFENDANT ROBERT LEWIS'
MOTION TO DISMISS**

Defendant Robert Lewis ("Mr. Lewis"), by and through his attorneys, Del Sole Cavanaugh Stroyd LLC, files this Brief in Support of his Motion to Dismiss, averring as follows:

I. **INTRODUCTION**

Plaintiffs, an unrelated group of sixty-one individuals[1] and entities, filed suit in the Court of Common Pleas of Allegheny County, Pennsylvania, asserting various statutory and common law claims against the Defendants arising out of alleged losses that they sustained relating to investment in a start-up airline called OneJet, Inc. ("OneJet"). OneJet is the subject of an involuntary petition under Chapter 7 of the United States Bankruptcy Code, which is pending in

---

[1] As originally filed, Exhibit A listed fifty one plaintiffs. On July 8, 2019, Plaintiffs amended Exhibit A to their Complaint and changed the roster of Plaintiffs. Four plaintiffs on previous Exhibit A are not included in the Amended Exhibit. One who was originally identified in his individual capacity (David Tesone) is now listed as representative of an entity (David Tesone Group). Fourteen new plaintiffs have been added to the Exhibit. As explained at length herein, Plaintiffs cannot maintain a changing list of plaintiffs and, in the body of the Complaint, decline to specify which plaintiff is alleging which misconduct.

1

this Court at No. 18-24070-GLT. On January 8, 2019, Defendant Minotte removed the state court action to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1334, 1441, 1446, and 1452 and Fed. R. Bankr. P. 9027 because the Plaintiffs' claims relate to matters involved in the OneJet bankruptcy and the adjudication of Plaintiffs' claims could effect the OneJet estate. Mr. Lewis filed a joinder in the removal on January 10, 2019. All of the other Defendants joined in the removal.

On February 6, 2019, Plaintiffs filed Motions for Remand and for Abstention. The District Court heard arguments on the Motion on March 7, 2019. On June 19, 2019, the District Court denied the Motions for Remand and Abstention and referred the case to this Court.

Defendant Robert Lewis has filed a Motion to Dismiss pursuant to Fed. R. Bankr. P. 7012 and F.R.C.P. 12(b)(6) because the Plaintiffs' Complaint fails to state a claim against him. Under established case law Plaintiffs cannot maintain Count VI—Violation of Section 503 of the Pennsylvania Securities Act—against Mr. Lewis because any cause of action under that section is derivative of a preexisting finding of liability. There has been none. Further, the Complaint contains only scant mention of Mr. Lewis and the two counts asserted against him (Count VI—violation of the Pennsylvania Securities Act; Count VII—common law aiding and abetting) fail to assert any facts as to any conduct by Mr. Lewis that would warrant the imposition of liability to any specific plaintiff under those theories. Plaintiffs have simply failed to assert any plausible claims against Mr. Lewis. As such, his Motion to Dismiss should be granted and the claims against him should be dismissed.

## II. ARGUMENT

When presented with a motion to dismiss for failure to state a claim, courts must conduct a two-part analysis:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that a plaintiff has a plausible claim for relief. ***In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts***.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d. Cir. 2009)(emphasis added). Following the Supreme Court's decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), a plaintiff is required to plead more than the mere possibility of relief to survive a motion to dismiss. "To prevent dismissal, all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible." Fowler, 578 F.3d at 210, quoting Iqbal, at 1948. Indeed, "speculative and conclusory statements are not enough. A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions…a formulaic recitation of the elements of a cause of action will not do." Bennet v. Republic Services, Inc., 179 F.Supp.3d 451, 454 (E.D.Pa. 2016), citing Twombly, supra.

In this case, Mr. Lewis's Motion to Dismiss should be granted. Plaintiffs do not plead any facts relating to Mr. Lewis's conduct which would establish liability under the two counts asserted against him. Rather, those counts merely recite the law regarding the respective causes of action. Plaintiffs have not, and cannot, relate those legal elements to any fact pled in the Complaint relating to Mr. Lewis's conduct.

> **A.     The Complaint has failed to adequately plead facts that would establish a plausible claim of liability against Mr. Lewis.**
>
> > 1) *Plaintiffs do not adequately identify themselves and the specific actionable conduct that each alleges was perpetrated against them by Mr. Lewis or any Defendant.*

A threshold problem with Plaintiffs' Complaint relates to the manner by which they identify themselves and the harm of which they complain. Paragraph 1 of the Complaint simply states that "The Plaintiffs purchased stock and/or notes of OneJet, Inc. (OneJet), as is more fully set forth in the List of Plaintiffs which is attached hereto as Exhibit A and incorporated by reference herein." Exhibit A of the Complaint merely identifies the name and address of each Plaintiff and the amount of money that each invested in One Jet. For example, Paragraph 1 of Exhibit A states "Woody Partners is a general partnership with offices at 132 Hartwood Drive, Pittsburgh, PA 15208. Woody Partners purchased shares of Series B Preferred Stock on November 16, 2017 for $200,000.00." The identification and description of the other Plaintiffs follows the same general format.

The Complaint fails to assert any facts as to the specific claims and specific damages asserted *by each Plaintiff against each Defendant*. The various counts of the Complaint hinge upon the theory that the Defendants misled "the Plaintiffs" about OneJet, which led them to invest in the company. However, nowhere in the Complaint do Plaintiffs assert which Defendant(s) made specific representations or engaged in otherwise actionable conduct to any specific Plaintiff(s). Nor does the Complaint assert the contextually implausible fallback position that all of the Plaintiffs invested in OneJet as a result of the <u>same</u> specific conduct and/or representations.

As pled, it is impossible for any of the Defendants to discern *which* specific Plaintiffs are asserting *which* claims against them and what the specific conduct is supporting each Plaintiff's cause(s) of action. This is not a class action. Plaintiffs cannot maintain it as such. Rather, like all

actions, the Plaintiffs must plead specific counts against the defendants that identify which of the listed Plaintiffs are asserting the alleged causes of action against the defendant. Moreover, the Complaint must assert which conduct of each defendant led to the harm allegedly incurred by the Plaintiffs. To the extent that the Complaint fails to plead the specific factual predicates underlying each of their claims, it is difficult for Mr. Lewis, and the other defendants, to discern what is being pled against them and to mount a meaningful substantive defense. The Complaint must be dismissed.

> 2) *The Complaint fails to assert facts that would establish liability against Mr. Lewis on either claim pled against him.*

In considering a motion to dismiss, "the district court is also bound not to go beyond the facts alleged in the Complaint and the documents on which the claims made therein [are] based." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1425 (3d Cir. 1997). Thus, the touchstone of the analysis of whether the Plaintiffs have asserted a cognizable legal claim against Mr. Lewis is an examination of the facts that the Complaint asserts against him. A review of the Plaintiffs' Complaint shows that very few facts are asserted which even mention Mr. Lewis, much less highlight his allegedly actionable conduct:

a) Paragraph 7: Identifies Mr. Lewis and asserts that he is "Vice Chairman of the Allegheny County Airport Authority. In addition, Lewis is a shareholder of OneJet and is (or was) on the Board of Directors of OneJet:

b) Paragraph 28: "The Plaintiffs believe and therefore aver that Defendants, David Minnotte and Robert Lewis, used their positions on the Board of the Airport Authority to influence the Authority's use of grant money for the benefit of OneJet;"

c) Paragraph 29: "Minnotte and Lewis touted the fact that the Airport Authority had "approved" OneJet's operations, as a marketing tool to solicit investments in OneJet;"

5

    d) <u>Paragraph 31</u>: "The Plaintiffs believe and therefore aver that Patrick Maguire and Robert Lewis guaranteed the repayment of the Allegheny County Regional Development Authority loan on behalf of OneJet;"

    e) <u>Paragraph 38(F)</u>: "The Maguires asserted that David Minnotte and Robert Lewis, who were both on the Board of the Allegheny County Airport Authority, had invested in OneJet and that they could secure favorable treatment of OneJet with the Airport Authority."

    f) <u>Paragraph 47(C)</u>: Boustead Securities sent E-mail solicitation and "executive summaries" to potential investors which: "Asserted that the participation of well-known local investors, such as Jim Rohr, Bobby Lewis and Dave Minnote virtually guaranteed success in the Pittsburgh Market."

The quotations above are the only instances in the factual narrative of the Complaint where Plaintiffs even mention Mr. Lewis, much less detail actions or inactions on his part that could establish liability.

The two counts asserting claims against Mr. Lewis for violation of Section 503 of the Pennsylvania Securities Act, 70 P.S. §1-503, and common law "aiding and abetting" are equally bereft of supporting facts. Both counts are largely a high-level recitation of the elements of the respective causes of action. In neither instance do any of the Plaintiffs assert any specific facts to assert a plausible claim against Mr. Lewis.

In Count VI, Plaintiffs quote language from the Securities Act regarding liability for those who "materially aid in an act or transaction" in violation of the act. The only allegation of Count VI directed toward Mr. Lewis states:

> 129. Lewis and Minotte are also liable to the Plaintiffs under Section 503, since their involvement on the Airport Authority Board served as a significant and material endorsement of OneJet in the eyes of the Plaintiffs. Moreover, Lewis and Minnotte actively solicited investors for the OneJet securities. Accordingly, Lewis and Minotte "aided and abetted in the Maguires' violations of the Act.

6

Complaint, ¶129. The Complaint requires speculation as to which of the Plaintiffs were influenced by Mr. Lewis' involvement on the Board, how they subjectively viewed that involvement, and how that involvement induced them to take some action to their detriment.

Likewise, the allegations against Mr. Lewis for common law aiding and abetting are notably short on specific actions that could conceivably give rise to liability under that theory. While the allegations of Count VII cite case law and re-statement sections about the *existence* of a common law cause of action for aiding and abetting, no substantive facts are asserted vis-à-vis how Mr. Lewis's actions establish liability. The only "facts" pled against Mr. Lewis in Count VII are:

> 131. In addition to their liability under the Pennsylvania Securities Act, Matthew Maguire, Patrick Maguire, Pirchesky, Campbell, Boustead Securities, Lewis and Minnotte are subject to "aiding and abetting liability" under common law principles.

Complaint, ¶131.

Thus, an examination of the Complaint shows that Mr. Lewis is only *mentioned* in eight paragraphs. None of these Paragraphs assert any specific conduct of Mr. Lewis relating to any of the individual plaintiffs. Moreover, none specifically connect the dots between his alleged conduct and the two causes of action asserted against him. Thus, as will be explained below, *even if* evidence should confirm these scant allegations, they are insufficient to assert a cognizable claim against Mr. Lewis.

> **B.    Count VI should be dismissed because Section 503 of the Pennsylvania Securities Act is facially inapplicable to Plaintiffs' claims against Mr. Lewis.**

It is the Plaintiffs' burden to plead enough facts to assert a plausible claim against Mr. Lewis. They have failed to do so because they cannot do so. Plaintiffs allege that Mr. Lewis is

7

liable under Section 503 because he "aided and abetted the Maguires violations of the Act." (Complaint, ¶129). It is well-established that Section 503 of the Pennsylvania Securities Act does not provide a plaintiff with a cause of action for aiding and abetting. Rather, it is only applicable where another party has *already* been found liable for a violation of Section 501 of the Act. Plaintiffs' claim under Section 503 is legally infirm and should be dismissed with prejudice.

Section 503 of the Securities Act provides, in relevant part:

**§1-503. Joint and several liability; contribution; corporations' right to indemnity**

(a) Every affiliate of a person liable under section 501 or 502, every partner, principal executive officer or director of such person, every person occupying a similar status or performing similar functions, every employee of such person who materially aids in the act or transaction constituting the violation, and every broker-dealer or agent who materially aids in the act or transaction constituting the violation, are also liable jointly and severally with and to the same extent as such person, unless the person liable hereunder proves that he did not know, and in the exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist.

70 P.S. §1-503(a). Multiple Federal Courts, including the Western District of Pennsylvania, have interpreted Section 503 not as providing a right of action to plaintiffs for aiding and abetting another's violation of the Act (as asserted here), but rather, only as a derivative cause of action where another party has been found liable under Section 501 of the act.

In In re Phar-Mor Inc. Securities Litigation, 892 F.Supp. 676, 688 (W.D.Pa. 1995), this Court rejected the argument that Section 503 provides a cause of action to a plaintiff for "aiding and abetting." It stated  "*[we] hold that section 1-503 does not provide a private cause of action for aider and abetter liability*." Phar-Mor, 892 F.Supp. at 689 (emphasis added). In doing so, the Court cited to the decisions of the Eastern District of Pennsylvania in Penturelli v. Spector Cohen Gadon & Rosen, 640 F.Supp. 868 (E.D.Pa. 1986), and Schor v. Hope, 1992 WL 22189 (E.D.Pa. February 4, 1992). The Court echoed the analysis of those cases in stating that "section [503] only

8

establishes a cause of action in favor of a party who has been held liable to a private party under section 501." Id. at 688, citing Penturelli, 640 F.Supp. at 871.

Likewise, in Daniel Boone Area School District v. Lehman Brothers, Inc., 187 F.Supp.2d 400 (W.D.Pa. 2002), this District reiterated that Section 503 does not provide a private cause of action, but rather, provides a derivative claim where there has already been a finding of liability under Section 501. The Court explained that "On its face, §503 carries with it the precondition that there be a person liable under section 501 or 502." Daniel Boone, 187 F.Supp.2d at 409-10. "The statute therefore requires that someone other than the §503 defendant be adjudicated liable under §501 in order for the defendant to be liable under §503." Id. at 410. The Court further explained that this interpretation is based on the plain language of Section 503:

> Support for this interpretation of the statute comes from several sources. Not only is this a plain reading of the first clause of the statute, all subsequent clauses of the statute refer to classes of defendants who have some relationship to such person, where such person always refers to a person held liable under Section 501 or 502. The statute also plainly states that a defendant found liable under §503 is liable jointly and severally with and to the same extent as a person liable under §501, again presuming that some third person has been adjudicated to be liable. ***In addition, §503 is titled joint and several liability and contribution; the title is not liability for aiding and abetting, as if such liability could exist separate and apart from an independent determination that some principle were liable under §501***.

Daniel Boone, 187 F.Supp.2d at 410 (emphasis added). Finally, the Court explained that merely alleging that another party is liable under Section 501 is not sufficient: "it appears to be undeniable that a mere allegation that a third party would be liable under §501 is insufficient to support liability under §503." Id. [2]

---

[2] The Complaint cites to the Pennsylvania Superior Court's decision in Brennan v. Reed Smith, Shaw & McClay, 450 A.2d 740 (Pa. Super. 1982), for the proposition that Section 503 may create a private right of action. Multiple later cases have specifically rejected that position. Indeed, federal courts have specifically rejected the contention that Brennan supports a finding that Section 503 confers a stand-alone cause of action. See Gruber v. Price Waterhouse, 911 F.2d 960, 967 (3d. Cir. 1990) ("the relevant language [of Brennan] was contained in dicta that had no binding authority."); Klein v. Boyd, 949 F.Supp. 280, 283 (E.D.Pa. 1996).

9

In this case, the only allegation asserted against Mr. Lewis in Court VI is that he violated Section 503 of the Securities act by "aid[ing] and abet[ing] the Maguire's violations of the act." (Complaint, ¶129). Plaintiffs have not pled, and there has not been, a finding that anyone has been found liable for Section 503 violations—much less Plaintiffs themselves (in order to obtain the contribution contemplated by the statute). Section 503 simply does not provide the Plaintiffs with a cause of action against Mr. Lewis for "aiding and abetting" or any other theory. As such, Count VI of the Complaint should be dismissed as to Mr. Lewis as a matter of law.

> **C.   Even if an action under Section 503 was not facially inapplicable as a matter of law, Plaintiffs have failed to plead a plausible claim against Mr. Lewis.**

As set forth at length above, a Complaint must set forth a factual showing with sufficient detail to make out a plausible cause of action. A complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d. Cir. 2009). A Complaint may not rest on conclusory allegations. But that is all that Plaintiffs have asserted against Mr. Lewis in Count VI.

The only facts asserted against Mr. Lewis to support the claims of Count VI are that his "involvement on the Airport Authority Board served as a significant and material endorsement of OneJet in the eyes of the Plaintiffs," and that he "actively solicited investors for the OneJet securities." (Complaint, ¶129). These bare-bones allegations do not set forth sufficient facts to give rise to liability.

Merely serving on the Airport Authority Board cannot conceivably give rise to liability in the context of the claims asserted in this litigation. Rather, Plaintiffs baldly allege that Mr. Lewis's service on the Board was a "material endorsement of OneJet in [their] eyes." This claim is lacking. First, the Complaint cannot merely rely on a blanket assertion that "the Plaintiffs" viewed Mr.

10

Lewis's membership on the Airport Authority as an endorsement of OneJet. As explained above, this is not a class action. Rather, this is a case brought on behalf of sixty-one (61) individuals. As such, there cannot be a presumption of commonality, either as to the conduct causing liability or to damages. Thus, in order to assert *any* claim against Mr. Lewis, the specific plaintiff will have to plead how actions by Mr. Lewis caused him/her/it, as a specific plaintiff, harm. Here, to even remotely maintain this cause of action, the specific plaintiffs must plead (1) that they knew of Mr. Lewis and his involvement on the Board; (2) that that knowledge led them to take specific action (which must also be pled in detail); and (3) that that action caused them specific and individual damages. Plaintiffs have not done so. Rather, they rely on mere conclusory allegations, which is not sufficient to satisfy their burden under Twombly and Iqbal.

Likewise, it is not sufficient for the Complaint to baldly allege that Mr. Lewis is liable because he "actively solicited investors for the OneJet securities." Solicitation of investors is not independently actionable or sufficient to give rise to liability. The Complaint does not connect the dots between the alleged solicitations and any improper conduct or representations. Nor, as above, does it identify which, if any, of the Plaintiffs Mr. Lewis allegedly solicited, the specific statements that he made, that those statements were false or otherwise actionable and that those statements damaged *that specific Plaintiff*. Mr. Lewis can only be liable in this action to specific Plaintiffs for specific conduct relating to those Plaintiffs.

Finally, to the extent that the Plaintiffs attempt to assert a claim for "aiding and abetting" under Section 503, they have to plead how they did so. But the Complaint is silent as to any conduct of Mr. Lewis that gave any encouragement, help or support to actionable conduct by any other Defendant. Plaintiffs cannot maintain a plausible claim for "aiding and abetting" by Mr. Lewis where they do not connect the dots between his conduct and actionable conduct of others.

The Complaint fails to assert any fact that would support a plausible claim against Mr. Lewis. Thus, even if Count VI against Mr. Lewis was not infirm as a matter of law, the Plaintiffs have nevertheless failed to plead the claim against Mr. Lewis with the specificity required by Twombly. Count VI should, therefore, be dismissed.

### D. Plaintiffs have not pled a cognizable claim for common law aiding and abetting.

Count VII of the Complaint purports to assert a claim against Mr. Lewis for common law aiding and abetting. As with Count VI, Plaintiffs have simply failed to plead the facts required to make out a plausible cause of action. Count VII should be dismissed.

Common law "aiding and abetting" is set forth at Section 876 of the Restatement (Second) of Torts. It provides:

> **§876. Persons Acting in Concert**
>
> For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he:
>
> (a)    Does a tortious act in concert with the other or pursuant to a common design with him, or
>
> (b)    Knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so as to conduct himself, or
>
> (c)    Gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

Restatement (Second) of Torts, §876.

The Pennsylvania Superior Court has explained that Section 876 represents the law of this Commonwealth on common law aiding and abetting. See Sovereign Bank v. Ganter, 914 A.2d 415 (Pa. Super. 2006); Hranec Sheet Metal, Inc. v. Metalico Pittsburgh, Inc., 107 A.3d 114 (Pa. Super. 2014). However, while applying the general principles of Section 876, the Superior Court has

12

never directly set forth the minimum requirements of a party to plead a tenable cause of action under Section 876. Federal Courts have filled this gap.

In <u>Failla v. City of Passaic</u>, 146 F.3d 149 (3d. Cir. 1998), the Court of Appeals examined Section 876 and provided guidance as to the necessary prerequisites to a claim thereunder.[3] The Court explained that liability for common law aiding and abetting under Section 876 will not automatically arise from a defendant's mere relationship with a tortfeasor. Rather, such a claim required affirmative actions to encourage or support the actionable conduct. The Court of Appeals stated: "the Restatement requires that an aider and abettor knowingly give assistance or encouragement." <u>Failla</u>, 146 F.3d at 158. Further, it explained that "The Restatement…focuses on whether the aider or abettor has actually provided assistance or encouragement." <u>Id.</u> "[W]e have concluded that aiding and abetting requires that one know the other's conduct constitutes a breach of duty and give substantial assistance or encouragement to that conduct." <u>Id.</u>

Finally, in <u>Fulton Bank N.A. v. UBS Securities</u>, 2011 WL 5386376 (E.D.Pa. November 7, 2011), the Court quoted the above-language of <u>Failla</u> and explained that to assert a claim under Section 876, a plaintiff has to comply with the heightened pleading standards of F.R.C.P. 9(b). <u>Fulton</u>, at 16. <u>See</u> <u>also</u> <u>Adelphia Recovery Trust v. Bank of America, N.A.</u>, 624 F.Supp.2d 292, 312 (S.D.NY 2009) (applying Pennsylvania law on Restatement §876 and explaining that to the extent that a plaintiff seeks redress for aiding and abetting fraudulent conduct, the complaint must satisfy the heightened pleading standard of Rule 9).

In this case, Plaintiffs have failed to plead a claim against Mr. Lewis for common law aiding and abetting pursuant to Restatement §876. Indeed, not only have the Plaintiffs failed to

---

[3] <u>Failla</u> involved the application of New Jersey law. However, as the language of the Restatement is uniform, and in the absence of any specific statement to the contrary by Pennsylvania courts, it is reasonable to conclude that the Third Circuit's analysis under Section 876 is equally applicable here.

assert such a claim with the specificity required by Rule 9, they have not even met the minimum standard of plausibility set forth by Twombly.

Count VII of the Complaint (purporting to set forth the Plaintiffs' claim for common law aiding and abetting) does not assert a single fact relating to which specific conduct of Mr. Lewis (or any other party) served to aid or abet tortious conduct of another. *Even if* the Court were to look to assertions in other parts of the Complaint relating to Mr. Lewis's conduct, they would still not constitute a plausible claim against Mr. Lewis for common law aiding and abetting under Restatement Section 876.

In Paragraph 129 of the Complaint (relating to Court VI—Violation of Section 503 of the Pa. Securities Act), Plaintiffs allege that Mr. Lewis' participation on the Airport Authority Board "served as a significant and material endorsement of OneJet in the eyes of the Plaintiffs." Likewise, it asserts that "Lewis and Minotte actively solicited investors for the OneJet securities. Accordingly, Lewis and Minnotte 'aided and abetted' the Maguires' violations of the Act." These allegations relating to purported aiding and abetting on the part of Mr. Lewis are insufficient to maintain a claim for liability under Section 876 of the Restatement.

Plaintiffs do not plead any facts that, if true, would establish that Mr. Lewis "knowingly [gave] assistance or encouragement" to any specific tortious conduct by any other Defendant. Failla, 146 F.3d at 158. Likewise, the Complaint does not plead that Mr. Lewis had actual knowledge that another's "conduct constitute[d] a breach of duty and [gave] substantial assistance or encouragement to that conduct." Id.

Looking at the specific conduct of Mr. Lewis that was pled in the Complaint, allegations that Mr. Lewis's service on the Airport Authority Board constituted "knowing assistance or

14

encouragement" to any specific tortfeasor are wholly deficient as are the bald and non-contextualized statement that Mr. Lewis solicited investments in OneJet.

A plaintiff is required to plead a claim for common law aiding and abetting under Restatement Section 876 with the specificity required by Rule 9. There is no question that Plaintiffs have failed to do so. Indeed, they have failed even to plead a claim with the minimal level of factual plausibility required by Twombly. Plaintiffs purported claim against Mr. Lewis for common law aiding and abetting should be dismissed.

### III.  CONCLUSION

Plaintiffs' claim against Mr. Lewis for violations of Section 503 of the Pennsylvania Securities Act must be dismissed because well-established case law holds that there is no independent cause of action under that section. Moreover, the Plaintiffs have failed to plead a plausible claim for common law aiding and abetting against Mr. Lewis. As such, Mr. Lewis's Motion to Dismiss should be granted and the Plaintiffs' Complaint should be dismissed.

DEL SOLE CAVANAUGH STROYD LLC

Date: August 14, 2019

*/s/ Patrick K. Cavanaugh*
Patrick K. Cavanaugh
PA ID No. 72960
Zachary N. Gordon
PA ID No. 318808
pcavanaugh@dscslaw.com
zgordon@dscslaw.com
Counsel for Defendant Robert Lewis

3 PPG Place, Suite 600
Pittsburgh, PA 15222
Tel: (412) 261-2393
Fax: (412) 261-2110