# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** | Bankruptcy No. 18-24070 |
| **ONEJET, INC.,** | Adversary No. 19-02134-GLT |
| Debtor. | |
| **WOODY PARTNERS et al,** | Related to Document No. 101 |
| Plaintiffs, | Hearing Date and Time: |
| v. | September 26, 2019 at 2:00 P.M. |
| **MATTHEW R. MAGUIRE, PATRICK MAGUIRE, BOUSTEAD SECURITIES, LLC, MELVIN PIRCHESKY, ROBERT CAMPBELL, ROBERT LEWIS and DAVID MINNOTTE,** | |
| Defendants. | |

## BRIEF IN OPPOSITION TO
## MOTION TO DISQUALIFY COUNSEL

And now, the Plaintiffs, Woody Partners et al, by their attorneys, Robert O Lampl, James R. Cooney, David L. Fuchs, Ryan J. Cooney and Sy O. Lampl, submit the within Brief:

**Background:**

On October 1, 2018, Robert Kunkle, who was formerly employed as an associate by the Lampl Law Office (the Lampl firm), had a telephone conversation with Brandon Otis, an employee of Defendant, Robert Lewis. The topic of the conversation was a potential lawsuit against the promoters of OneJet, Inc. (OneJet).

Mr. Otis advised Mr. Kunkle that he and Mr. Lewis were already talking to Robert Blumling of Blumling and Gusky, LLP regarding legal representation. Mr. Otis and Mr.

Kunkel discussed general information about OneJet, including its lack of adequate financial information and its failure to constitute a board of directors. This information was already known to the Lampl firm and its clients.

Mr. Otis also advised Mr. Kunkle that he had documents relating to OneJet, but that he would not provide them without a subpoena.

On December 5, 2018, the Lampl firm filed the within action on behalf of Woody Partners and the other named Plaintiffs. One of the named Defendants was Robert Lewis, who was a director of OneJet, an investor in OneJet and also solicited investments in OneJet from many of the Plaintiffs.

Robert Lewis has filed a Motion to Disqualify the Lampl firm. In his Motion, Mr. Lewis asserts that he was a "prospective client" of the Lampl firm and that disqualification is required under *Pa. Rule of Professional Conduct 1.18.* The asserted basis for the Motion is that Mr. Kunkle and Mr. Otis "discussed numerous non-public issues related to the Maguires and OneJet" (Motion, Par. 5). However, the so-called "non-public issues" are not specified in the Motion.

Mr. Lewis has submitted an unsworn declaration which is attached to his Motion as Exhibit "2." In his declaration, Mr. Lewis asserts that:

    A.    The Lampl firm solicited him to participate as a plaintiff in this litigation (Par. 5).

    B.    He directed Brandon Otis to participate in the phone call with Robert Kunkle (Par. 16).

2

    C.    Mr. Otis and Mr. Kunkle discussed "possible legal theories of possible future action against Matthew Maguire, Patrick Maguire, OneJet, Mel Pirchesky, Robert Campbell and Boustead Securities" (Par. 18).

Significantly, there is no assertion that Mr. Lewis or Mr. Otis provided the Lampl firm with any confidential or privileged information, or any other information that could be "harmful" to Mr. Lewis.

Mr. Lewis has also submitted an unsworn declaration of Brandon Otis which is attached to the Motion as Exhibit "3." In his declaration, Mr. Otis asserts that:

    A.    On October 1, 2018, he spoke to Robert Kunkle at the direction of Robert Lewis (Par. 12).

    B.    He shared "non-public information about OneJet's operations, activities of OneJet's executive-level staff, investigations into Matthew Maguire and actions the Airport Authority considered and took regarding OneJet" (Par. 16).

Significantly, the declaration fails to specify the so-called "non-public information" that was allegedly shared. Moreover, there is no assertion that Mr. Otis provided the Lampl firm with any confidential or privileged information, or any other information that could be "harmful" to Mr. Lewis.

The Plaintiffs now submit the within Brief in Opposition to Robert Lewis' Motion to Disqualify Counsel.

## DISCUSSION

**A.    Standards for disqualification:**

The case law makes it clear that motions to disqualify opposing counsel are disfavored by the courts, and that such motions are subject to "particularly strict

3

scrutiny." See, *Abulkhair v. New Century Financial Services, Inc.,* 2011 U.S. Dist. LEXIS 87395 (D.N.J. 2011) and cases cited therein. See also, *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 440, 105 S. Ct. 2757, 2766, 86 L. Ed. 2d 340 (1985).

The Courts in Pennsylvania have followed this strict standard, holding that disqualification is a last resort and is only appropriate in cases which implicate due process. In *Sutch v. Roxborough Mem. Hosp.*, 2016 PA Super 251, 151 A.3d 241 (2016), the Superior Court held that "disqualification of counsel is a serious remedy that the court should use only when due process so requires." Similarly, in *Verticle Resources, Inc. v. Bramlett,* 2003 Pa.Super. 462, 837 A.2d 1193 (2003), the Superior Court reversed a disqualification order, holding that disqualification should be a last resort and is only appropriate when necessary to ensure a "fair trial." As stated by the Court:

> ... a trial court's ability to disqualify counsel based on a such a violation of the Rules of Professional Conduct is ***severely limited*** and can be exercised ***only when*** both another remedy for the violation is not available and it is essential to ensure that the party seeking disqualification receives the fair trial that due process requires.

(emphasis added).  See also, *EEOC v. Hora, Inc.,* 239 F. App'x 728 (3d Cir. 2007), in which the Third Circuit held that disqualification is a "draconian measure" which is only appropriate in cases of "severe prejudice."

The burden of showing that counsel should be disqualified is on the party seeking disqualification. See, *Tiversa Holding Corp. v. LabMD, Inc.,* 2013 U.S. Dist. LEXIS 178675 (W.D.Pa. 2013); *Sershen v. Cholis,* 2009 U.S. Dist. LEXIS 96223 (M.D. Pa. 2009).  Moreover, the grounds for disqualification must be established by evidence

4

of record. See, *McCarthy v. Southeastern Pennsylvania Transportation Authority,* 2001 Pa. 106, 772 A.2d 987 (2001), in which the Superior Court held that a disqualification order must be based upon valid evidence in the record:

> Because we conclude that there is no evidence to support a finding that Keller committed a violation of the Rules of Professional Conduct, we find no reason why McCarthy should have been denied her right to "her own freely chosen counsel."

Similarly, in *Jackson v. Rohm & Haas Co.,* 366 F. App'x 342 (3d Cir. 2010), the Third Circuit held that "conclusory allegations, which are not backed by evidence, do not warrant the extreme remedy of attorney disqualification."

    **B.**    ***Pa. Rule of Professional Conduct 1.18:***

*Pa. Rule of Professional Conduct 1.18*, entitled "Duties to Prospective Clients," provides in relevant part that:

> (b) … a lawyer who has learned information from a prospective client shall not use or reveal ***information which may be significantly harmful to that person…***
>
> (c) A lawyer subject to paragraph (b) shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter ***if the lawyer learned information from the prospective client that could be significantly harmful to that person in the matter….***

(emphasis added). The wording of the rule is clear. It only applies to information learned from the prospective client that is "significantly harmful" to that person. See *Model Rules of Professional Conduct,* Section 1.18, Comment 6:

> ….the lawyer is not prohibited from representing a client with interests adverse to those of the prospective client in the same or a substantially related matter unless the lawyer has received from the prospective client information that could be significantly harmful

5

if used in the matter.

**C.    Robert Lewis did not impart any "harmful information" to the Lampl firm:**

The case law under Rule 1.18 makes it clear that a prospective client seeking disqualification ***must plead and prove*** that the lawyer received "harmful information." In *Sershen v. Cholis,* 2009 U.S. Dist. LEXIS 96223 (M.D.Pa. 2009), the plaintiff asserted that she "discussed the dispute" with the attorney who later represented the Defendant. The Court held that plaintiff's conclusory allegation, that she imparted "significantly harmful information," did not justify disqualification without proof of the specific harm asserted. As stated by the Court:

> Significantly harmful information is a necessary pre-requisite to disqualification under Rule 1.18. Given the disfavoring of motions to disqualify opposing counsel, *Shade v. Great Lakes Dredge and Dock Co.*, 72 F. Supp. 2d 518, 520 (E.D. Pa. 1999) and that the burden of showing that counsel should be disqualified is on the party seeking disqualification, *In re: Rite Aid Corp. Litig.*, 139 F. Supp 2d 649, 656 (ED PA. 2001), the failure to provide the significantly harmful information represents an unfulfilled burden. I cannot simply accept the conclusory statement that Mr. Morgan and therefore current counsel have harmful information. To allow such would place control over disqualification in the hands of the party seeking it, and not the Court.

In *Tiversa Holding Corp. v. LabMD, Inc.,* 2013 U.S. Dist. LEXIS 178675 (W.D. Pa. 2013), the Honorable Nora Barry Fischer relied upon the holding in *Sershen* to deny a motion to disqualify under Rule 1.18. In *Tiversa,* the defendant sought to disqualify Reed Smith based on conversations between Defendant's general counsel and Reed Smith prior to the litigation. Judge Fischer denied that motion, holding that Defendant failed to establish that it provided any privileged information to Reed Smith:

> Defendants have proffered nothing more than

6

> hollow conclusory allegations to bolster their claims that Reed Smith should be disqualified from representing Plaintiffs in the present case. This is clearly inadequate to meet Defendants' burden as the party moving for disqualification.
>
> What Defendants have not provided to this Court is evidence demonstrating that purportedly privileged information exchanged during the January 17, 2013 meeting would be "significantly harmful" to Defendants if shared by Reed Smith attorneys or revealed during the prosecution of Plaintiffs' case. *See Sershen*, 2009 U.S. Dist. LEXIS 96223, 2009 WL 3332993 at * 1 (this is a "prerequisite to disqualification under Rule 1.18").

In *Estate of Rothberg,* 122 A.3d 1146 (Pa.Super. 2015), the Superior Court held that disqualification was not appropriate under Rule 1.18 where the moving party "did not disclose any information that was not a matter of public record, discoverable on the Internet, or that Appellee would not have known." See also, *Doca Company v. Westinghouse Electric Co., LLC,* 2012 U.S. Dist. LEXIS 165412 (W.D. Pa. 2012).

These authorities are clearly controlling in the present case. Lewis has failed to even assert that he provided any confidential, privileged or otherwise harmful information to the Lampl firm. Accordingly, the Motion to Disqualify fails as a matter of law.

## **CONCLUSION**

In conclusion, the Plaintiffs respectfully request this Honorable Court to deny the Motion to Disqualify Counsel.

Respectfully Submitted,

 /s/ *James R. Cooney*
James R. Cooney
PA I.D. #32706

Robert O Lampl
PA I.D. #19809

David L. Fuchs
PA I.D. #205694

Ryan J. Cooney
PA I.D. #319213

Sy O. Lampl
PA I.D. #324741

Benedum Trees Building
223 Fourth Avenue
Fourth Floor
Pittsburgh, PA 15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)

8

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In re:** | **Bankruptcy No. 18-24070** |
| **ONEJET, INC.,** | **Adversary No. 19-02134-GLT** |
| **Debtor.** | |
| _____ | |
| **WOODY PARTNERS et al,** | **Related to Document No. 101** |
| Plaintiffs, | |
| v. | |
| **MATTHEW R. MAGUIRE, PATRICK MAGUIRE, BOUSTEAD SECURITIES, LLC, MELVIN PIRCHESKY, ROBERT CAMPBELL, ROBERT LEWIS and DAVID MINNOTTE,** | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I, James R. Cooney, hereby certify that on the 3rd day of September, 2019, I served a true and correct copy of the within **Brief** upon Counsel for the Defendants, by E-mail, addressed as follows:

Brian W. Bisignani
John N. Joseph
Yune D. Emeritz
Post & Schell, P.C.
1869 Charter Lane, Suite 102
Lancaster, PA 17601
*BBisignani@postschell.com*
*jjoseph@postschell.com*
*yemeritz@postschell.com*

(Counsel for Matthew R. Maguire and Patrick Maguire)

9

Keith E. Whitson
Stephanie A. Short
Schnader Harrison Segal & Lewis, LLP
120 Fifth Avenue, Suite 2700
Pittsburgh, PA 15222
*kwhitson@schnader.com*
*sshort@schnader.com*

(Counsel for David Minnotte)


Christopher P. Parrington
Andrew R. Shedlock
Daniel Carmeli
Kutak Rock, LLP
1760 Market Street
Suite 1100
Philadelphia, PA 19103
*Christopher.Parrington@kutakrock.com*
*Andrew.Shedlock@kutakrock.com*
*daniel.carmeli@kutakrock.com*

(Counsel for Boustead Securities, LLC and Robert Campbell)


Patrick K. Cavanaugh
Zachary N. Gordon
Del Sole, Cavanaugh & Stroyd
Three PPG Place, Suite 600
Pittsburgh, PA 15222
*pcavanaugh@dsclaw.com*
*zgordon@dsclaw.com*

(Counsel for Robert Lewis)

Gerald J. Stubenhofer, Jr.
Emma R. Donahey
George W. Fitting
McGuire Woods
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222-3142
*gstubenhofer@mcguirewoods.com*
*edonahey@mcguirewoods.com*
*gfitting@mcguirewoods.com*

        */s/ James R. Cooney*
JAMES R. COONEY
PA I.D. #32706

Benedum Trees Building
223 Fourth Avenue
Fourth Floor
Pittsburgh, PA 15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)

Email:  jcooney@lampllaw.com

11