**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

**In re:**

**ONEJET, INC.,**                                    **Bankruptcy No. 18-24070**

       **Debtor.**

_____

**WOODY PARTNERS et al,**                **Adversary No. 19-02134-GLT**

       **Plaintiffs,**                          **Related to Document No. 85**

  **v.**

**MATTHEW R. MAGUIRE, PATRICK
MAGUIRE, BOUSTEAD SECURITIES,
LLC, MELVIN PIRCHESKY, ROBERT
CAMPBELL, ROBERT LEWIS and
DAVID MINNOTTE,**

       **Defendants.**

**JOINT DISCOVERY PLAN AND STATEMENT OF ESTIMATED TIME FOR TRIAL
(Dated: August 30, 2019)**

Pursuant to Fed.R.Civ.P. 26 (f), as incorporated by Federal Rule of Bankruptcy

Procedure 7026, a phone meeting/conference between the parties was held on August

16, 2019. In attendance were:

    A.    Robert O Lampl, James R. Cooney and Ryan Cooney on behalf of the

        Plaintiffs.

    B.    Brian W. Bisignani, John N. Joseph and Yune D. Emeritz on behalf of

        Matthew R. Maguire and Patrick Maguire.

    C.    Andrew R. Shedlock on behalf of Boustead Securities, LLC and Robert

        Campbell.

    D.    Emma R. Donahey on behalf of Melvin Pirchesky.

E.     Stephanie A. Short on behalf of David Minnotte.

F.     Zachary N. Gordon on behalf of Robert Lewis.

Having discussed the nature and basis of their claims and defenses, and the possibilities for a prompt settlement or other resolution, the parties agreed upon the following:

1.     Initial disclosures: The parties shall make all initial disclosures required by Rule 26 (a) (1) on or before September 16, 2019.

2.     Subjects of discovery: The Plaintiffs will seek discovery regarding (a) the financial history of OneJet, Inc. (OneJet); (b) the financial disclosures made on behalf of OneJet; (c) the marketing history of OneJet; (d) the marketing efforts on behalf of OneJet; (e) disclosures to and communications with public bodies; and (f) OneJet's use of and disposition of funds. The Defendants will seek discovery regarding the factual and legal basis for the Plaintiffs' claims which remain in the case following a decision on the motions to dismiss.

3.     Electronically stored information: The parties agree that all metadata will be preserved and that there will be no spoliation of electronic records including, but not limited to email (including attachments), text messages, outlook calendars, and voicemails.

4.     Privilege claims: The parties agree that any party who withholds information on the basis of privilege shall prepare and produce a privilege log. Any inadvertent disclosures of privileged information shall be governed in accordance with Federal Rule of Evidence 502 (b). The parties also agree to the Order Implementing Federal Rule of Evidence 502(b), attached hereto as Exhibit A, which is identical to Appendix LCvR

16.1.D of the United States District Court to the Western District of Pennsylvania Local Civil Rules and ask that the Court enter that Order in this matter.

5.      Length of fact discovery: The parties shall have one year after disposition of the motions to dismiss to complete fact discovery and to file fact discovery-related motions. Defendant Robert Lewis fully intends to cooperate and complete all discovery in this case in a prompt manner. Defendant Lewis, however, fears that due to the significant number of depositions that Plaintiffs and Defendants have indicated are necessary in this case it will be difficult to schedule and complete every deposition within one year. Defendant Lewis asks that if this Court sets a one-year deadline for fact discovery, the Court be open to extending the deadline if the parties acting in good faith cannot complete fact discovery within one year.

Defendants Boustead Securities LLC and Robert Campbell state that discovery should be stayed during the pendency of the Motions to Dismiss.  Boustead and Campbell, along with most other Defendants, have made a Motion to Stay Discovery during the pendency of the Motions to Dismiss, so that the legal and factual issues (not to mention parties) are clarified.  Finally, Boustead and Campbell state that a protective order and ESI protocol are necessary.

6.      Interrogatories: The parties agree that the procedure regarding Interrogatories shall be in accordance with Fed.R.Civ.P. 33.

7.      Depositions: The parties agree that the number of depositions shall be enlarged to 100, and that the procedure regarding Depositions shall be in accordance with Fed.R.Civ.P. 30.

8.      Requests for Admissions: The parties agree that the procedure regarding

Requests for Admissions shall be in accordance with Fed.R.Civ.P. 36.

9.      Defendants agree that the parties have until 45 days after the disposition of the currently-pending motions to dismiss to join additional defendants, amend the pleadings to add additional claims or defenses, and/or file any other non-dispositive motions. Plaintiffs believe that any attempt to set this deadline is premature,

10.     Experts: The names of plaintiffs' expert witnesses and their initial reports under Fed.R.Civ.P. 26 (a) (2) shall be due 30 days after the completion of fact discovery. The names of defendants' expert witnesses and their initial reports under Fed.R.Civ.P. 26 (a) (2) shall be due 30 days after plaintiffs' initial expert reports are served. Rebuttal reports shall be filed 30 days after the initial reports. All expert discovery must be completed 30 days after the filing of rebuttal reports ("close of expert discovery"). All parties must, by no later than the close of fact discovery, identify and disclose the damages such party intends to provide at trial and identify the manner and method in which such damages claims are calculated.

11.     Defendants agree that the parties shall file any motion(s) for summary judgment by 30 days after the close of expert discovery. Plaintiffs believe that any attempt to set this deadline is premature.

12.     Defendants anticipate that a demand for jury trial will be made in accordance with Federal Rules of Civil Procedure 38 and 81, and Local Rule 9015-1, and the Defendants consent to have such trial conducted by this Court. Plaintiffs believe that the right to a trial by jury has been waived by failure to comply with Local Rule 9015-1.

13.     The parties consent to the entry of a final order by this Court.

14.     The defendants have estimated that approximately 6 weeks will be needed

to conduct a trial in this case. Plaintiffs believe that any attempt to estimate the length of trial at this stage is premature.

15.    The defendants agree that the parties shall be ready for a pretrial conference on or after 90 days after the deadline to file summary judgment motions, and that the parties shall be ready to evaluate this case for settlement purposes at that time. Plaintiffs believe that any attempt to set this deadline is premature.

WHEREFORE, the parties to this adversary proceeding respectfully request that the Court enter an order authorizing and implementing this Joint Discovery Plan and Statement of Estimated Time of Trial, and grant such other relief as the Court deems just and proper.

Respectfully submitted,


*/s/ Robert O Lampl*
Robert O Lampl
James R. Cooney
Ryan J. Cooney
Benedum Trees Building
223 Fourth Avenue
Fourth Floor
Pittsburgh, PA 15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)
*rlampl@lampllaw.com*
*jcooney@lampllaw.com*
*rcooney@lampllaw.com*

Counsel for the Plaintiffs

5

*/s/ Brian W. Bisignani*_____
Brian W. Bisignani
John N. Joseph
Yune D. Emeritz
Post & Schell, P.C.
1869 Charter Lane, Suite 102
Lancaster, PA 17601
*BBisignani@postschell.com*
*jjoseph@postschell.com*
*yemeritz@postschell.com*

Counsel for Matthew R. Maguire
and Patrick Maguire


*/s/ Stephanie A. Short*_____
Keith E. Whitson (Pa. ID No. 69656)
Stephanie A. Short (Pa. ID No. 324023)
Schnader Harrison Segal & Lewis, LLP
120 Fifth Avenue, Suite 2700
Pittsburgh, PA 15222
Telephone: (412) 577-5200
*kwhitson@schnader.com*
*sshort@schnader.com*

Counsel for David Minnotte


*/s/ Andrew R. Shedlock*_____
Christopher P. Parrington
Andrew R. Shedlock
Daniel Carmeli
Kutak Rock, LLP
1760 Market Street
Suite 1100
Philadelphia, PA 19103
*Christopher.Parrington@kutakrock.com*
*Andrew.Shedlock@kutakrock.com*
*daniel.carmeli@kutakrock.com*

Counsel for Boustead Securities, LLC and
Robert Campbell

*/s/ Zachary N. Gordon*
Patrick K. Cavanaugh
Zachary N. Gordon
Del Sole, Cavanaugh & Stroyd
Three PPG Place, Suite 600
Pittsburgh, PA 15222
*pcavanaugh@dsclaw.com*
*zgordon@dsclaw.com*

Counsel for Robert Lewis


*/s/ Emma R. Donahey*
Gerald J. Stubenhofer, Jr.
Emma R. Donahey
George W. Fitting
McGuireWoods LLP
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222-3142
*gstubenhofer@mcguirewoods.com*
*edonahey@mcguirewoods.com*
*gfitting@mcguirewoods.com*

Counsel for Melvin Pircheskey

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

**IN RE:**

**ONEJET, INC.,**                                          **Bankruptcy No. 18-24070-GLT**

           **Debtor.**

_____

                                                          **Adversary No. 19-02134-GLT**

**WOODY PARTNERS et al,**

                                                          **Related to Adversary Doc. No. 85**

           **Plaintiffs,**

     **v.**

**MATTHEW R. MAGUIRE, PATRICK
MAGUIRE, BOUSTEAD SECURITIES,
LLC, MELVIN PIRCHESKY, ROBERT
CAMPBELL, ROBERT LEWIS and
DAVID MINNOTTE,**

           **Defendants.**

## CERTIFICATE OF SERVICE

I, Robert O Lampl, James R. Cooney, David L. Fuchs, Ryan J. Cooney and Sy O.

Lampl, hereby certify that on the 30th day of August, 2019, I served a true and correct

copy of the within **Joint Discovery Plan and Statement of Estimated Time for Trial**

upon Counsel for the Defendants, by E-mail, addressed as follows:

Brian W. Bisignani
John N. Joseph
Yune D. Emeritz
Post & Schell, P.C.
1869 Charter Lane, Suite 102
Lancaster, PA 17601
_BBisignani@postschell.com_
_jjoseph@postschell.com_
_yemeritz@postschell.com_
(Counsel for Matthew R. Maguire and Patrick Maguire)

8

Keith E. Whitson
Stephanie A. Short
Schnader Harrison Segal & Lewis, LLP
120 Fifth Avenue, Suite 2700
Pittsburgh, PA 15222
*kwhitson@schnader.com*
*sshort@schnader.com*
(Counsel for David Minnotte)


Christopher P. Parrington
Andrew R. Shedlock
Daniel Carmeli
Kutak Rock, LLP
1760 Market Street
Suite 1100
Philadelphia, PA 19103
*Christopher.Parrington@kutakrock.com*
*Andrew.Shedlock@kutakrock.com*
*daniel.carmeli@kutakrock.com*
(Counsel for Boustead Securities, LLC and Robert Campbell)


Patrick K. Cavanaugh
Zachary N. Gordon
Del Sole, Cavanaugh & Stroyd
Three PPG Place, Suite 600
Pittsburgh, PA 15222
*pcavanaugh@dsclaw.com*
*zgordon@dsclaw.com*
(Counsel for Robert Lewis)

Gerald J. Stubenhofer, Jr.
Emma R. Donahey
George W. Fitting
McGuire Woods
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222-3142
*gstubenhofer@mcguirewoods.com*
*edonahey@mcguirewoods.com*
*gfitting@mcguirewoods.com*

9

Date: <u>August 30, 2019</u>

<u>/s/ Robert O Lampl</u>
ROBERT O LAMPL
PA I.D. #19809
JAMES R. COONEY
PA I.D. #32706
DAVID L. FUCHS
PA I.D. #205694
RYAN J. COONEY
PA I.D. #319213
SY O. LAMPL
PA I.D. #324741
Benedum Trees Building
223 Fourth Avenue, 4th Fl.
Pittsburgh, PA 15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)
Email:  rlampl@lampllaw.com

10