Case 19-02134-GLT    Doc 200    Filed 09/27/19    Entered 09/27/19 15:28:27    Desc Main
Document      Page 1 of 5

FILED
9/27/19 3:10 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: : | Case No. 18-24070-GLT |
| : | Chapter 7 |
| **ONE JET, INC.**, : | |
| : | |
| *Debtor*. : | |
| : | |
| **WOODY PARTNERS, et al**, : | Adv. Pro. No. 19-2134-GLT |
| : | |
| *Plaintiffs*, : | Related to Dkt. Nos. 101, 165, 166 |
| : | |
| v. : | |
| : | |
| **MATTHEW R. MAGUIRE, et al.**, : | |
| : | |
| *Defendants*. : | |

**PRETRIAL ORDER**

**AND NOW**, this matter having come before the Court for a hearing on September 26, 2019 on the *Motion to Disqualify Counsel* filed by the defendant Robert Lewis [Dkt. No. 101] and the responses thereto filed by the plaintiffs Woody Partners [Dkt. Nos. 165, 166], it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. An evidentiary hearing with respect to this matter has been set for **October 22, 2019 at 2:00 p.m.** before Judge Gregory L. Taddonio in Courtroom A, 54th Floor, U.S. Steel Tower, 600 Grant Street, Pittsburgh, Pennsylvania 15219. Not more than 2 hours have been set aside for this matter.

2. All of the following shall be completed on or before **October 11, 2019**:

    2.1. The parties shall jointly file (i) a Joint Exhibit List identifying all exhibits to be offered by each party at the evidentiary hearing; and (ii) a Stipulation of Facts

identifying all undisputed facts that the Court may rely upon when rendering its decision. Objections to an exhibit must be referenced on the Joint Exhibit List. Exhibits that do not have an objection listed on the Joint Exhibit List will be admitted without further testimony. Any objections identified on the Joint Exhibit List will be resolved by the Court prior to the admission of the contested exhibit. No documents, other than those listed as proposed exhibits on the Joint Exhibit List, will be admitted at the time of the evidentiary hearing unless counsel shows cause for their prior non-disclosure. The mere inability to timely locate documents shall not constitute cause. **This limitation will be strictly enforced**.

      2.2.     Each party shall separately file the following documents related to the presentation of their case: (i) a witness list and (ii) all exhibits proposed to be introduced at the evidentiary hearing. The list shall include the names and addresses of any witnesses, including expert witnesses, and identify the party who intends to call them.

    3.     <u>Exhibits</u>

      3.1     Prior to the time set for commencement of the evidentiary hearing, all exhibits shall be marked by counsel using exhibit labels. The labels must be marked to show whose exhibit it is and must state the date of the hearing. Plaintiffs shall use exhibit letters, and defendants shall use exhibit numbers.

      3.2     Exhibits shall be pre-assembled in three-ring binders **not to exceed three inches** loosely filled with 8.5 x 11 inch paper sheets with each exhibit separately tabbed. Oversized sheets should be reduced to 8.5 x 11 inches provided that the clarity of the document is not affected. An additional binder shall be used whenever the volume of documents in a binder exceeds 450 sheets for a three inch round-ring binder or 600 sheets for a three inch D-ring binder. The cover and spine of each binder shall include the following information: (i) title of the binder;

(ii) the case name and number; (iii) the hearing date and time; and (iv) the applicable number sequence if more than one binder is produced.

        3.3      Each exhibit page contained in the binder shall be consecutively numbered (i.e., Bates stamped) in the lower right-hand corner of each page of the collective exhibit documents, from the first page to the last page, independent of any exhibit identification numbers previously placed on a respective exhibit.

        3.4      Each party shall bring to the evidentiary hearing **not less than five (5) copies of their bound exhibits** to ensure a set is available for the Court, the Clerk, the witness, and counsel to each party.

        3.5      Any exhibits that do not have an objection listed on the Joint Exhibit List will be admitted without further testimony. Notwithstanding the admission of any unopposed exhibit, the Court, in its sole discretion, may not consider any exhibit not expressly referenced at trial or in written submissions.

        3.6      Counsel are the custodians of their own exhibits throughout the evidentiary hearing. The courtroom deputy shall be the custodian of the exhibit sets for the Court, Clerk, and witnesses.

        3.7      At the conclusion of the evidentiary hearing, the courtroom deputy will retain two sets of exhibits for the record. Unless the parties make prior arrangements for the return of their exhibits with the courtroom deputy, any exhibits in the courtroom deputy's possession shall be destroyed thirty (30) days after the order or judgment resulting from the trial becomes final and non-appealable.

        4.      <u>Testimony by Affidavit</u>

    4.1  The parties are encouraged to present direct testimony by way of affidavit if possible.

    4.2  To the extent a party elects to introduce direct testimony by way of affidavit or unsworn declaration pursuant to 28 U.S.C. § 1746, the parties shall meet and confer prior to the scheduled evidentiary hearing date and resolve any evidentiary objections with respect to any such affidavit or declaration.

    4.3  To the extent a party desires to cross-examine any witness testifying by way of affidavit or declaration, such witness must be produced at the evidentiary hearing for cross-examination.

    5.  <u>Presentation of Evidence and Argument</u>

    5.1  Unless otherwise permitted by the Court, examination of witnesses and argument may be conducted from the counsel table or the lectern.  In either event, counsel shall speak clearly into the microphone at all times.

    5.2  If necessary to offer, explain, or examine an exhibit, counsel shall request leave to approach the bench or the witness.

    6.  <u>Restrictions on Witnesses</u>

    6.1  A witness who may testify at the evidentiary hearing shall not be permitted to hear the testimony of any other witness prior to testifying and is excluded from the courtroom during the evidentiary hearing until after the witness has completed his or her testimony, unless the exclusion of the witness is not authorized by Federal Rule of Evidence 615 or the Court orders otherwise.  A witness who is excluded from the courtroom pursuant to this paragraph also is prohibited from reviewing a verbatim record of the testimony of other witnesses at the

evidentiary hearing until after the witness has completed his or her testimony, unless the Court orders otherwise.

      6.2    Unless the Court orders otherwise, after the commencement of the evidentiary hearing and until its conclusion, a witness who may testify at the evidentiary hearing is prohibited from communicating with anyone about what has occurred in the courtroom during the evidentiary hearing. From the time a witness is sworn until his or her testimony is concluded, the witness is prohibited from communicating with anyone about the subject matter of the witness's testimony. A witness may, however, communicate with his or her attorney about matters of privilege, and may communicate with anyone if the right to do so is guaranteed by the United States Constitution.

      7.    Failure to appear or comply with any provision of this Pretrial Order may result in the entry of an order to show cause why the Court should not impose sanctions against the party or parties at fault, including, but not limited to: attorneys' fees, payable to a party or the Court; or non-monetary sanctions such as the exclusion of evidence or entry judgment of dismissal or default.

      ENTERED at Pittsburgh, Pennsylvania.

*[signature]*

GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY JUDGE

Dated: September 27, 2019

<u>Case administrator to mail to</u>:
Patrick K. Cavanaugh, Esq.
Robert O Lampl, Esq.
James R. Cooney, Esq.
Ryan J. Cooney, Esq.
David L. Fuchs, Esq.