IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 18-24070-GLT |
| | Chapter 7 |
| OneJet, Inc. | |
| Debtor. | |
| | |
| Woody Partners, et. al., | Adversary No. 19-02134-GLT |
| | Related Dkt. No. 101, 165, 166, 200, |
| Plaintiffs, | 214, 218, and 219 |
| v. | |
| Matthew R. Maguire et. al., | **Oral Argument Requested** |
| Defendants. | |

**MOTION TO SEAL TRANSCRIPT AND EXHIBIT A TO OCT. 22, 2019 HEARING**

Defendant, Robert Lewis ("Lewis"), by and through his attorneys, Del Sole Cavanaugh Stroyd LLC, submits the following Motion to Seal Transcript and Exhibit A to Oct. 22, 2019 Hearing and avers as follows:

**Introduction & Background**

1. Defendant Robert Lewis' Motion to Disqualify was filed on August 13, 2019 (ECF No. 101).

2. The Motion to Disqualify sought to disqualify Plaintiffs' counsel from representing clients adverse to Robert Lewis, because Robert Lewis was a prospective client of the Lampl firm.

3. This Court heard oral argument on the Motion on September 26, 2019, where Mr. Lewis' counsel requested a hearing that was sealed from the public due to the attorney-client privileged communications that would have to be revealed at that hearing.

1

4. This Court granted that request and a closed hearing on the Motion to Disqualify was held on October 22, 2019.

5. Plaintiffs' counsel never objected to the disqualification hearing being closed.

6. Robert Lewis is asking this Court to seal the transcript of that hearing and Plaintiffs' Exhibit A from that hearing.

7. Robert Lewis attempted to resolve this matter without having to bring a Motion (ECF No. 101-4), but Plaintiffs' counsel took the position that Robert Lewis was not a prospective client of their firm (ECF No. 101-5).

8. At the October 22, 2019 hearing, Plaintiffs conceded that Robert Lewis was a prospective client of the Lampl Firm.

9. The testimony consisted of what Robert Lewis' CFO, Brandon Otis, told Attorney Robert Kunkel, a former Attorney with the Law Offices of Robert O Lampl ("the Lampl firm").

10. At the conclusion of the hearing, Defendant Lewis requested that the transcript remain sealed and this Court deferred ruling on whether to seal the transcript until a request was made for the transcript.

11. On October 31, 2019, Plaintiffs filed a Motion requesting the transcript (ECF No. 218).

12. On November 1, 2019, this Court entered an Order that allowed any party until November 7, 2019 to request to seal this transcript (ECF No. 219).

**Request to Seal**

13. This Court's November 1, Order (ECF No. 219) stated, "Any request to have the transcript kept under seal shall be made by suitable motion setting forth cause under 11 U.S.C. Sec. 107(b)."

14. 11 U.S.C. § 107 provides:

**(a)** Except as provided in subsections (b) and (c) and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.

**(b)** On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—

   **(1)** protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
   **(2)** protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

15. Defendant Lewis brings this request to seal pursuant to Rule 9018. Fed. R. Bankr. P. 9018. The comment to Rule 9018 notes that motions to seal under 11 U.S.C. § 107 should be brought under Rule 9018.

   A. **The Transcript Contains Confidential Commercial Information.**

16. In In re 50-Off Stores, Inc., 213 B.R. 646 (Bankr.W.D.Tex.1997), the Bankruptcy Court found that it was proper under 11 U.S.C. § 107(b) to seal the transcript of a retention hearing where the Court had to decide whether to retain a firm to pursue claims on behalf of the estate.

17. The Bankruptcy Court found that disclosures made in confidence to an attorney "is one kind of 'confidential . . . commercial information.'" Id. at 655.

18. Here, this Court heard the testimony of Brandon Otis and Attorney Kunkel describing what was said between prospective client and attorney.

19. As in In re 50-Off Stores, Inc., attorney-client communications are confidential commercial information and should remain protected under 11 U.S.C. § 107(b)(1).

20. Other Bankruptcy courts have relied upon In re 50-Off Stores, Inc.,. See In re Pasquinelli Homebuilding, LLC, No. 11 B 14829, 2013 WL 594459, at *2 (Bankr. N.D. Ill. Feb. 14, 2013) (relying on Section 107 and sealing the fee application of an additional professional to

be retained by the estate because it contained attorney-client privileged information); accord In re 4 Front Petroleum, Inc., No. 04-10979-R, 2007 WL 3005183, at *1 (Bankr. N.D. Okla. Oct. 11, 2007)(relying upon Section 107 and sealing a joint prosecution agreement to pursue claim on behalf of estate because it contained attorney-client privileged information).

B. **Other Cause Exists under Rule 9037 to Redact the Transcript.**

21. This Court is permitted to redact additional information "for cause." Fed. R. Bankr. P. 9037.

22. If this Court finds that attorney-client communications are not confidential commercial information under 11 U.S.C. § 107(b), another Bankruptcy Court has found that it was still appropriate to redact attorney-client communications from the public filing of an examiner's report. In re FiberMark, Inc., 330 B.R. 480, 500 (Bankr. D. Vt. 2005).

23. The Pennsylvania Supreme Court has found that attorney-client privilege applies to the communications between prospective clients and counsel. Karoly v. Mancuso, 619 Pa. 486, 507, 65 A.3d 301, 314 (2013) (quoting In re Bevill, Bresler & Schulman Asset Mgmt. Corp., 805 F.2d 120, 124 n. 1 (3d Cir.1986) (("The attorney-client privilege protects conversations between prospective clients and counsel as well as communications with retained counsel.")).

24. The Bankruptcy Court in In re FiberMark, Inc., did not clearly explain why it was redacting attorney-client communications, but it would have been appropriate to do so under Rule 9037.

25. Showing the existence of attorney-client communications is "cause" for redacting.

26. In a similar context, a District Court found that cause existed to seal the record related to a motion to disqualify counsel limited to items in that hearing that could reveal attorney

4

client communications. <u>Penn Mut. Life Ins. Co. v. Jonathan S. Berck</u>, No. CIV. A. DKC 09-0578, 2010 WL 3609532, at *2 (D. Md. Sept. 14, 2010).

27. Here, Attorney Kunkel testified that he considered Otis to be a prospective client and Plaintiffs' counsel conceded that Otis and Lewis were prospective clients.

28. Most of the hearing consisted of Otis and Attorney Kunkel testifying as to what was said during a phone call between prospective client and attorney.

29. Further, there was no evidence or argument at the October 22, 2019 hearing that the privilege had been waived.

30. As such, the communications are privileged and entitled to protection.

    C. **The Transcript also has scandalous information and should be sealed.**

31. The October 22, 2019 hearing transcript's release would also be "scandalous" as to Lewis. 11 U.S.C. § 107(b)(2).

32. The United States Court of Appeals for the Ninth Circuit in <u>In re Roman Catholic Archbishop of Portland in Oregon</u>, 661 F.3d 417, 432 (9th Cir. 2011) defined scandalous under 11 U.S.C. § 107 by stating:

> [M]atter is 'scandalous' if it disgraceful, offensive, shameful and the like. There is no requirement that the material be either 'untrue' or 'potentially untrue' or that it be irrelevant or included within a court filing for 'an improper end.'

33. Scandalous as defined by that Circuit Court has a similar meaning to substantially harmful as set forth in Rule 1.18 of the Pennsylvania Rules of Professional Conduct.

34. During the hearing, this Court shared the initial impression that the information disclosed by Otis to the Lampl firm could be significantly harmful to other Defendants.

35. Lewis' counsel on October 22, 2019 argued that significantly harmful information against other Defendants harms Lewis because Plaintiffs' claims against Lewis require another

5

Defendant to have committed an alleged breach of either common-law duties or duties arising from the Pennsylvania Securities Act.

36. Lewis could not be liable for aiding or abetting unless and until Plaintiffs' established another Defendant was liable.

37. The Amended Complaint (ECF. No. 216) maintains these same theories against Lewis.

38. Thus, what Lewis knew and when he knew it is one of the key issues in this case and Plaintiffs' counsel knowing what he knew and when is significantly harmful to him. It would be even more scandalous for there to be a public transcript of that knowledge.

39. The Court also heard testimony and argument that it would be substantially harmful to Lewis if the Amended Complaint contained allegations of conduct by Lewis occurring after February of 2018. The Amended Complaint did contain such allegations. <u>See e.g.</u>, ECF No. 216, p. 11, ¶7(44), p. 72 ¶ 41(44)) p. 100 ¶ 69 (A), (B), p.101-102 ¶ 75 (A)-(D), p.124-125 ¶167(A)-(D), p. 125, ¶ 168.

40. Further, p. 128, ¶ 186 of the Amended Complaint (ECF No. 216) alleges that Lewis was aware of a scheme to defraud investors but allowed his name to be used to promote that scheme. Lewis vehemently disputes that factual allegation.

41. That allegation shows, however, that releasing a transcript where Lewis' CFO told Plaintiffs' counsel what Lewis and his agents knew and when would be scandalous and significantly harmful to Lewis.

42. The Amended Complaint also retains paragraphs containing information Plaintiffs' counsel obtained from Otis. To preserve the privilege, those specific paragraphs are not identified herein.

43. The continued inclusion of those items shows that releasing the transcript of the October 22, 2019 hearing would be scandalous to Lewis.

44. It would be scandalous and significantly harmful to Lewis to have a public transcript of his CFO's revelation of privileged communications, which also appear in the Amended Complaint.

45. For those reasons, the transcript would be scandalous as to Lewis and should be sealed.

### D. **This Court Should Keep Plaintiffs' Exhibit A Under Seal.**

46. Lewis also asks that this Court keep Plaintiffs' Exhibit A under seal.

47. Plaintiffs' Exhibit A is a summary prepared by Attorney Kunkel of the communications between Otis and Attorney Kunkel and should be sealed for the reasons set forth in Parts A-C of this Motion.

48. Further, this Court heard from Otis that many of the items in Exhibit A were not entirely correct.

49. As Exhibit A contains incorrect statements about the call, it would be defamatory to Lewis and Otis to allow public dissemination of the summary with materially misleading information. 11 U.S.C. § 107(b)(2).

50. Lewis, however, does not object to Exhibits 1-10 from the October 22, 2019 hearing being part of the public record in this case.

### E. **Limited Sealing Would Allow the Public to Understand this Court's Decision.**

51. Section 107 does presume that bankruptcy proceedings should be public. 11 U.S.C. § 107(a).

52. Lewis is asking for a narrow sealing in this case.

53. Lewis has limited his request to the sealing of the transcript and Exhibit A. Both contain attorney-client privileged communications.

54. Lewis has not asked the Court to seal his initial Motion to Disqualify or any of the briefing thereto.

55. Thus, the public can still fully observe this Court's proceedings and evaluate what this Court is doing.

56. Lewis requests that this Court restrict the public from learning of the privileged statements that Otis made to Attorney Kunkel.

WHEREFORE, Defendant Robert Lewis, respectfully requests that this Court enter an order sealing the October 22, 2019 Hearing Transcript and Exhibit A introduced at that hearing.

DEL SOLE CAVANAUGH STROYD LLC

Date: November 7, 2019

*/s/ Patrick K. Cavanaugh*
Patrick K. Cavanaugh
PA ID No. 72960
Zachary N. Gordon
PA ID No. 318808
pcavanaugh@dscslaw.com
zgordon@dscslaw.com
*Counsel for Defendant Robert Lewis*

3 PPG Place, Suite 300
Pittsburgh, PA 15222
Tel: (412) 261-2393
Fax: (412) 261-2110

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Motion to Seal Transcript and Exhibit A to Disqualification Hearing was served on this date using this Court's electronic filing system:

| | |
|---|---|
| Robert O. Lampl<br>John P. Lacher<br>James R. Cooney<br>David L. Fuchs<br>Ryan J. Cooney<br>Sy O. Lampl<br>223 Fourth Avenue, 4th Fl.<br>Pittsburgh, PA 15222<br>rlampl@lampllaw.com<br>jlacher@lampllaw.com<br>jcooney@lampllaw.com<br>dfuchs@lampllaw.com<br>slampl@lampllaw.com<br>(Counsel for Plaintiffs)<br><br>Christopher P. Parrington<br>Andrew R. Shedlock<br>Daniel Carmeli<br>Kutak Rock LLP<br>60 South Sixth Street<br>Suite 3400<br>Minneapolis, MN 55402<br>Christopher.Parrington@kutakrock.com<br>Andrew.Shedlock@kutakrock.com<br>Daniel.carmeli@kutakrock.com<br>(Counsel for Boustead Securities, LLC, and Robert Campbell) | Brian W. Bisignani<br>John N. Joseph<br>Post & Schell, P.C. 1869<br>Charter Lane, Suite 102<br>Lancaster, PA 17601<br>bbisignani@postschell.com<br>jjoseph@postschell.com<br>(Counsel for Matthew R. Maguire and Patrick Maguire)<br><br>Keith E. Whitson<br>Stephanie A. Short<br>Schnader Harrison Segal & Lewis, LLP<br>120 Fifth Avenue, Suite 2700 Pittsburgh, PA 15222<br>kwhitson@schnader.com<br>sshort@schnader.com<br>(Counsel for David Minnotte)<br><br>Emma R. Donahey<br>Gerald J. Stubenhofer, Jr.<br>McGuire Woods<br>Tower Two-Sixty<br> 260 Forbes Avenue, Suite 1800<br>Pittsburgh, PA 15222<br>edonahey@mcguirewoods.com<br>gstubenhofer@mcguirewoods.com<br>(Counsel for Melvin Pirchesky) |

Date: November 7, 2019

*/s/ Patrick K. Cavanaugh*
Patrick K. Cavanaugh