**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | |
| **ONEJET, INC.,** | Case No. 18-24070-GLT<br>Chapter 7 |
| Debtor. | |
| _____ | |
| **WOODY PARTNERS et al,** | Adversary No. 19-02134-GLT |
| Plaintiffs,<br>v. | Related to Adversary Doc. Nos.:<br>226 and 233 |
| **MATTHEW R. MAGUIRE, PATRICK MAGUIRE, BOUSTEAD SECURITIES, LLC, MELVIN PIRCHESKY, ROBERT CAMPBELL, ROBERT LEWIS and DAVID MINNOTTE,** | Hearing Date and Time:<br>November 25, 2019 at 10:30 A.M. |
| Defendants. | |

**RESPONSE TO
MOTION TO SEAL THE TRANSCRIPT**

And now, the Plaintiffs, Woody Partners et al, by their attorneys, Robert O Lampl, James R. Cooney, David L. Fuchs, Ryan J. Cooney and Sy O. Lampl, file the within Response to Motion to Seal the Transcript:

1. Admitted.

2. Admitted.

3. Admitted in part. The Plaintiffs admit that Robert Lewis requested that the hearing be sealed from the public. However, the Plaintiffs deny that any attorney-client privileged communications were revealed at the hearing.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted in part. The Plaintiffs admit that they took the position that Robert Lewis was not a prospective client. However, the Plaintiffs also asserted that even if Lewis had been a prospective client, the Lampl firm did not receive any significantly harmful information from Mr. Lewis.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. This paragraph sets forth conclusions of law to which no response is required.

15. This paragraph sets forth conclusions of law to which no response is required.

**A.    The Transcript does not contain any "confidential commercial information."**

16. Denied. The case of *In re 50-Off Stores, Inc.,* 213 B.R. 646 (Bankr. W.D.Tex. 1997) has no relevance to the issues which are before this Honorable Court. Rather, in *In re 50-Off,* the Court specifically held that the information sought to be sealed was confidential information that was protected by the attorney-client privilege. By contrast, the information provided by Brandon Otis was not privileged as it did not consist of communications made for the purpose of obtaining legal advice. See,

*Pallares v. Kohn,* 650 F.3d 276 (3d Cir. 2011):

> In order for the attorney-client privilege to attach to a communication, "it must be '(1) a communication (2) made between privileged persons (3) in confidence (4) ***for the purpose of obtaining or providing legal assistance for the client.'"*** In re Teleglobe Commc'ns Corp., 493 F.3d 345, 359 (3d Cir. 2007) (quoting RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 68 (2000)).

(emphasis added). See also, *Bare v. Cruz,* 2012 U.S. Dist. LEXIS 45878 (E.D. Pa. 2012):

> … the [attorney-client] privilege applies only to confidential communications made in connection with providing legal services." Wise Invs., Inc. v. Bracy Contracting, Inc., No. 01-3458, 2002 U.S. Dist. LEXIS 22263, 2002 WL 31955990, at *1 (E.D. Pa. Oct. 23, 2002). The purpose of the consultation with a lawyer is a critical element in the privilege analysis. See Montgomery Cnty. v. MicroVote Corp., 175 F.3d 296, 302 (3d Cir. 1999) ("the manner in which a person is hired and the resulting services that are performed are of the utmost significance in determining the capacity in which the person was engaged.").

Here, it was clear that Brandon Otis was not seeking legal assistance from the Lampl law firm. To the contrary, the Lampl firm was seeking information from Mr. Otis. Moreover, a prospective client seeking legal assistance does not demand a subpoena as a condition to providing documents.

   17. Denied. The transcript does not contain "commercial information" as that term is used in *11 U.S.C. 107.* See, *In re Itel Corp.*, 17 B.R. 942 (9th Cir. 1982):

> It is obvious that withholding of commercial information is directed toward not affording an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.

See also, *In re Selected Cases in Which Wells Fargo Bank, N.A. v. Winnecour*, 2019 Bankr. LEXIS 469 (W.D. Pa. 2019); *2 Collier on Bankruptcy Procedure, Section 107.03.*

18.     Admitted.

19.     Denied. To the contrary, Brandon Otis did not provide any confidential attorney-client information to Robert Kunkel. Moreover, the information was not "commercial information" as that term is used in *11 U.S.C. 107.* See, *In re Selected Cases in Which Wells Fargo Bank, N.A. v. Winnecour*, 2019 Bankr. LEXIS 469 (W.D. Pa. 2019). Robert Lewis seemingly takes the position that all communications between an attorney and a prospective client are privileged. However, as set forth above, the privilege only applies to information provided for the purpose of seeking legal advice.

20.     Denied. The cited cases of *In re Pasquinelli Homebuilding, LLC* (Bankr. N.D. Ill. 2013) and *In Re 4 Front Petroleum, Inc.,* (Bankr. N.D. Okla. 2007), have no relevance to the issues which are before this Honorable Court because Brandon Otis did not provide any confidential attorney-client information to Robert Kunkel. Accordingly, there is nothing in the transcript that requires it to be sealed.

**B.     There is no cause to redact the Transcript:**

21.     Denied. *Fed.R.Bankr. P. 9037* only permits the redaction of the following information:

    A.     Social security numbers or taxpayer identification numbers.

    B.     The year of an individual's birth.

    C.     A minor's initials.

    D.     The last 4 digits of a financial-account number.

The Transcript at issue does not contain any of this information. See, *In re Selected Cases in Which Wells Fargo Bank, N.A. v. Winnecour*, 2019 Bankr. LEXIS 469 (W.D. Pa. 2019).

22. Denied. The case of *In Re FiberMark, Inc.,* 330 B.R. 480 (Bankr. D. Vt. 2005) does not support Lewis' position. To the contrary, the *FiberMark* Court agreed that commercial information consists of "communications which would cause an unfair advantage to creditors." This is clearly not a consideration in the present case.

23. Admitted in part. The Plaintiffs admit that the attorney-client privilege may apply to information received from a prospective client if all other requirements of the privilege are met, i.e. that the prospective client provided information for the purpose of obtaining legal advice. See Authorities in Paragraph 16 above. Assuming that these requirements are met, the lawyer is prohibited from using *significantly harmful information* received from the prospective client. See, *Pa. R. Prof. Conduct 1.18; Sershen v. Cholis,* 2009 U.S. Dist. LEXIS 96223 (M.D.Pa. 2009); *Tiversa Holding Corp. v. LabMD, Inc.,* 2013 U.S. Dist. LEXIS 178675 (W.D. Pa. 2013).

24. Denied. *Fed.R.Bankr. P. 9037* does not apply for the reasons set forth in Paragraph 21 above. See, *In re Selected Cases in Which Wells Fargo Bank, N.A. v. Winnecour,* 2019 Bankr. LEXIS 469 (W.D. Pa. 2019).

25. Denied. There is no authority which supports the "redaction" of attorney-client information. In any event, Brandon Otis did not provide any confidential attorney-client information to Robert Kunkel. Accordingly, there is nothing in the Transcript to be redacted.

26. Denied. The case of *Penn Mutual Life Insurance Co. v. Berck* (D. Md. 2010) does not support Lewis' position. To the contrary, the *Penn Mutual* case involved a clients' disclosure of certain particulars about his business practices and his discussions with his lawyer during a buyout negotiation. These considerations are

5

noticeably absent from the present case.

27. Admitted in part. The Plaintiffs concede that Lewis was a prospective client for purposes of this issue. The Plaintiffs deny that Brandon Otis was a prospective client. In fact, in the Motion to Disqualify, Robert Lewis contended that he was a prospective client, but there was no assertion that Brandon Otis was a prospective client. Mr. Lewis never asserted such position prior to the filing of the present Motion. Moreover, even if Brandon Otis had been a prospective client, he is not a party in this case and thus has no standing to seek either disqualification or a sealing of the transcript.

28. Denied. The transcript of the hearing speaks for itself. As is more fully set forth above (and in the transcript), Brandon Otis did not provide any confidential attorney-client information to Robert Kunkel.

29. Denied. Since no confidential attorney-client information was provided, waiver is not an issue.

30. Denied. The Plaintiffs deny that any attorney-client information was provided or that there is any need for "protection."

**C.    There is no "scandalous" information in the Transcript.**

31. Denied. The Plaintiffs deny that release of the transcript would be "scandalous" as to Lewis as that term is used in *11 U.S.C. 107.* See, *2 Collier on Bankruptcy Procedure, Section 107.03:*

> The second exception has been construed narrowly, in light of the general public policy that court records should be open for public inspection. Mere embarrassment, or harm to reputation based upon non-scandalous, non-defamatory information disclosed is not sufficient cause to restrict public access.

6

In *In re Food Mgmt. Group, LLC*, 359 B.R. 543 (S.D. N.Y. 2007), the Court held that:

> In this Court's view, protection against "defamatory matter" only applies for statements that are untrue, and that can be clearly shown to be untrue without the need for discovery or a mini-trial. Section 107(a) creates a strong presumption that court records are public; only clear evidence of impropriety can overcome the presumption and justify protection under § 107(b)(2).

See also, *Kulefsky v. Schick (In re Schick)*, 2019 Bankr. LEXIS 163 (S.D. N.Y. 2019) and cases cited therein; See also, *Burton v. Krohn (In re Swift)*, 2016 Bankr. LEXIS 262 (E.D. N.Y. 2016):

> Section 107 is not intended to save litigants from embarrassment, and harm to a party's reputation is not sufficient to invoke § 107(b)(2). Food Mgmt. Grp., 359 B.R. at 554-55; In re Muma Services Inc., 279 B.R. 478, 484 (Bankr. D. Del. 2002); Gitto Global Corp., 422 F.3d at 11. "The unintended, potential secondary consequences of negative publicity," even where regrettable, do not warrant sealing, and consequently, "[i]n cases analyzing § 107(b)(2), courts have repeatedly stated that injury or potential injury to reputation is not enough to deny public access to court documents." In re Neal, 461 F.3d 1048, 1054 (8th Cir. 2006).

32. Denied. The Plaintiffs deny that the case of *In re Roman Catholic Archbishop of Portland in Oregon,* 661 F. 3d 417 (9th Cir. 2011) supports Lewis' position, or that the holding in that case is accepted law in this circuit. Rather, in that case, the Court held that allegations "that a priest had sexually abused children are most assuredly scandalous." There is clearly no similarity to the present case. Moreover, *In re Roman Catholic* represents a minority view which has not been accepted by all courts. See, *2 Collier on Bankruptcy Procedure, Section 107.03.* For example, *In re Kilroy,* 2017 Bankr. LEXIS 3331 (C.D. Ca. 2017), the court held that allegations of fraud were not scandalous, stating that:

7

> The court finds that the fraud allegations against debtor do not rise to same level of scandal as the sex abuse allegations in *In re Roman Catholic Archbishop of Portland in Oregon, supra*.

See also, *In re Gordon Props., LLC*, 536 B.R. 703 (E.D. Va. 2015).

33. Denied. The Plaintiffs incorporate their response to Paragraph 32 above.

34. Admitted in part. The Plaintiffs admit that the information could be "significantly harmful" to Defendants, Matthew Maguire and Patrick Maguire. However, the information is not "significantly harmful" to Robert Lewis.

35. Admitted in part. The Plaintiffs admit that Counsel for Lewis made this argument. However, the Plaintiffs deny that such argument has any merit.

36. Admitted.

37. Admitted in part. The Plaintiffs admit that the Amended Complaint asserts aiding and abetting claims against Lewis. However, it also asserts a direct claim against Lewis for the violation of *70 P.S. 1-501.*

38. Denied. The Plaintiffs deny that Brandon Otis disclosed "what Lewis knew and when he knew it." In any event, such information would not be "scandalous" as that term is used in *11 U.S.C. 107 (b) (2).* See, *2 Collier on Bankruptcy Procedure, Section 107.03.*

39. The Plaintiffs do not understand this argument. In any event, what Robert Lewis did after February of 2018 has nothing to do with the conversation between Brandon Otis and Robert Kunkel.

40. Admitted in part. The Plaintiffs admit that the Amended Complaint asserts that Robert Lewis participated in a scheme to violate the Pennsylvania Securities Act.

41. Denied. The Plaintiffs deny that Brandon Otis disclosed "what Lewis knew

and when he knew it." In any event, such information would not be "scandalous" as that term is used in *11 U.S.C. 107 (b) (2)*.

42. Denied. The Plaintiffs deny that any part of the Amended Complaint is based upon information obtained solely from Brandon Otis.

43. Denied. The release of the transcript would not be "scandalous" as to Lewis.

44. Denied. The Plaintiffs deny that the transcript reveals any privileged communications.

45. Denied. The release of the transcript would not be "scandalous" as to Lewis.

**D.    There is no reason to keep Exhibit "A" under seal.**

46. Denied. The Plaintiffs deny that Exhibit "A" should be kept under seal.

47. Sections A through C of the Motion provide no basis to seal Exhibit "A."

48. Denied. Assuming, for the sake of argument, that any of the items in Exhibit "A" are "not entirely correct," that would not constitute a basis to seal Exhibit "A."

49. Denied. The Plaintiffs deny that Exhibit "A" is "defamatory" as that term is used in *11 U.S.C. 107 (b) (2)*. The Plaintiffs incorporate their response to Paragraph 31 above.

50. This paragraph requires no response.

**E.    "Limited sealing" is not appropriate.**

51. Admitted.

52. Denied. The Plaintiffs deny that "limited sealing" is appropriate in this case.

9

53. Denied. The Plaintiffs deny that either the transcript or Exhibit "A" contain any attorney-client privileged information.

54. Admitted.

55. This paragraph requires no response.

56. Denied. There are no privileged statements to be protected.

Wherefore, the Plaintiffs respectfully request this Honorable Court to deny the Motion to Seal the Transcript.

Respectfully Submitted,

*/s/ Robert O Lampl*
ROBERT O LAMPL
PA I.D. #19809
JAMES R. COONEY
PA I.D. #32706
DAVID L. FUCHS
PA I.D. #205694
RYAN J. COONEY
PA I.D. #319213
SY O. LAMPL
PA I.D. #324741
Benedum Trees Building
223 Fourth Avenue, 4th Fl.
Pittsburgh, PA 15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)
Email: rlampl@lampllaw.com

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:

| | |
|---|---|
| **ONEJET, INC.,** | **Case No. 18-24070-GLT** |
| | **Chapter 7** |
| Debtor. | |
| _____ | |
| **WOODY PARTNERS et al,** | **Adversary No. 19-02134-GLT** |
| Plaintiffs, | Related to Adversary Doc. Nos.: |
| v. | 226 and 233 |
| **MATTHEW R. MAGUIRE, PATRICK MAGUIRE, BOUSTEAD SECURITIES, LLC, MELVIN PIRCHESKY, ROBERT CAMPBELL, ROBERT LEWIS and DAVID MINNOTTE,** | Hearing Date and Time: November 25, 2019 at 10:30 A.M. |
| Defendants. | |

**CERTIFICATE OF SERVICE**

I, Robert O Lampl, James R. Cooney, David L. Fuchs, Ryan J. Cooney and Sy O. Lampl, hereby certify that on the 20th day of November, 2019, I served a true and correct copy of the within **Response to Motion to Seal the Transcript** upon Counsel for the Defendants, by E-mail, addressed as follows:

Brian W. Bisignani
John N. Joseph
Yune D. Emeritz
Post & Schell, P.C.
1869 Charter Lane, Suite 102
Lancaster, PA 17601
*BBisignani@postschell.com*
*jjoseph@postschell.com*
*yemeritz@postschell.com*

(Counsel for Matthew R. Maguire and Patrick Maguire)

11

Keith E. Whitson
Stephanie A. Short
Schnader Harrison Segal & Lewis, LLP
120 Fifth Avenue, Suite 2700
Pittsburgh, PA 15222
*kwhitson@schnader.com*
*sshort@schnader.com*

(Counsel for David Minnotte)

Christopher P. Parrington
Andrew R. Shedlock
Daniel Carmeli
Kutak Rock, LLP
1760 Market Street
Suite 1100
Philadelphia, PA 19103
*Christopher.Parrington@kutakrock.com*
*Andrew.Shedlock@kutakrock.com*
*daniel.carmeli@kutakrock.com*

Jason L. Ott
Dickie, McCamey & Chilcote, P.C.
Two PPG Place
Suite 400
Pittsburgh, PA 15222
*jott@dmclaw.com*

(Counsel for Boustead Securities, LLC and Robert Campbell)

Patrick K. Cavanaugh
Zachary N. Gordon
Del Sole, Cavanaugh & Stroyd
Three PPG Place, Suite 600
Pittsburgh, PA 15222
*pcavanaugh@dsclaw.com*
*zgordon@dsclaw.com*

(Counsel for Robert Lewis)

Gerald J. Stubenhofer, Jr.
Emma R. Donahey
George W. Fitting
McGuire Woods
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222-3142
*gstubenhofer@mcguirewoods.com*
*edonahey@mcguirewoods.com*
*gfitting@mcguirewoods.com*

(Counsel for Melvin Pirchesky)

Date:  November 20, 2019                          */s/ Robert O Lampl*_____
                                                        ROBERT O LAMPL
                                                        PA I.D. #19809
                                                        JAMES R. COONEY
                                                         PA I.D. #32706
                                                        DAVID L. FUCHS
                                                         PA I.D. #205694
                                                        RYAN J. COONEY
                                                         PA I.D. #319213
                                                        SY O. LAMPL
                                                        PA I.D. #324741
                                                        Benedum Trees Building
                                                        223 Fourth Avenue, 4th Fl.
                                                        Pittsburgh, PA 15222
                                                        (412) 392-0330 (phone)
                                                        (412) 392-0335 (facsimile)
                                                        Email:  rlampl@lampllaw.com