## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____

IN RE:

ONE JET, INC.,

      Debtor.

_____

WOODY PARTNERS, et al.,

         Plaintiffs,

    v.

MATTHEW R. MAGUIRE, THE ESTATE OF
PATRICK MAGUIRE, BOUSTEAD SECURITIES,
LLC, MELVIN PIRCHESKY, ROBERT
CAMPBELL, ROBERT LEWIS and DAVID
MINNOTTE,

      Defendants.

_____

Case No. 18-24070-GLT
Chapter 7

Adversary No. 19-02134-GLT
Related Dkt. No. [216] Plaintiffs'
Amended Complaint

### DEFENDANT BOUSTEAD SECURITIES, LLC'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT AND CROSS-CLAIMS AGAINST MATTHEW R. MAGUIRE AND THE ESTATE OF PATRICK MAGUIRE.

Defendant Boustead Securities, LLC ("Boustead"), by and through its attorneys, respectfully submit this Answer to Plaintiffs' Amended Complaint in the above-captioned matter. Unless otherwise specifically admitted, Boustead denies each and every allegation in Plaintiffs' Amended Complaint.

### BACKGROUND

1. Boustead admits the allegations in paragraph 1 of the Amended Complaint.

2. Boustead admits the allegations in paragraph 2 of the Amended Complaint.

3. Boustead admits the allegations in paragraph 3 of the Amended Complaint.

4.   Boustead admits the allegations in paragraph 4 of the Amended Complaint.

5.   Boustead admits the allegations in paragraph 5 of the Amended Complaint.

6.   The allegations in paragraph 6 of the Amended Complaint do not require Boustead to make an admission or denial and therefore Boustead denies the same.

## THE PARTIES

7.   Boustead is unable to admit or deny the allegations in paragraph 7 of the Amended Complaint and therefore puts Plaintiffs to their strictest proof thereof.

1)   Boustead is unable to admit or deny the corporate information and allegations regarding Woody Partners in paragraph 7(1) and therefore puts Plaintiffs to their strictest proof thereof as to those allegations in Paragraph 7(1).  Boustead admits that Woody Partners invested $200,004.61 in OneJet, Inc. ("OneJet") on or around November 16, 2017, by way of a Series B offering. Boustead admits that Melvin Pirchesky ("Pirchesky") was a registered representative of Boustead and FINRA registered during this time and that Boustead released and remitted Woody Partner's investment to OneJet on or around November 29, 2017.  Boustead denies the remaining allegations in paragraph 7(1).

2)   Boustead is unable to admit or deny the corporate information and allegations regarding Aloe Brothers, LLC ("Aloe Brothers") in paragraph 7(2) and therefore puts to their strictest proof thereof as to those allegations in paragraph 7(2).  Boustead admits that Aloe Brothers invested $400,000 into OneJet on or around June 6, 2017, by way of a Series B offering.  Boustead admits that Pirchesky was a registered representative of Boustead and FINRA registered during this time and that Boustead released and remitted Aloe Brother's investment to OneJet on or around June 7, 2017.  Boustead denies the remaining allegations in paragraph 7(2).

2

3)  Boustead is unable to admit or deny any of the allegations in paragraph 7(3) and therefore puts Plaintiffs to their strictest proof thereof.

4)  Boustead is unable to admit or deny the residence information and allegations regarding Kevin Altomari ("Altomari") in paragraph 7(4) and therefore puts Plaintiffs to their strictest proof thereof as to those allegations in paragraph 7(4).  Boustead admits that Altomari invested a total of $162,410.00 into OneJet on or around July 28, 2017, September 9, 2017 and December 12, 2017, all by way of a Series B offering.  Boustead admits that Pirchesky was a registered representative of Boustead and FINRA registered during this time and that Boustead released and remitted Altomari's investments to OneJet on or around August 2, 2017, September 12, 2017 and December 13, 2017.  Boustead denies the remaining allegations in paragraph 7(4).

5)  Boustead is unable to admit or deny the residence information and allegations regarding Robert Auray, Jr. and Marion Auray (collectively, the "Aurays") in paragraph 7(5) and therefore puts Plaintiffs to their strictest proof thereof.  Boustead admits that the Aurays invested a total of $200,000.00 into OneJet on or around September 27, 2017, and January 4, 2018, by way of a Series B offering and a Term Note.  Boustead admits that Pirchesky was a registered representative of Boustead and FINRA registered during this time and that Boustead released and remitted the Auray's investments to OneJet on or around September 27, 2017 and January 12, 2018.  Boustead denies the remaining allegations in paragraph 7(5).

6)  Boustead is unable to admit or deny any of the allegations paragraph 7(6) and therefore puts Plaintiffs to their strictest proof thereof.

7)  Boustead is unable to admit or deny the allegations in paragraph 7(7) and therefore puts Plaintiffs to their strictest proof thereof.

8)  Boustead is unable to admit or deny the allegations in paragraph 7(8) and therefore puts Plaintiffs to their strictest proof thereof.

9)  Boustead is unable to admit or deny any of the allegations in paragraph 7(9) and therefore puts Plaintiffs to their strictest proof thereof.

10) Boustead is unable to admit or deny the corporate information and allegations regarding Blair Oak Investments, LP ("Blair Oak") in paragraph 7(10) and therefore puts Plaintiffs to their strictest proof thereof.  Boustead admits that Blair Oak invested a total of at least $500,000.00 into OneJet on or around March 10, 2017 by way of a Series B offering.  Boustead admits that Pirchesky was a registered representative of Boustead and FINRA registered during this time and that Boustead released and remitted Blair Oak's $500,000.00 Series B investment to OneJet on or around March 20, 2017.  Boustead denies the remaining allegations in paragraph 7(10).

11) Boustead is unable to admit or deny any of the allegations in paragraph 7(11) and therefore puts Plaintiffs to their strictest proof thereof.

12) Boustead is unable to admit or deny any of the allegations in paragraph 7(12) and therefore puts Plaintiffs to their strictest proof thereof.

13) Boustead is unable to admit or deny the residence information and allegations regarding Eugene K. Connors and Tina K. Houmis (collectively, "Connors and Houmis") in paragraph 7(13) and therefore puts Plaintiffs to their strictest proof thereof.  Boustead admits that Connors and Houmis invested a total of $112,5000.00 into OneJet on or around July 26, 2017 and December 12, 2017 by way of a Series B offering.  Boustead admits that Pirchesky was a registered representative of Boustead and FINRA registered during this time and that Boustead released and remitted Connors' and Houmis' Series B investments to OneJet on or around July 31, 2017 and December 13, 2017.  Boustead denies the remaining allegations in paragraph 7(13).

4824-4000-3773.5

14) Boustead is unable to admit or deny the residence information and allegations regarding Andrew Constantakis in paragraph 7(14) and therefore puts Plaintiffs to their strictest proof thereof.  Boustead admits that Andrew Constantakis invested $50,003.57 into OneJet on or around July 21, 2017 by way of a Series B offering.  Boustead admits that Pirchesky was a registered representative of Boustead and FINRA registered during this time and that Boustead released and remitted Andrew Constantakis's Series B investment to OneJet on or around July 31, 2017. Boustead denies the remaining allegations in paragraph 7(14).

15) Boustead is unable to admit or deny the residence information and allegations regarding Nicholas and Veronica Constantakis in paragraph 7(15) and therefore puts Plaintiffs to their strictest proof thereof.  Boustead admits that Nicholas and Veronica Constantakis invested at least $200,000.00 into OneJet on or around July 26, 2017 by way of a Series B offering.  Boustead admits that Pirchesky was a registered representative of Boustead and FINRA registered during this time and that Boustead released and remitted Nicholas and Veronica Constantakis's Series B investment to OneJet on or around July 31, 2017.  Boustead denies the remaining allegations in paragraph 7(15).

16) Boustead is unable to admit or deny any of allegations in paragraph 7(16) and therefore puts Plaintiffs to their strictest proof thereof.

17) Boustead is unable to admit or deny any of the allegations in paragraph 7(17) and therefore puts Plaintiffs to their strictest proof thereof.

18) Boustead is unable to admit or deny the allegations in paragraph 7(18) and therefore puts Plaintiffs to their strictest proof thereof.

19) Boustead is unable to admit or deny the allegations in paragraph 7(19) and therefore puts Plaintiffs to their strictest proof thereof.

4824-4000-3773.5

20) Boustead is unable to admit or deny the allegations in paragraph 7(20) and therefore puts Plaintiffs to their strictest proof thereof.

21) Boustead is unable to admit or deny the corporate information and allegations regarding Flighthawk, LLC ("Flighthawk") in paragraph 7(21) and therefore puts Plaintiffs to their strictest proof thereof.  Boustead admits that Flighthawk invested $150,000.00 into OneJet on or around April 4, 2018 by way of a OneJet Term Note.  Boustead admits that Pirchesky was a registered representative of Boustead and FINRA registered during this time and that Boustead released and remitted Flighthawk's investment to OneJet on or around April 10, 2018.  Boustead denies the remaining allegations in paragraph 7(21).

22) Boustead is unable to admit or deny the residence information and allegations regarding John A. George and Carolyn D. George (the "Georges") in paragraph 7(22) and therefore puts Plaintiffs to their strictest proof thereof.  Boustead admits that the Georges invested a total of $225,000.00 into OneJet on or around July 31, 2017, September 13, 2017 and December 15, 2017, all by way of a Series B offering.  Boustead admits that Pirchesky was a registered representative of Boustead and FINRA registered during this time and that Boustead released and remitted the Georges' investments to OneJet on or around July 31, 2017, September 13, 2017 and December 15, 2017.  Boustead denies the remaining allegations in paragraph 7(22).

23) Boustead is unable to admit or deny the allegations in paragraph 7(23) and therefore puts Plaintiffs to their strictest proof thereof.

24) Boustead is unable to admit or deny the allegations in paragraph 7(24) and therefore puts Plaintiffs to their strictest proof thereof.

25) Boustead is unable to admit or deny the residence information and allegations regarding William E. Hunt ("Hunt") in paragraph 7(25) and therefore puts Plaintiffs to their strictest proof

thereof.  Boustead admits that Hunt invested at least $150,000.00 into OneJet on or around March 12, 2018, by way of a OneJet Term Note.  Boustead admits that Pirchesky was a registered representative of Boustead and FINRA registered during this time and that Boustead released and remitted the Georges' investments to OneJet on or around March 15, 2018.  Boustead denies the remaining allegations in paragraph 7(25).

26) Boustead is unable to admit or deny the allegations in paragraph 7(26) and therefore puts Plaintiffs to their strictest proof thereof.

27) Boustead is unable to admit or deny the residence information and allegations regarding James R. Johnson and Matthew Johnson (collectively, the "Johnsons") in paragraph 7(27) and therefore puts Plaintiffs to their strictest proof thereof.  Boustead admits that the Johnsons invested $500,000.00 into OneJet on or around March 30, 2017, by way of a Series B offering.  Boustead admits that Pirchesky was a registered representative of Boustead and FINRA registered during this time and that Boustead released and remitted the Johnson's investment to OneJet on or around April 6, 2017.  Boustead denies the remaining allegations in paragraph 7(27).

28) Boustead in unable to admit or deny the allegations in paragraph 7(28) and therefore puts Plaintiffs to their strictest proof thereof.

29) Boustead is unable to admit or deny the allegations in paragraph 7(29) and therefore puts Plaintiffs to their strictest proof thereof.

30) Boustead is unable to admit or deny the allegations in paragraph 7(30) and therefore puts Plaintiffs to their strictest proof thereof.

31) Boustead is unable to admit or deny the allegations in paragraph 7(31) and therefore puts Plaintiffs to their strictest proof thereof.

32) Boustead is unable to admit or deny the residence information and allegations regarding Michael Lewis in paragraph 7(32) and therefore puts Plaintiffs to their strictest proof thereof. Boustead admits that the Michael Lewis invested at least $250,000.00 into OneJet on or around October 16, 2017, by way of a Series B offering. Boustead admits that Pirchesky was a registered representative of Boustead and FINRA registered during this time and that Boustead released and remitted the Johnson's investment to OneJet on or around October 16, 2017. Boustead denies the remaining allegations in paragraph 7(32).

33) Boustead is unable to admit or deny the residence information and allegations regarding James Liken ("Liken") in paragraph 7(33) and therefore puts Plaintiffs to their strictest proof thereof. Boustead admits that Liken invested at least $650,000.00 into OneJet on or around March 24, 2017, by way of a Series B offering, and on or around December 4, 2017 by way of a OneJet Term Note. Boustead admits that Pirchesky was a registered representative of Boustead and FINRA registered during this time and that Boustead released and remitted Liken's Series B investment to OneJet on or around March 30, 2017. Boustead denies the remaining allegations in paragraph 7(33).

34) Boustead is unable to admit or deny the allegations in paragraph 7(34) and therefore puts Plaintiffs to their strictest proof thereof.

35) Boustead is unable to admit or deny the allegations in paragraph 7(35) and therefore puts Plaintiffs to their strictest proof thereof.

36) Boustead is unable to admit or deny the allegations in paragraph 7(36) and therefore puts Plaintiffs to their strictest proof thereof.

37) Boustead is unable to admit or deny the allegations in paragraph 7(37) and therefore puts Plaintiffs to their strictest proof thereof.

4824-4000-3773.5

38) Boustead is unable to admit or deny the allegations in paragraph 7(38) and therefore puts Plaintiffs to their strictest proof thereof.

39) Boustead is unable to admit or deny the allegations in paragraph 7(39) and therefore puts Plaintiffs to their strictest proof thereof.

40) Boustead is unable to admit or deny the corporate information and allegations regarding Orrtech Ltd. ("Orrtech") in paragraph 7(40) and therefore puts Plaintiffs to their strictest proof thereof.  Boustead admits that Orrtech invested $200,000.00 into OneJet on or around June 12, 2017, and December 12, 2017 by way of a Series B offering.  Boustead admits that Pirchesky was a registered representative of Boustead and FINRA registered during this time and that Boustead released and remitted Orrtech's Series B investments to OneJet on or around June 14, 2017 and December 15, 2017.  Boustead denies the remaining allegations in paragraph 7(40).

41) Boustead is unable to admit or deny the residence information and allegations regarding Robert Pietandrea ("Pietandrea") in paragraph 7(41) and therefore puts Plaintiffs to their strictest proof thereof.  Boustead admits that Pietandrea invested $224,896.17 into OneJet on or around December 22, 2017 and December 29, 2017 by way of a Series B offering and a OneJet Term Note.  Boustead admits that Pirchesky was a registered representative of Boustead and FINRA registered during this time and that Boustead released and remitted Pietandrea's Series B investment to OneJet on or around December 29, 2017 and his OneJet Term Note on or around January 5, 2018.  Boustead denies the remaining allegations in paragraph 7(41).

42) Boustead is unable to admit or deny the residence information and allegations regarding James J. Restivo and Gail Restivo (collectively, the "Restivos") in paragraph 7(42) and therefore puts Plaintiffs to their strictest proof thereof.  Boustead admits that the Restivos invested a total of $112,500.00 into OneJet on or around July 21, 2017 and December 11, 2017 by way of a Series B

9

offering and a OneJet Term Note. Boustead admits that Pirchesky was a registered representative of Boustead and FINRA registered during this time and that Boustead released and remitted the Restivo's Series B investments to OneJet on or around July 31, 2017 and December 20, 2017. Boustead denies the remaining allegations in paragraph 7(42).

43) Boustead is unable to admit or deny any of the allegations in paragraph 7(43) and therefore puts Plaintiffs to their strictest proof thereof.

44) Boustead is unable to admit or deny any of the allegations in paragraph 7(44) and therefore puts Plaintiffs to their strictest proof thereof.

45) Boustead is unable to admit or deny any of the allegations in paragraph 7(45) and therefore puts Plaintiffs to their strictest proof thereof.

46) Boustead is unable to admit or deny any of the allegations in paragraph 7(46) and therefore puts Plaintiffs to their strictest proof thereof.

47) Boustead is unable to admit or deny any of the allegations in paragraph 7(47) and therefore puts Plaintiffs to their strictest proof thereof.

48) Boustead is unable to admit or deny any of the allegations in paragraph 7(48) and therefore puts Plaintiffs to their strictest proof thereof.

49) Boustead is unable to admit or deny any of the allegations in paragraph 7(49) and therefore puts Plaintiffs to their strictest proof thereof.

50) Boustead is unable to admit or deny any of the allegations in paragraph 7(50) and therefore puts Plaintiffs to their strictest proof thereof.

51) Boustead is unable to admit or deny any of the allegations in paragraph 7(51) and therefore puts Plaintiffs to their strictest proof thereof.

4824-4000-3773.5

52) Boustead is unable to admit or deny the corporate information and allegations regarding Triad Investments, Inc. ("Triad") in paragraph 7(52) and therefore puts Plaintiffs to their strictest proof thereof.  Boustead admits that Triad invested a total of $350,000.00 into OneJet on or around June 12, 2017 and December 12, 2017 by way of a Series B offering.  Boustead admits that Pirchesky was a registered representative of Boustead and FINRA registered during this time and that Boustead released and remitted Triad's Series B investments to OneJet on or around June 14, 2017 and December 15, 2017.  Boustead denies the remaining allegations in paragraph 7(52).

53) Boustead is unable to admit or deny any of the allegations in paragraph 7(53) and therefore puts Plaintiffs to their strictest proof thereof.

54) Boustead is unable to admit or deny any of the allegations in paragraph 7(54) and therefore puts Plaintiffs to their strictest proof thereof.

55) Boustead is unable to admit or deny any of the allegations in paragraph 7(55) and therefore puts Plaintiffs to their strictest proof thereof.

56) Boustead is unable to admit or deny any of the allegations in paragraph 7(56) and therefore puts Plaintiffs to their strictest proof thereof.

57) Boustead is unable to admit or deny any of the allegations in paragraph 7(57) and therefore puts Plaintiffs to their strictest proof thereof.

58) Boustead is unable to admit or deny the corporate information and allegations regarding the Gregory S. Zenczak Family Dynasty Trust. ("Gregory Zenczak Trust") in paragraph 7(58) and therefore puts Plaintiffs to their strictest proof thereof.  Boustead admits that the Gregory Zenczak Trust invested a total of $50,000.00 into OneJet on or around June 9, 2017, by way of a Series B offering.  Boustead admits that Pirchesky was a registered representative of Boustead and FINRA registered during this time and that Boustead released and remitted the Gregory Zenczak Trust's

11

Series B investment to OneJet on or around June 14, 2017.  Boustead denies the remaining allegations in paragraph 7(52).

59) Boustead is unable to admit or deny the corporate information and allegations regarding the Stephen J. Zenczak Family Dynasty Trust. ("Stephen Zenczak Trust") in paragraph 7(59) and therefore puts Plaintiffs to their strictest proof thereof.  Boustead admits that the Stephen Zenczak Trust invested a total of $50,000.00 into OneJet on or around June 9, 2017, by way of a Series B offering.  Boustead admits that Pirchesky was a registered representative of Boustead and FINRA registered during this time and that Boustead released and remitted the Stephen Zenczak Trust's Series B investment to OneJet on or around June 14, 2017.  Boustead denies the remaining allegations in paragraph 7(59).

8.   Boustead is unable to admit or deny the allegations in paragraph 8 and therefore puts Plaintiffs to their strictest proof thereof.

9.   Boustead is unable to admit or deny the allegations in paragraph 9 and therefore puts Plaintiffs to their strictest proof thereof.

10. Boustead admits that it is a limited liability company organized under California law and that its principal place of business is correctly alleged.  The remaining allegations in paragraph 10 are legal conclusions to which no response is required, and therefore Boustead denies the remaining allegations in paragraph 10.

11. Boustead is unable to admit or deny the allegations regarding Pirchesky's residential address and therefore puts Plaintiffs to their strictest proof thereof.  The remaining allegations in paragraph 11 are legal conclusions to which no response is required, and therefore Boustead denies the remaining allegations in paragraph 11.

12. Boustead denies that Robert Campbell ("Campbell") has offices at the address alleged and, therefore, denies the same.  The remaining allegations in paragraph 12 are legal conclusions to which no response is required, and therefore Boustead denies the remaining allegations in paragraph 12.

13. Boustead is unable to admit or deny the allegations in paragraph 13 and therefore puts Plaintiffs to their strictest proof thereof.

14. Boustead is unable to admit or deny the allegations in paragraph 14 and therefore puts Plaintiffs to their strictest proof thereof.

**Jurisdiction and Venue**

15. Boustead admits the allegations in paragraph 15.

16. Boustead admits the allegations in paragraph 16.

**OneJet**

17. Boustead is unable to admit or deny the allegations in paragraph 17 and therefore puts Plaintiffs to their strictest proof thereof.

18. Boustead is unable to admit or deny the allegations in paragraph 18 and therefore puts Plaintiffs to their strictest proof thereof.

19. Boustead is unable to admit or deny the allegations in paragraph 19 and therefore puts Plaintiffs to their strictest proof thereof.

**Start of Flight Operations**

20. Boustead is unable to admit or deny the allegations in paragraph 20 and puts Plaintiffs to their strictest proof thereof.

21. Boustead is unable to admit or deny the allegations in paragraph 21 and puts Plaintiffs to their strictest proof thereof.

4824-4000-3773.5

22. Boustead is unable to admit or deny the allegations in paragraph 22 and puts Plaintiffs to their strictest proof thereof.

23. Boustead is unable to admit or deny the allegations in paragraph 23 and puts Plaintiffs to their strictest proof thereof.

### The Loan from the Commonwealth of Pennsylvania Department of Community and Economic Development

24. Boustead is unable to admit or deny the allegations in paragraph 24 and puts Plaintiffs to their strictest proof thereof.

25. Boustead is unable to admit or deny the allegations in paragraph 25 and puts Plaintiffs to their strictest proof thereof.

26. Boustead is unable to admit or deny the allegations in paragraph 26 and puts Plaintiffs to their strictest proof thereof.

27. Boustead is unable to admit or deny the allegations in paragraph 27 and puts Plaintiffs to their strictest proof thereof.

28. Boustead is unable to admit or deny the allegations in paragraph 28 and puts Plaintiffs to their strictest proof thereof.

29. Boustead denies the allegations in paragraph 29.

### The Grant from the Allegheny County Airport Authority

30. Boustead is unable to admit or deny the allegations in paragraph 30 and puts Plaintiffs to their strictest proof thereof.

31. Boustead is unable to admit or deny the allegations in paragraph 31 and puts Plaintiffs to their strictest proof thereof.

32. Boustead is unable to admit or deny the allegations in paragraph 32 and puts Plaintiffs to their strictest proof thereof.

33. Boustead is unable to admit or deny the allegations in paragraph 33 and puts Plaintiffs to their strictest proof thereof.

34. Boustead is unable to admit or deny the allegations in paragraph 34 and puts Plaintiffs to their strictest proof thereof.

35. Boustead is unable to admit or deny the allegations in paragraph 35 and puts Plaintiffs to their strictest proof thereof.

**The Loan from the Allegheny County Regional Development Authority**

36. Boustead is unable to admit or deny the allegations in paragraph 36 and puts Plaintiffs to their strictest proof thereof.

37. Boustead is unable to admit or deny the allegations in paragraph 37 and puts Plaintiffs to their strictest proof thereof.

38. Boustead denies the allegations in paragraph 38.

A)  Boustead denies the allegations in paragraph 38(a) (and each of its subparagraphs) and puts Plaintiffs to their strictest proof thereof.

**Plaintiffs were solicited to invest in OneJet**

39. Boustead is unable to admit or deny the allegations in paragraph 39 and puts Plaintiffs to their strictest proof thereof.

40. Boustead denies the allegations in paragraph 40.

41. Boustead is unable to admit or deny the allegations in paragraph 41 and puts Plaintiffs to their strictest proof thereof.

1)  The allegations in paragraph 41(1) do not call for a response.

A.  Boustead admits only that it remitted Woody Partner's investment in OneJet to OneJet on or around November 29, 2017 and denies the remaining allegations in paragraph 41(1)(A).

B.  Boustead is unable to admit or deny the allegations in paragraph 41(1)(B) (and each of its 10 subparts) about when Thomas Lippard of Woody Partners received emails from Pirchesky or what they contained.  However, Boustead states that the emails, and any attachments to the emails, speak for themselves.  Boustead denies the remaining allegations in paragraph 41(1)(B) (and each of its 10 subparts).

C.  Boustead is unable to admit or deny the allegations in paragraph 41(1)(B)1 about who received a specific email and when.  However, Boustead states that any email (and any attachments to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(1)(B).

D.  Boustead admits only that it remitted Woody Partner's investment in OneJet to OneJet on or around November 29, 2017 and denies the remaining allegations in paragraph 41(1)(C).

E.  Boustead denies the allegations in paragraph 41(1)(D).

2)  The allegations in paragraph 41(2) do not call for a response.

A.  Boustead admits only that it remitted Aloe Brothers, LLC's investment in OneJet to OneJet on or around June 7, 2017 and denies the remaining allegations in paragraph 41(2)(A), as they pertain to Boustead.  Boustead is unable to admit or deny the allegations in paragraph 41(2)(A) pertaining to Matthew Maguire and therefore puts Plaintiffs to their strictest proof thereof.

B.  Boustead is unable to admit or deny the allegations in paragraph 41(2)(B) about who received a specific email and when.  However, Boustead states that any email (and any attachments to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(2)(B).

---

1 The First Amended Complaint (Doc. 216 at 21) contains multiple 41(1)(B) that appear to be inadvertent.  To be clear, the allegations to which Boustead is responding in this section are on page 21 of Doc. 216.

C.  Boustead is unable to admit or deny the allegations in paragraph 41(2)(C) about who received a specific email and when.  However, Boustead states that any email (and any attachments to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(2)(C).

D.  Boustead denies the allegations in paragraph 41(2)(D).

E.  Boustead is unable to admit or deny the allegations in paragraph 41(2)(E) and therefore puts Plaintiffs to their strictest proof thereof.

F.  Boustead is unable to admit or deny the allegations in paragraph 41(2)(F) about who received a specific email and when.  However, Boustead states that any email (and any attachments to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(2)(F).

G.  Boustead is unable to admit or deny the allegations in paragraph 41(2)(G) and puts Plaintiffs to their strictest proof thereof.

H.  Boustead is unable to admit or deny the allegations in paragraph 41(2)(H) (including each of its four subparts) about who received a specific email and when.  However, Boustead states that any email (and any attachments to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(2)(H) (and each of its four subparts).

I.  Boustead denies the allegations in paragraph 41(2)(I).

J.  Boustead denies the allegations in paragraph 41(2)(J).

3)  The allegations in paragraph 41(3) do not call for a response.

A.  Boustead is unable to admit or deny the allegations in paragraph 41(3)(A) and therefore puts Plaintiffs to their strictest proof thereof.

B.  Boustead is unable to admit or deny the allegations in paragraph 41(3)(B) and therefore puts Plaintiffs to their strictest proof thereof.

C.  Boustead denies the allegations in paragraph 41(3(C).

17

4)  The allegations in paragraph 41(4) do not call for a response.

A.  Boustead admits only that it remitted Altomari's investments in OneJet to OneJet on or around August 2, 2017, September 12, 2017, and December 13, 2017 and denies the remaining allegations in paragraph 41(4)(A).

B.  Boustead is unable to admit or deny the allegations in paragraph 41(4)(B) (including each of its six subparts) about who received a specific email and when.  However, Boustead states that any email (and any attachments to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(4)(B) (and each of its six subparts).

C.  Boustead is unable to admit or deny the allegations in paragraph 41(4)(C) (including each of its six subparts) about who received a specific email and when.  However, Boustead states that any email (and any attachments to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(4)(C) (and each of its two subparts).

D.  Boustead denies the allegations in paragraph 41(4)(D).

5)  The allegations in paragraph 41(4) do not call for a response.

A.  Boustead admits only that it remitted the Auray's investments in OneJet to OneJet on or around September 27, 2017 and January 12, 2018 and denies the remaining allegations in paragraph 41(5)(A).

B.  Boustead is unable to admit or deny the allegations in paragraph 41(5)(B) about who received a specific email and when.  However, Boustead states that any email (and any attachments to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(5)(B) (and each of its two subparts).

C.  Boustead is unable to admit or deny the allegations in paragraph 41(5)(C) about who received a specific email and when.  However, Boustead states that any email (and any attachments

4824-4000-3773.5

to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(5)(C) (and each of its five subparts).

D.  Boustead is unable to admit or deny the allegations in paragraph 41(5)(D) about who received a specific email and when.  However, Boustead states that any email (and any attachments to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(5)(D) (and each of its two subparts).

E.  Boustead is unable to admit or deny the allegations in paragraph 41(5)(E) about who received a specific email and when.  However, Boustead states that any email (and any attachments to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(5)(E).

F.  Boustead denies the allegations in paragraph 41(5)(F).

6)  Boustead in unable to admit or deny any of the allegations in paragraph 41(6) (and all of its subparts) and therefore puts Plaintiffs to their strictest proof thereof.

7)  Boustead is unable to admit or deny any of the allegations in paragraph 41(7) (and all of its subparts) and therefore puts Plaintiffs to their strictest proof thereof.

8)  Boustead is unable to admit or deny any of the allegations in paragraph 41(8) (and all of its subparts) and therefore puts Plaintiffs to their strictest proof thereof.

9)  Boustead is unable to admit or deny any of the allegations in paragraph 41(9) (and all of its subparts) and therefore puts Plaintiffs to their strictest proof thereof.

10) The allegations in paragraph 41(10) do not call for a response.

A.  Boustead admits only that it remitted Blair Oak's investments in OneJet to OneJet on or around March 20, 2017 and denies the remaining allegations in paragraph 41(10)(A).

B.  Boustead is unable to admit or deny the allegations in paragraph 41(10)(B) (and each of its subparts) about who received a specific email and when.  However, Boustead states that any email

(and any attachments to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(10)(B) (and each of its subparts).

C.   Boustead is unable to admit or deny the allegations in paragraph 41(10)(C) (and each of its subparts) about who received a specific email and when.  However, Boustead states that any email (and any attachments to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(10)(C) (and each of its subparts).

D.   Boustead is unable to admit or deny the allegations in paragraph 41(10)(D) (and each of its subparts) about who received a specific email and when.  However, Boustead states that any email (and any attachments to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(10)(D) (and each of its subparts).

E.   Boustead is unable to admit or deny the allegations in paragraph 41(10)(E) (and each of its subparts) about who attended a specific meeting and when.  Boustead denies the remaining allegations in paragraph 41(10)(E) (and each of its subparts).

F.   Boustead is unable to admit or deny the allegations in paragraph 41(10)(F) and therefore puts Plaintiffs to their strictest proof thereof.

G.   Boustead is unable to admit or deny the allegations in paragraph 41(10)(G) about who received a specific email and when.  However, Boustead states that any email (and any attachments to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(10)(G).

H.   Boustead is unable to admit or deny the allegations in paragraph 41(10)(H) (and each of its subparts) about who received a specific email and when.  However, Boustead states that any email (and any attachments to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(10)(H).

I.   Boustead is unable to admit or deny the allegations in paragraph 41(10)(I) (and its subpart) about who received a specific email and when.  However, Boustead states that any email (and any attachments to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(10)(I) (and its subpart).

J.   Boustead is unable to admit or deny the allegations in paragraph 41(10)(J) about who received a specific email and when.  However, Boustead states that any email (and any attachments to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(10)(J).

K.   Boustead is unable to admit or deny the allegations in paragraph 41(10)(K) about who received a specific email and when.  However, Boustead states that any email (and any attachments to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(10)(K).

L.   Boustead is unable to admit or deny the allegations in paragraphs 41(10)(L), (M), (N), (O) and (P) and therefore puts Plaintiffs to their strictest proof thereof.

M.   Boustead denies the allegations in paragraph 41(10)(Q).

11)  Boustead is unable to admit or deny any of the allegations in paragraph 41(11) (and all of its subparts) and therefore puts Plaintiffs to their strictest proof thereof.

12)  Boustead is unable to admit or deny any of the allegations in paragraph 41(12) (and all of its subparts) and therefore puts Plaintiffs to their strictest proof thereof.

13)  The allegations in paragraph 41(13) do not call for a response.

A.   Boustead admits only that it remitted Connors' and Houmis' investments in OneJet to OneJet on or around July 31, 2017, and December 13, 2017 denies the remaining allegations in paragraph 41(13)(A).

B.  Boustead is unable to admit or deny the allegations in paragraph 41(13)(B) about who attended a specific phone meeting and when.  Boustead denies the remaining allegations in paragraph 41(13)(B) and denies that Pirchesky made material misrepresentations.

C.   Boustead is unable to admit or deny the allegations in paragraph 41(13)(C) about who received a specific email and when.  However, Boustead states that any email (and any attachments to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(13)(C).

D.  Boustead is unable to admit or deny the allegations in paragraph 41(13)(D) about who received a specific email and when.  However, Boustead states that any email (and any attachments to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(13)(D).

E.  Boustead is unable to admit or deny the allegations in paragraph 41(13)(E) about who attended a specific meeting and when.  Boustead denies the remaining allegations in paragraph 41(13)(E) and denies that Pirchesky made material misrepresentations.

F.  Boustead denies the allegations in paragraph 41(13)(F).

14) The allegations in paragraph 41(14) do not call for a response.

A.  Boustead admits only that it remitted Andrew Constantakis' investments in OneJet to OneJet on or around July 31, 2017 and denies the remaining allegations in paragraph 41(14)(A).

B.  Boustead admits only that it remitted Andrew Constantakis' investments in OneJet to OneJet on or around July 31, 2017 and denies the remaining allegations in paragraph 41(14)(B).

C.  Boustead denies the allegations in paragraph 41(14)(C).

D.  Boustead is unable to admit or deny the allegations in paragraph 41(14)(D) about who received a specific email and when.  However, Boustead states that any email (and any attachments to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(14)(D).

15) The allegations in paragraph 41(15) do not call for a response.

4824-4000-3773.5

A.  Boustead admits only that it remitted Nicholas and Veronica Constantakis' investments in OneJet to OneJet on or around July 31, 2017, and December 7, 2017, and denies the remaining allegations in paragraph 41(15)(A).

B.  Boustead is unable to admit or deny the allegations in paragraph 41(15)(B) (and all of its subparts) about who received a specific email and when.  However, Boustead states that any email (and any attachments to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(15)(B).

C.  Boustead is unable to admit or deny the allegations in paragraph 41(15)(C) about who attended a specific phone meeting and when.  Boustead denies the remaining allegations in paragraph 41(15)(C) and denies that Pirchesky made material misrepresentations.

D.  Boustead is unable to admit or deny the allegations in paragraph 41(15)(D) about who received a specific email and when.  However, Boustead states that any email (and any attachments to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(15)(D).

E.  Boustead is unable to admit or deny the allegations in paragraph 41(15)(E) and (F) and therefore puts Plaintiffs to their strictest proof thereof.

16) Boustead is unable to admit or deny any of the information in paragraph 41(16) (and all of its subparts) and therefore puts Plaintiffs to their strictest proof thereof.

17) Boustead is unable to admit or deny any of the allegations in paragraph 41(17) (and all of its subparts) and therefore puts Plaintiffs to their strictest proof thereof.

18) Boustead is unable to admit or deny any of the allegations in paragraph 41(18)[2] (and any subparts) and therefore puts Plaintiffs to their strictest proof thereof.

---

[2] Plaintiffs appear to have mislabeled this paragraph as "(19)" instead of "(18)".

19) Boustead is unable to admit or any of the allegations in paragraph 41(19) (and any subparts) and therefore puts Plaintiffs to their strictest proof thereof.

20) Boustead is unable to admit or deny any of the allegations in paragraph 41(20) (and all of its subparts) and therefore puts Plaintiffs to their strictest proof thereof.

21) The allegations in paragraph 41(21) do not call for a response.

A.  Boustead admits only that it remitted Flighthawk's investments in OneJet to OneJet on or around April 10, 2018 and denies the remaining allegations in paragraph 41(21)(A).

B.  Boustead is unable to admit or deny the allegations in paragraph 41(21)(B) about who received a specific email and when.  However, Boustead states that any email (and any attachments to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(21)(B).

C.  Boustead is unable to admit or deny the allegations in paragraph 41(21)(C) about who received a specific text message and when.  However, Boustead states that any text message speaks for itself.  Boustead denies the remaining allegations in paragraph 41(21)(C).

D.  Boustead is unable to admit or deny the allegations in paragraph 41(21)(D) (and all of its subparts) about who received a specific email and when.  However, Boustead states that any email (and any attachments to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(21)(D) (and all of its subparts).

E.  Boustead is unable to admit or deny the allegations in paragraph 41(21)(E) about who received a specific email and when.  However, Boustead states that any email (and any attachments to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(21)(E).

F.  Boustead is unable to admit or deny the allegations in paragraph 41(21)(F), (G) and (H) (and all of their subparts) about who received a specific email and when.  However, Boustead

states that any email (and any attachments to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(21)(F), (G) and (H) (and all of their subparts).

G.  Boustead denies the allegations in paragraph 41(21)(I).

22) The allegations in paragraph 41(22) do not call for a response.

A.  Boustead admits only that it remitted the George's investments in OneJet to OneJet on or around July 31, 2017, September 13, 2017 and December 15, 2017 and denies the remaining allegations in paragraph 41(22)(A).

B.  Boustead is unable to admit or deny the allegations in paragraphs 41(22)(B) and (C) and therefore puts Plaintiffs to their strictest proof thereof.

C.  Boustead denies the allegations in paragraph 41(22)(D).

23) Boustead is unable to admit or deny any of the allegations in paragraph 41(23) (and all of its subparts) and therefore puts Plaintiffs to its strictest proof thereof.

24) Boustead is unable to admit or deny any of the allegations in paragraph 41(24) (and all of its subparts) and therefore puts Plaintiffs to its strictest proof thereof.

25) The allegations in paragraph 41(25) do not call for a response.

A.  Boustead admits only that it remitted the Hunt's investments in OneJet to OneJet on or around March 15, 2018 and denies the remaining allegations in paragraph 41(25)(A).

B.  Boustead is unable to admit or deny any of the allegations in paragraph 41(25)(B) (or any of its subparts) and therefore puts Plaintiffs to their strictest proof thereof.

C.  Boustead is unable to admit or deny the allegations in paragraph 41(25)(C) (and its subpart) about who received a specific email and when.  However, Boustead states that any email (and any attachments to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(25)(C) (and its subpart).

4824-4000-3773.5

D.  Boustead denies the allegations in paragraph 41(25)(D).

26) Boustead is unable to admit or deny any of the allegations in paragraph 41(26) (and all of its subparts) and therefore puts Plaintiffs to their strictest proof thereof.

27) The allegations in paragraph 41(27) do not call for a response.

A.  Boustead admits only that it remitted the Johnson's investments in OneJet to OneJet on or around April 6, 2017 and denies the remaining allegations in paragraph 41(27)(A).

B.  Boustead is unable to admit or deny the allegations in paragraph 41(27)(B) (and its subparts) about who received a specific email and when.  However, Boustead states that any email (and any attachments to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(27)(B) (and its subparts).

C.  Boustead denies the allegations in paragraph 41(27)(C).

28) Boustead is unable to admit or deny any of the allegations in paragraph 41(28) (and all of its subparts) and therefore puts Plaintiffs to their strictest proof thereof.

29) Boustead is unable to admit or deny any of the allegations in paragraph 41(29) (and all of its subparts) and therefore puts Plaintiffs to their strictest proof thereof.

30) Boustead is unable to admit or deny any of the allegations in paragraph 41(30) (and all of its subparts) and therefore puts Plaintiffs to their strictest proof thereof.

31) Boustead is unable to admit or deny any of the allegations in paragraph 41(31) (and all of its subparts) and therefore puts Plaintiffs to their strictest proof thereof.

32) The allegations in paragraph 41(32) do not call for a response.

A.  Boustead admits only that it remitted Lewis's investments in OneJet to OneJet on or around October 16, 2017 and denies the remaining allegations in paragraph 41(32)(A).

B.  Boustead denies the allegations in paragraph 41(32)(B).

33) The allegations in paragraph 41(33) do not call for a response.

A.  Boustead admits only that it remitted Liken's investments in OneJet to OneJet on or around March 30, 2017 and denies the remaining allegations in paragraph 41(33)(A).

B.  Boustead is unable to admit or deny the allegations in paragraph 41(33)(B) and (C) (and their subparts) about who received a specific email and when.  However, Boustead states that any email (and any attachments to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(33)(B) and (C) (and their subparts).

C.  Boustead denies the allegations in paragraph 41(33)(D).

34) The allegations in paragraph 41(34) do not call for a response.

A.  Boustead denies the allegations in paragraph 41(34)(A).

B.  Boustead is unable to admit or deny the allegations in paragraph 41(34)(B) (and its subparts) about who received a specific email and when.  However, Boustead states that any email (and any attachments to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(34)(B) (and its subparts).

C.  Boustead is unable to admit or deny the allegations in paragraph 41(34)(C) and puts plaintiffs to their strictest proof thereof.

D.  Boustead denies the allegations in paragraph 41(34)(D).

35) Boustead is unable to admit or deny any of the allegations in paragraph 41(35) (and its subparts) and therefore puts Plaintiffs to their strictest proof thereof.

36) Boustead is unable to admit or deny any of the allegations in paragraph 41(36) (and its subparts) and therefore puts Plaintiffs to their strictest proof thereof.

37) Boustead is unable to admit or deny any of the allegations in paragraph 41(37) (and its subparts) and therefore puts Plaintiffs to their strictest proof thereof.

38) Boustead is unable to admit or deny any of the allegations in paragraph 41(38) (and its subparts) and therefore puts Plaintiffs to their strictest proof thereof.

39) Boustead is unable to admit or deny any of the allegations in paragraph 41(39) (and its subparts) and therefore puts Plaintiffs to their strictest proof thereof.

40) The allegations in paragraph 41(40) do not call for a response.

A.  Boustead admits only that it remitted Orttech's investments in OneJet to OneJet on or around June 14, 2017 and December 15, 2017 and and denies the remaining allegations in paragraph 41(40)(A).

B.  Boustead is unable to admit or deny the allegations in paragraph 41(40)(B), (C) and (D) (and their subparts) and therefore puts Plaintiffs to their strictest proof thereof.

41) The allegations in paragraph 41(41) do not call for a response.

A.  Boustead admits only that it remitted Pietandrea's investments in OneJet to OneJet on or around December 29, 2017 and denies the remaining allegations in paragraph 41(41)(A).

B.  Boustead is unable to admit or deny the allegations in paragraph 41(41)(B) (and its subparts) about who received a specific email and when.  However, Boustead states that any email (and any attachments to the email) speaks for itself.  Boustead denies the remaining allegations in paragraph 41(41)(B) (and its subparts).

C.  Boustead denies the allegations in paragraph 41(41)(C).

42) The allegations in paragraph 41(42) do not call for a response.

A.  Boustead admits only that it remitted the Restivo's investments in OneJet to OneJet on or around July 31, 2017 and December 20, 2017 and denies the remaining allegations in paragraph 41(42)(A).

4824-4000-3773.5

B.   Boustead is unable to admit or deny the allegations in paragraphs 41(42)(B) and (D) (and their subparts) about who received a specific email and when.  However, Boustead states that any email (and any attachments to the email) speaks for itself.   Boustead denies the remaining allegations in paragraph 41(42)(B) and (D) (and their subparts).

C.   Boustead denies the allegations in paragraph 41(42)(C), (D) and (F).

43) Boustead is unable to admit or deny any of the allegations in paragraph 41(43) and therefore puts Plaintiffs to their strictest proof thereof.

44) Boustead is unable to admit or deny any of the allegations in paragraph 41(44) and therefore puts Plaintiffs to their strictest proof thereof.

45) Boustead is unable to admit or deny any of the allegations in paragraph 41(45) and therefore puts Plaintiffs to their strictest proof thereof.

46) Boustead is unable to admit or deny any of the allegations in paragraph 41(46) and therefore puts Plaintiffs to their strictest proof thereof.

47) Boustead is unable to admit or deny any of the allegations in paragraph 41(47) and therefore puts Plaintiffs to their strictest proof thereof.

48) Boustead is unable to admit or deny any of the allegations in paragraph 41(48) and therefore puts Plaintiffs to their strictest proof thereof.

49) Boustead is unable to admit or deny any of the allegations in paragraph 41(49) and therefore puts Plaintiffs to their strictest proof thereof.

50) Boustead is unable to admit or deny any of the allegations in paragraph 41(50) and therefore puts Plaintiffs to their strictest proof thereof.

51) Boustead is unable to admit or deny any of the allegations in paragraph 41(51) and therefore puts Plaintiffs to their strictest proof thereof.

52) The allegations in paragraph 41(52) do not call for a response.

A.  Boustead admits only that it remitted Triad's investments in OneJet to OneJet on or around June 14, 2017 and December 15, 2017 and denies the remaining allegations in paragraph 41(52)(A).

B.  Boustead is unable to admit or deny the allegations in paragraph 41(52) (B) and (D) and therefore puts Plaintiffs to their strictest proof thereof.

C.  Boustead denies the allegations in paragraph 41(52)(C).

53) Boustead is unable to admit or deny any of the allegations in paragraph 41(53) and therefore puts Plaintiffs to their strictest proof thereof.

54) Boustead is unable to admit or deny any of the allegations in paragraph 41(54) and therefore puts Plaintiffs to their strictest proof thereof.

55) Boustead is unable to admit or deny any of the allegations in paragraph 41(55) and therefore puts Plaintiffs to their strictest proof thereof.

56) Boustead is unable to admit or deny any of the allegations in paragraph 41(56) and therefore puts Plaintiffs to their strictest proof thereof.

57) Boustead is unable to admit or deny any of the allegations in paragraph 41(57) and therefore puts Plaintiffs to their strictest proof thereof.

58) The allegations in paragraph 41(58) do not call for a response.

A.  Boustead admits only that it remitted the Gregory S. Zenczak Trust's investments in OneJet to OneJet on or around June 14, 2017 and denies the remaining allegations in paragraph 41(58)(A).

B.  Boustead is unable to admit or deny the allegations in paragraph 41(58) (B) and (D) and therefore puts Plaintiffs to their strictest proof thereof.

C.  Boustead denies the allegations in paragraph 41(58)(C).

59) The allegations in paragraph 41(59) do not call for a response.

A.  Boustead admits only that it remitted the Stephen J. Zenczak Trust's investments in OneJet to OneJet on or around June 14, 2017 and denies the remaining allegations in paragraph 41(59)(A).

B.  Boustead is unable to admit or deny the allegations in paragraph 41(59) (B) and (D) and therefore puts Plaintiffs to their strictest proof thereof.

C.  Boustead denies the allegations in paragraph 41(59)(C).

### The Maguires made materially misleading statements to the Plaintiffs

42. Boustead is unable to admit or deny any of the allegations in paragraph 42 and therefore puts Plaintiffs to their strictest proof thereof.

43. Boustead is unable to admit or deny any of the allegations in paragraph 43 and therefore puts Plaintiffs to their strictest proof thereof.

44. Boustead is unable to admit or deny any of the allegations in paragraph 44 and therefore puts Plaintiffs to their strictest proof thereof.

45. Boustead is unable to admit or deny any of the allegations in paragraph 45 and therefore puts Plaintiffs to their strictest proof thereof.

46. Boustead is unable to admit or deny any of the allegations in paragraph 46 and therefore puts Plaintiffs to their strictest proof thereof.

47. Boustead is unable to admit or deny any of the allegations in paragraph 47 (and all of its subparts) and therefore puts Plaintiffs to their strictest proof thereof.

48. Boustead is unable to admit or deny any of the allegations in paragraph 48 (and all of its subparts) and therefore puts Plaintiffs to their strictest proof thereof.

49. Boustead is unable to admit or deny any of the allegations in paragraph 49 and therefore puts Plaintiffs to their strictest proof thereof.

**The retention of Boustead Securities**

50. Boustead denies the allegations in paragraph 50 and instead states that OneJet (not the Maguires) entered into a contractual arrangement with Boustead to assist OneJet (not the Maguires) in securing investors and investment capital for OneJet, as dictated by the terms and conditions of the contract.

51. Boustead is unable to admit or deny when someone sent or received an email, but states that any emails mentioned in paragraph 51 speak for themselves.  Boustead is unable to admit or deny the remaining allegations in paragraph 51 and therefore puts Plaintiffs to their strictest proof thereof.

52. Boustead admits the allegations in paragraph 52 that Boustead is a registered broker-dealer with the Financial Industry Regulatory Authority ("FINRA").  Boustead denies the remaining allegations in paragraph 52 and states that the "Rules and Regulations" of FINRA speak for themselves.

53. Boustead denies the allegations in paragraph 53 that the Maguires agreed to pay Boustead a 10% "Finder's Fee" for all OneJet securities that Boustead sold.  Boustead admits that any fees that it received before or after remitting investments in OneJet to OneJet were split between Boustead, Campbell and Pirchesky.

    1)  Boustead is unable to admit or deny any of the allegations in paragraph 53(A) and states that any emails referenced speak for themselves.

    2)  Boustead is unable to admit or deny any of the allegations in paragraph 53(B) and states that any emails referenced speak for themselves.

54. Boustead denies the allegations in paragraph 54 that Boustead was retained by the Maguires. Boustead admits only that Campbell and Pirchesky were registered representatives of Boustead and denies the remaining allegations in paragraph 54.

55. Boustead admits only that Campbell and Pirchesky were registered representatives of Boustead and is unable to admit or deny the remaining allegations in paragraph 55, and therefore puts Plaintiffs to their strictest proof thereof.

56. Boustead denies the allegations in paragraph 56 (and all of its subparts).

57. Boustead is unable to admit or deny the allegations in paragraph 57, but states that Campbell and Pirchesky were registered representatives of Boustead and that any alleged slideshow presentations would speak for themselves.

58. Boustead denies the allegations in paragraph 58 (and all of its subparts).

59. Boustead denies the allegations in paragraph 59 (and all of its subparts).

60. Boustead denies the allegations in paragraph 60.

61. Boustead admits only that it is registered with FINRA and denies the remaining claims in paragraph 61.

62. Boustead is unable to admit or deny the allegations in paragraph 62 about who received a certain email or when they received it. However, Boustead states that the email speaks for itself and denies the remaining allegations in paragraph 62.

63. Boustead is unable to admit or deny the allegations in paragraph 63 about who received a certain email or when they received it. However, Boustead states that the email speaks for itself and denies the remaining allegations in paragraph 63.

64. Boustead denies the allegations in paragraph 64.

65. Boustead denies the allegations in paragraph 65.

66. Boustead is unable to admit or deny the allegations in paragraph 66 about who received a certain email or when they received it.  However, Boustead states that the email speaks for itself and denies the remaining allegations in paragraph 66.

67. Boustead denies the allegations in paragraph 67.

### Robert Lewis and David Minnotte Solicit Investors

68. Boustead is unable to admit or deny any of the allegations in paragraph 68 and therefore puts Plaintiffs to their strictest proof thereof.

69. Boustead is unable to admit or deny any of the allegations in paragraph 69 (and each of its subparts) and therefore puts Plaintiffs to their strictest proof thereof.

70. Boustead is unable to admit or deny any of the allegations in paragraph 70 and therefore puts Plaintiffs to their strictest proof thereof.

71. Boustead is unable to admit or deny any of the allegations in paragraph 71 and therefore puts Plaintiffs to their strictest proof thereof.

72. Boustead is unable to admit or deny any of the allegations in paragraph 72 (and each of its subparts) and therefore puts Plaintiffs to their strictest proof thereof.

73. Boustead is unable to admit or deny any of the allegations in paragraph 73 and therefore puts Plaintiffs to their strictest proof thereof.

74. Boustead is unable to admit or deny any of the allegations in paragraph 74 and therefore puts Plaintiffs to their strictest proof thereof.

75. Boustead is unable to admit or deny any of the allegations in paragraph 75 (and all of its subparts) and therefore puts Plaintiffs to their strictest proof thereof.

**The "Naples Club"**

76. Boustead is unable to admit or deny any of the allegations in paragraph 76 and therefore puts Plaintiffs to their strictest proof thereof.

77. Boustead is unable to admit or deny any of the allegations in paragraph 77 and therefore puts Plaintiffs to their strictest proof thereof.

78. Boustead is unable to admit or deny any of the allegations in paragraph 78 and therefore puts Plaintiffs to their strictest proof thereof.

79. Boustead is unable to admit or deny any of the allegations in paragraph 79 and therefore puts Plaintiffs to their strictest proof thereof.

80. Boustead is unable to admit or deny any of the allegations in paragraph 80 and therefore puts Plaintiffs to their strictest proof thereof.

81. Boustead is unable to admit or deny any of the allegations in paragraph 81 and therefore puts Plaintiffs to their strictest proof thereof.

**OneJet Announces Plan to Acquire Ultimate JetCharters**

82. Boustead is unable to admit or deny any of the allegations in paragraph 82 and therefore puts Plaintiffs to their strictest proof thereof.

83. Boustead is unable to admit or deny any of the allegations in paragraph 83 and therefore puts Plaintiffs to their strictest proof thereof.

84. Boustead is unable to admit or deny any of the allegations in paragraph 84 and therefore puts Plaintiffs to their strictest proof thereof.

85. Boustead is unable to admit or deny any of the allegations in paragraph 85 and therefore puts Plaintiffs to their strictest proof thereof.

4824-4000-3773.5

86. Boustead is unable to admit or deny any of the allegations in paragraph 86 and therefore puts Plaintiffs to their strictest proof thereof.

87. Boustead is unable to admit or deny any of the allegations in paragraph 87 and therefore puts Plaintiffs to their strictest proof thereof.

## OneJet Defaults on its Obligations to Vendors

88. Boustead is unable to admit or deny any of the allegations in paragraph 88 and therefore puts Plaintiffs to their strictest proof thereof.

89. Boustead is unable to admit or deny any of the allegations in paragraph 89 and therefore puts Plaintiffs to their strictest proof thereof.

90. Boustead denies the allegations in paragraph 90.

91. Boustead denies the allegations in paragraph 91

## OneJet Defaults on its Obligations to the Airport Authority

92. Boustead is unable to admit or deny any of the allegations in paragraph 92 and therefore puts Plaintiffs to their strictest proof thereof.

93. Boustead is unable to admit or deny any of the allegations in paragraph 93 and therefore puts Plaintiffs to their strictest proof thereof.

94. Boustead is unable to admit or deny any of the allegations in paragraph 94 (and its subparts) and therefore puts Plaintiffs to their strictest proof thereof.

95. Boustead is unable to admit or deny any of the allegations in paragraph 95 and therefore puts Plaintiffs to their strictest proof thereof.

96. Boustead is unable to admit or deny any of the allegations in paragraph 96 and therefore puts Plaintiffs to their strictest proof thereof.

**OneJet Fails to Pay its Taxes**

97. Boustead is unable to admit or deny any of the allegations in paragraph 97 and therefore puts Plaintiffs to their strictest proof thereof.

98. Boustead is unable to admit or deny any of the allegations in paragraph 98 and therefore puts Plaintiffs to their strictest proof thereof.

**OneJet Ceases Operations**

99. Boustead is unable to admit or deny any of the allegations in paragraph 99 and therefore puts Plaintiffs to their strictest proof thereof.

100.    Boustead is unable to admit or deny any of the allegations in paragraph 100 and therefore puts Plaintiffs to their strictest proof thereof.

101.    Boustead is unable to admit or deny any of the allegations in paragraph 101 and therefore puts Plaintiffs to their strictest proof thereof.

102.    Boustead is unable to admit or deny any of the allegations in paragraph 102 and therefore puts Plaintiffs to their strictest proof thereof.

103.    Boustead is unable to admit or deny any of the allegations in paragraph 103 and therefore puts Plaintiffs to their strictest proof thereof.

104.    Boustead is unable to admit or deny any of the allegations in paragraph 104 and therefore puts Plaintiffs to their strictest proof thereof.

105.    Boustead is unable to admit or deny any of the allegations in paragraph 105 and therefore puts Plaintiffs to their strictest proof thereof.

**The Involuntary Chapter 7 Petition**

106.    Boustead admits the allegations in paragraph 106.

107.    Boustead admits the allegations in paragraph 107.

108.     Boustead is unable to admit or deny any of the allegations in paragraph 108 and states that any Order granted by the Court speaks for itself.

109.     Boustead is unable to admit or deny any of the allegations in paragraph 109 and therefore puts Plaintiffs to their strictest proof thereof.

110.     Boustead is unable to admit or deny any of the allegations in paragraph 110 and therefore puts Plaintiffs to their strictest proof thereof.

111.     Boustead is unable to admit or deny any of the allegations in paragraph 111 (and all of its subparts) and therefore puts Plaintiffs to their strictest proof thereof.

**Count 1: Plaintiffs v. Matthew Maguire and Patrick Maguire**

**Violation of Section 501 of the Pennsylvania Securities Act: 70 P.S. §1-501**

112.     Boustead is unable to admit or deny any of the allegations in paragraph 112 and therefore puts Plaintiffs to their strictest proof thereof.

113.     The allegations in paragraph 113 are a legal conclusion to which no response is required.

114.     The allegations in paragraph 114 are a legal conclusion to which no response is required.

115.     The allegations in paragraph 115 are a legal conclusion to which no response is required.

116.     The allegations in paragraph 116 are a legal conclusion to which no response is required.

117.     The allegations in paragraph 117 are a legal conclusion to which no response is required.

4824-4000-3773.5

118.       The allegations in paragraph 118 are a legal conclusion to which no response is required.

119.       The allegations in paragraph 119 are a legal conclusion to which no response is required.

120.       The allegations in paragraph 120 are a legal conclusion to which no response is required.

121.       The allegations in paragraph 121 are a legal conclusion to which no response is required.

122.       The allegations in paragraph 122 are a legal conclusion to which no response is required.

**Count 2: Plaintiffs v. Pirchesky, Campbell and Boustead Securities, LLC
Violation of Section 403, 501 of the Pennsylvania Securities Act: 70 P.S. §1-403 and 1-501[3]**

123.       Boustead is unable to admit or deny any of the allegations in paragraph 123 and therefore puts Plaintiffs to their strictest proof thereof.

124.       The allegations in paragraph 124 are a legal conclusion to which no response is required.

125.       The allegations in paragraph 122 are a legal conclusion to which no response is required.

126.       The allegations in paragraph 126 are a legal conclusion to which no response is required.

127.       Boustead denies the allegations in paragraph 127.

---

[3] The Court dismissed Count II as to Boustead and Campbell; however, Boustead responds to Count II regardless.

128.      Boustead denies the allegations in paragraph 128 (and all of its subparts).

129.      Boustead denies the allegations in paragraph 129.

130.      Boustead denies the allegations in paragraph 130.

131.      Boustead denies the allegations in paragraph 131.

132.      Boustead denies the allegations in paragraph 132.

133.      Boustead denies the allegations in paragraph 133.

**Count 3: Plaintiffs v. Matthew Maguire, Patrick Maguire, Pirchesky, Campbell,
Boustead Securities, LLC
Violation of Section 503 of the Pennsylvania Securities Act: 70 P.S.A. §1-503**

134.      Boustead denies the allegations in paragraph 134.

135.      The allegations in paragraph 135 are a legal conclusion to which no response is
required.

136.      Boustead denies the allegations in paragraph 136.

137.      Boustead denies the allegations in paragraph 137.

138.      Boustead denies the allegations in paragraph 138.

139.      Boustead denies the allegations in paragraph 139.

140.      Boustead denies the allegations in paragraph 140.

141.      Boustead denies the allegations in paragraph 141.

**Count 4: Plaintiffs v. Matthew Maguire, Patrick Maguire, Pirchesky, Campbell and
Boustead Securities, LLC**

142.      Boustead denies the allegations in paragraph 142.

143.      Boustead denies the allegations in paragraph 143.

144.      The allegations in paragraph 144 are a legal conclusion to which no response is
required.

4824-4000-3773.5

145.     The allegations in paragraph 145 are a legal conclusion to which no response is required.

146.     Boustead denies the allegations in paragraph 146.

147.     Boustead denies the allegations in paragraph 147.

### Count 5: Plaintiffs v. Robert Lewis
### Violations of Sections 501 and 503 of the Pennsylvania Securities Act: 70 P.S. §1-501 and 1-503

148.     Boustead denies the allegations in paragraph 148.

149.     Boustead is unable to admit or deny any of the allegations in paragraph 149 and therefore puts Plaintiffs to their strictest proof thereof.

150.     Boustead is unable to admit or deny any of the allegations in paragraph 150 and therefore puts Plaintiffs to their strictest proof thereof.

151.     Boustead is unable to admit or deny any of the allegations in paragraph 151 and therefore puts Plaintiffs to their strictest proof thereof.

152.     Boustead is unable to admit or deny any of the allegations in paragraph 152 and therefore puts Plaintiffs to their strictest proof thereof.

153.     Boustead is unable to admit or deny any of the allegations in paragraph 153 and therefore puts Plaintiffs to their strictest proof thereof.

154.     Boustead is unable to admit or deny any of the allegations in paragraph 154 and therefore puts Plaintiffs to their strictest proof thereof.

155.     Boustead is unable to admit or deny any of the allegations in paragraph 155 and therefore puts Plaintiffs to their strictest proof thereof.

156.     Boustead is unable to admit or deny any of the allegations in paragraph 156 and therefore puts Plaintiffs to their strictest proof thereof.

4824-4000-3773.5

157.       Boustead is unable to admit or deny any of the allegations in paragraph 157 and therefore puts Plaintiffs to their strictest proof thereof.

158.       Boustead is unable to admit or deny any of the allegations in paragraph 158 and therefore puts Plaintiffs to their strictest proof thereof.

159.       Boustead is unable to admit or deny any of the allegations in paragraph 159 and therefore puts Plaintiffs to their strictest proof thereof.

160.       Boustead is unable to admit or deny any of the allegations in paragraph 160 (and all of it subparts) and therefore puts Plaintiffs to their strictest proof thereof.

161.       Boustead is unable to admit or deny any of the allegations in paragraph 161 and therefore puts Plaintiffs to their strictest proof thereof.

162.       Boustead is unable to admit or deny any of the allegations in paragraph 162 and therefore puts Plaintiffs to their strictest proof thereof.

163.       Boustead is unable to admit or deny any of the allegations in paragraph 163 and therefore puts Plaintiffs to their strictest proof thereof.

164.       The allegations in paragraph 164 are a legal conclusion to which no response is required.

165.       The allegations in paragraph 165 are a legal conclusion to which no response is required.

166.       Boustead is unable to admit or deny any of the allegations in paragraph 166 and puts Plaintiffs to their strictest proof thereof.

167.       Boustead is unable to admit or deny any of the allegations in paragraph 167 (and all of its subparts) and therefore puts Plaintiffs to their strictest proof thereof.

168.     Boustead is unable to admit or deny any of the allegations in paragraph 168 and therefore puts Plaintiffs to their strictest proof thereof.

169.     Boustead denies the allegations in paragraph 169.

### Count 6: Plaintiffs v. Robert Lewis
### Aiding and Abetting Liability Under Common Law Principles

170.     Boustead denies the allegations in paragraph 170.

171.     The allegations in paragraph 171 are a legal conclusion to which no response is required.

172.     Boustead denies the allegations in paragraph 172 and therefore puts Plaintiffs to their strictest proof thereof.

### Count 7: Plaintiffs v. Robert Lewis and David Minnotte
### Aiding and Abetting Liability Under Common Law Principles

173.     Boustead denies the allegations in paragraph 173.

174.     Boustead is unable to admit or deny any of the allegations in paragraph 174 and therefore puts Plaintiffs to their strictest proof thereof.

175.     Boustead is unable to admit or deny any of the allegations in paragraph 175 and therefore puts Plaintiffs to their strictest proof thereof.

176.     Boustead is unable to admit or deny any of the allegations in paragraph 176 and therefore puts Plaintiffs to their strictest proof thereof.

177.     Boustead is unable to admit or deny any of the allegations in paragraph 177 and therefore puts Plaintiffs to their strictest proof thereof.

178.     Boustead is unable to admit or deny any of the allegations in paragraph 178 and therefore puts Plaintiffs to their strictest proof thereof.

4824-4000-3773.5

179.     Boustead is unable to admit or deny any of the allegations in paragraph 179 and therefore puts Plaintiffs to their strictest proof thereof.

180.     Boustead is unable to admit or deny who received a specific email or when, but states that the email referenced in paragraph 180 speaks for itself.  Boustead denies the remaining allegations in paragraph 180 and therefore puts Plaintiffs to their strictest proof thereof.

181.     Boustead is unable to admit or deny who received a specific email or when, but states that the email referenced in paragraph 181 speaks for itself.  Boustead denies the remaining allegations in paragraph 181 and therefore puts Plaintiffs to their strictest proof thereof.

182.     Boustead is unable to admit or deny who received a specific email or when, but states that the email referenced in paragraph 182 speaks for itself.  Boustead denies the remaining allegations in paragraph 182 and therefore puts Plaintiffs to their strictest proof thereof.

183.     Boustead is unable to admit or deny any of the allegations in paragraph 183 and therefore puts Plaintiffs to their strictest proof thereof.

184.     Boustead is unable to admit or deny who received a specific email or when, but states that the email referenced in paragraph 184 speaks for itself.  Boustead denies the remaining allegations in paragraph 184 and therefore puts Plaintiffs to their strictest proof thereof.

185.     Boustead is unable to admit or deny any of the allegations in paragraph 185 and therefore puts Plaintiffs to their strictest proof thereof.

186.     Boustead denies the allegations in paragraph 186.

187.     Boustead is unable to admit or deny any of the allegations in paragraph 187 and therefore puts Plaintiffs to their strictest proof thereof.

188.     Boustead denies the allegations in paragraph 188.

## Count 8: Plaintiffs v. Pirchesky, Campbell and Boustead Securities, LLC
### Negligent Misrepresentation

189.      Boustead denies the allegations in paragraph 189.

190.      The allegations in paragraph 190 are a legal conclusion to which no response is required.

191.      The allegations in paragraph 191 are a legal conclusion to which no response is required.

192.      Boustead denies the allegations in paragraph 192.

193.      Boustead denies the allegations in paragraph 193.

194.      Boustead denies the allegations in paragraph 194.

195.      Boustead denies the allegations in paragraph 195.

196.      Boustead denies the allegations in paragraph 196.

197.      Boustead denies the allegations in paragraph 197.

198.      Boustead denies the allegations in paragraph 198, but states that Boustead, Campbell and Pirchesky received fees as dictated by the controlling contracts and agreements.

199.      Boustead denies the allegations in paragraph 199.

200.      Boustead denies the allegations in paragraph 200.

201.      Boustead denies the allegations in paragraph 201.

### AFFIRMATIVE DEFENSES

1.  Boustead incorporates herein by reference their responses to paragraphs 1 through 201 above in this answer to Plaintiffs' Amended Complaint as though the same were set for herein at length.

2.  Plaintiffs have failed to state a claim against Boustead upon which relief can be granted.

3.   Plaintiffs' alleged damages, if any, were caused by third parties over whom Boustead has no dominion or exercise of control.

4.   Plaintiffs' claims fail for lack of causation.

5.   Plaintiffs' alleged damages, if any, were caused by Plaintiffs' own contributory negligence or other wrongful conduct.

6.   Plaintiffs' equitable claims are barred by the existence of a valid, enforceable contract.

7.   Plaintiffs' claims are barred, in whole or part, because Plaintiffs assumed the risk of any and all damages of which they claim to have suffered.

8.   Plaintiffs' claims are barred due to the lack of any fiduciary duty from Boustead to Plaintiffs.

9.   Plaintiffs' claims are barred because Boustead did not have any relationship (whether contractual or otherwise) with many of the Plaintiffs in the Amended Complaint.

10. Plaintiffs' claims are barred by the doctrines of laches, unclean hands, waiver and/or estoppel.

11. Plaintiffs' claims are barred as a result of Plaintiffs' failure to mitigate their damages.

12. Plaintiffs' claims are barred as a result of the Subscription Agreements and other related documents that Plaintiffs signed with OneJet, in order to invest into OneJet, which release and/or otherwise waive all of the claims that Plaintiffs make in this lawsuit.

13. Boustead reserves the right to amend this pleading and assert additional affirmative defenses as may be deemed appropriate following discovery, including any and all affirmative defenses allowed under Rule 8 of the Federal Rules of Civil Procedure, as incorporated by Federal Rule of Bankruptcy Procedure 7008.

4824-4000-3773.5

**WHEREFORE**, Boustead respectfully requests that judgment be entered in its favor as follows:

1. For an award and judgment in favor of Defendants Boustead Securities, LLC, dismissing all remaining claims within Plaintiffs' Amended Complaint in its entirety with prejudice;

2. For an award of Defendant Defendants Boustead Securities, LLC and Robert Campbell's attorneys' fees and costs incurred in defense of Plaintiffs' Amended Complaint;

3. For any and all such other relief as the Court deems necessary following trial in this matter.

## BOUSTEAD SECURITIES LLC'S CROSS-CLAIMS AGAINST MATTHEW MAGUIRE AND THE ESTATE OF PATRICK MAGUIRE

### BACKGROUND AND PARTY ALLEGATIONS

1. Boustead Securities, LLC ("Boustead") is a broker / dealer registered with the Financial Industry Regulatory Authority ("FINRA").

2. Boustead is a California limited liability company with a principal place of business at 6 Venture, Suite 395, Irvine, California 92618.

3. Matthew Maguire ("Maguire") was, at all pertinent times to these cross-claims, the Chief Executive Officer ("CEO") and the principal day-to-day operator of OneJet, Inc. ("OneJet").

4. Maguire is, upon information and belief, a citizen and resident of Pennsylvania.

5. The Estate of Patrick Maguire ("Patrick Maguire")[4] was also a principal operator of and investor into OneJet and, upon information and belief, was the primary and/or initial incorporator of OneJet (or its predecessor) and was also an initial member of the Board of Directors of OneJet.

---

[4] During the pendency of this case, Patrick Maguire passed away and, in his place, The Estate of Patrick Maguire was substituted as the proper party. Although the Cross-Claims refer to "Patrick Maguire" for purposes of factual background, the actions at issue in the Cross-Claims were taken by Patrick Maguire, the individual.

4824-4000-3773.5

Upon information and belief, Patrick Maguire invested into OneJet both personally, and through his company, PRIMAIR, Inc.

6. Collectively, Matthew Maguire and The Estate of Patrick Maguire will be referred to as the "Maguires" where and when appropriate.

### THE MAGUIRES CONTRACT WITH BOUSTEAD AND PIRCHESKY TO SOLICIT INVESTORS INTO ONEJET.

7. From approximately February 2, 2017 to sometime in the Fall of 2018, OneJet and Matthew and Patrick Maguire engaged and contracted with Boustead and Pirchesky to solicit investors to invest into OneJet.

8. According to the First Amended Complaint ("FAC") (Doc. 216), "In February of 2017, the Maguires engaged Boustead Securities to assist them in securing investors and investment capital for OneJet."  (FAC at ¶ 50.)

9. Thus, Boustead (and by extension, Pirchesky) are Defendants in the underlying case **solely** because, according to the FAC, the "Maguires engaged Boustead Securities to assist them in securing investors and investment capital for OneJet."  (FAC at ¶ 50.)

10. In the contract (the "Agreement") that Maguire and OneJet signed with Boustead and Pirchesky to solicit investors into OneJet, OneJet and Maguire explicitly referenced that OneJet (and the Maguires) would provide accurate information about OneJet to Boustead and Pirchesky. Notably, Maguire signed the Agreement on behalf of OneJet, while both Boustead **_and_** Pirchesky signed the Agreement.  Within the Agreement, OneJet and the Maguires agreed with Boustead and Pirchesky that:

a. "[Boustead] shall perform its duties under this Agreement in a manner consistent with the instructions of [OneJet]."  (Agreement at ¶3(a).)

b.   "Due Diligence: Neither [OneJet], nor any of its directors, officers, or stakeholders, **should, in any way, rely on [Boustead] to perform any due diligence with respect to [OneJet].** It is expressly understood and agreed that the Investors [Plaintiffs] will have the opportunity to conduct their own due diligence on the Company and the opportunity."  (Agreement at ¶ 11) (emphasis added).

c.   "[OneJet] shall promptly provide [Boustead] with all relevant information about [OneJet] (to the extent available to [OneJet] in the case of parties other than [OneJet]) that shall be reasonably requested or required by [Boustead], **which information shall be complete and accurate in all material respects at the time furnished**."  (Agreement at ¶ 4(a)) (emphasis added).

d.   "Further, [OneJet] must approve the Financing or PPM, being prepared by BSL, before it is mailed to prospective investors."  (Agreement at ¶ 9.)

e.   "[OneJet] shall control all press releases or announcements to the public, the media or the industry regarding any Financing [sic] or business relationship involving [OneJet] or its affiliates." (Agreement at ¶ 10.)

f.   "[Boustead] represents and warrants that it shall conduct itself in compliance with applicable federal and state laws."  (Agreement at ¶ 13.)

11. The Agreement also provides for indemnification of Boustead (and Pirchesky) stating, in pertinent part:

> [OneJet] agrees that it shall indemnify and hold harmless, [Boustead], its members, managers, officers, employees, agents, affiliates, and controlling persons…from and against any and all loses, claims, damages, liabilities, or expenses, and all actions in respect thereof…incurred by an Indemnified Party [Boustead] with respect to, caused by, or otherwise arising out of any transaction contemplated by this Agreement or [Boustead's] performing the services contemplated hereunder…

(Agreement at ¶ Ex. A.)

**THE MAGUIRES ALLEGEDLY PROVIDE FALSE AND MISLEADING
INFORMATION TO BOUSTEAD AND PIRCHESKY, RESULITNG IN
BOUSTEAD AND PIRCHESKY BEING NAMED IN THIS LAWSUIT.**

12. The FAC alleges that Pirchesky solicited and/or had some sort of relationship with twenty-

two (22) Plaintiffs or groups of Plaintiffs, namely, the following:

a. Woody Partners

b. Aloe Brothers, LLC

c. Kevin Altomari

d. Robert and Marion Auray

e. Blair Oak Investments

f. Eugene Connors and Tina Houmis

g. Andrew Constantakis

h. Nicholas and Veronica Constantakis

i. Flighthawk, LLC

j. John and Carolyn George

k. William Hunt

l. James and Matthew Johnson

m. Michael Lewis

n. James Liken

o. Orrtech Ltd.

p. Robert Pietandrea

q. James and Gail Restivo

r. Triad Investments, Inc.

s. The Gregory S. Zenczak Family Dynasty Trust

t.   The Stephen J. Zenczak Family Dynasty Trust

u.   David Aloe; and

v.   Randy Lueth

(FAC ¶¶ at 7(1)-(59) and ¶ 41(1)-(59)).

13. The FAC alleges that Pirchesky (not Boustead) solicited and communicated with each and every one of the investors/Plaintiffs listed above in order to induce them to invest into OneJet.

14. The FAC also alleges that "Pirchesky is an Agent [sic] of Boustead Securities as defined by the [Pennsylvania Securities] Act."  (FAC at ¶ 11.)

## THE MAGUIRES FAIL TO PROVIDE BOUSTEAD WITH ACCURATE INFORMATION

15. Despite OneJet's and the Maguire's contractual promises to provide accurate information to Boustead (and, by extension, Pirchesky), according to the allegations in the FAC, the Maguires failed to do so.

16. For example, the FAC alleges that "Boustead Securities, through its agents Campbell and Pirchesky, sent OneJet financial documents to potential and existing investors."  (FAC at ¶ 56.) The FAC alleges then alleges that thirteen (13) separate documents that Boustead and Pirchesky sent to investors were "woefully inaccurate, false and/or misleading."  (Id.)

17. The specific documents that Plaintiffs allege were "woefully inaccurate, false and/or misleading" in paragraph 56 of the FAC came directly from the Maguires (not Boustead) and, therefore, the Maguires are liable to Boustead for any and all claims against Boustead and Pirchesky in the FAC.

18. Likewise, the FAC alleges that Boustead simply "repeated many of the material misstatements made by the Maguires in order to solicit investors for OneJet."  (FAC at ¶ 58.)

19. The alleged "material misstatements" that Boustead is accused of repeating to investors (through Pirchesky) in paragraph 58 of the FAC came directly from the Maguires (not Boustead) and, therefore, the Maguires are liable to Boustead for any and all claims against Boustead and Pirchesky in the FAC.

20. The FAC also alleges that Boustead sent "email solicitations and 'executive summaries' to potential investors" which also contained a number of alleged false statements.  (FAC at ¶ 59.) However, the alleged "false" statements that Boustead is accused of passing on to investors (through Pirchesky) in paragraph 59 of the FAC came directly from the Maguires (not Boustead) and, therefore, the Maguires are liable to Boustead for any and all claims against Boustead and Pirchesky in the FAC.

## THE SPECIFIC CLAIMS AGAINST BOUSTEAD AND PIRCHESKY IN THIS LAWSUIT

21. Because of the allegedly false and allegedly materially misleading statements that the Maguires conveyed to Boustead and Pirchesky to pass on to certain Plaintiffs in this lawsuit, Boustead (and Pirchesky) were ultimately sued by certain Plaintiffs, for various claims.

22. Specifically, Plaintiffs brought claims against Boustead (and Pirchesky) for (1) violations of Sections 403 and 501 of the Pennsylvania Securities Act ("PSA") (Count II); (2) violations of Section 503 of the PSA (Count III); (3) Common Law Aiding and Abetting (Count III); and (4) Negligent Misrepresentation (Count VIII).

23. But for the allegedly wrongful and fraudulent conduct of the Maguires as described above, neither Boustead nor Pirchesky would have been named in this lawsuit and neither Boustead nor Pirchesky would be facing liability for the Maguire's alleged false statements.

24. Notably, Boustead and Pirchesky performed all appropriate due diligence before distributing information to the Plaintiffs (where alleged).

25. Any allegedly "false" or "misleading" information that Boustead or Pirchesky provided to the Plaintiffs (where alleged) is the direct and actual result of the false and misleading information that Maguires created and distributed.

26. Thus, the Maguires are wholly and completely liable for any and all allegations (including any monetary damages and attorneys' fees) that Boustead has incurred in defending against the claims and allegations in the FAC.

### Count I: Against Matthew Maguire and The Estate of Patrick Maguire (Contribution) (under Pennsylvania law)

27. Pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, applied in this adversary proceeding by Fed. R. Bankr. P. 7013, Boustead asserts the following cross-claim.

28. Boustead restates and realleges all previous paragraphs as if fully restated herein.

29. Boustead's claim against the Maguires for contribution is governed by the Pennsylvania Uniform Contribution Among Tortfeasors Act, which provides a remedy between joint tortfeasors who are either jointly or severally liable for the same injury.

30. The allegations in the First Amended Complaint allege that Boustead and the Maguires are joint tortfeasors, each of whom are (allegedly) liable to certain Plaintiffs for alleged damages caused by certain alleged material misrepresentations.

31. If Boustead is found liable to Plaintiffs, the damages were directly and proximately caused by the Maguires' misconduct, because the Maguires provided the allegedly false and misleading information to Boustead (and Pirchesky).

32. If Boustead is found liable to Plaintiffs, and it is determined that the Maguires are not required to completely indemnify Boustead, then the liability to Plaintiffs is a common liability between Boustead and the Maguires.

4824-4000-3773.5

33. Boustead is, therefore, entitled to contribution from the Maguires for any damages for which Boustead may be found liable, because the Maguires and Boustead are joint tortfeasors.

### Count II: Against Matthew Maguire and the Estate of Patrick Maguire (Indemnity/Indemnification) (under Pennsylvania law)

34. Pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, applied in this adversary proceeding by Fed. R. Bankr. P. 7013, Boustead asserts the following cross-claim.

35. Boustead restates and realleges all previous paragraphs as if fully restated herein.

36. Unlike contribution, which involves apportioning liability among concurrent tortfeasors, common law indemnity shifts the entire responsibility for equitable damages from one party to another.

37. Under Pennsylvania law, common law indemnity requires at least two (2) elements: (1) a preexisting legal relationship between the indemnitor and indemnitee, and (2) a tort.

38. Boustead alleges that the Maguires are solely liable on the underlying Counts alleged in Plaintiffs' First Amended Complaint if any liability is found at trial.

39. To the extent that there is a judicial determination that Boustead is liable to Plaintiffs for any of the conduct alleged by Plaintiffs, then such liability shall be borne by the Maguires.

40. The Maguires are liable to or with Boustead on any Count arising out of the transactions or occurrences upon which the underlying Count is based if any liability is found at trial.

41. The Maguires are solely liable to Plaintiffs, jointly and severally liable, or liable over to Boustead by way of indemnity.

42. Indemnity is a common law remedy which shifts the entire loss from one who has been compelled, by reason of some legal obligation, to pay a judgment occasioned by the initial negligence of another who should bear it.

43. When a claim for indemnity is not contract-based, a court must apply principles of equity.

44. The claims asserted against Boustead, and any potential liability incurred by Boustead, arises because of the Maguires' wrongful acts and false statements that Boustead allegedly passed on to Plaintiffs in this case.

45. The claims asserted against Boustead, and any potential liability incurred by Boustead, arise because of derivative or vicarious liability for damages caused by the Maguires.

46. Boustead is therefore entitled to indemnification from the Maguires for all liability resulting from the claims asserted by Plaintiffs, including, but not limited to, reasonable attorneys' fees and reasonable expenses.

**WHEREFORE**, Boustead respectfully requests that judgment be entered in its favor as follows:

1.  For an award and judgment in favor of Cross-Plaintiff Boustead Securities, LLC, and against Cross-Defendants Matthew Maguire and The Estate of Patrick Maguire, requiring both of those parties to fully indemnify Boustead (including any judgment, settlement and reasonable attorneys' fees) to the fullest extent permitted by law.

2.  For an award of Defendant Boustead Securities, LLC's reasonable attorneys' fees and costs incurred in prosecution of these Cross-Claims.

3.  For any and all such other relief as the Court deems necessary following trial in this matter.

**KUTAK ROCK, LLP**


Dated: <u>June 22, 2020</u>          By: */s/ Andrew R. Shedlock*
                                                                     Christopher P. Parrington, *Pro Hac Vice*
                                                                     Andrew R. Shedlock, *Pro Hac Vice*
                                                                     60 South Sixth Street, Suite 3400
                                                                     Minneapolis, MN 55402
                                                                     (612) 334-5000
                                                                     Christopher.Parrington@kutakrock.com
                                                                     Andrew.Shedlock@kutakrock.com

***and***

By: */s/ Jason L Ott*
   Jason L. Ott (PA. Bar No. 307212)
   Jackson Kelly, PLLC
   501 Grant Street, Suite 1010
   Pittsburgh, PA 15219
   Phone: 412-434-7617
   jason.ott@jacksonkelly.com


***Attorneys for Defendant Boustead Securities, LLC***

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

_____

IN RE:

ONE JET, INC.,

      Debtor.

_____

WOODY PARTNERS; ALOE BROTHERS, LLC;
DAVID ALOE, KEVIN ALTOMARI; ROBERT
AURAY, JR. and MARION AURAY; CLEMONT R.
AUSTIN; B5S, LLC; WILLIAM BENTER;
RICHARD BERGLUND; BLAIR OAK
INVESTMENTS, LP; RONALD CINDRICH;
CLARIOT NEW ALBANY, LLC; EUGENE K.
CONNORS and TINA K. HOUMIS; ANDREW J.
CONSTANTAKIS; NICHOLAS P.
CONSTANTAKIS; VERONICA CONSTANTAKIS;
COWEN OJ INVESTMENT, LLC; DELMETRO,
INC.; ROBERT DENOVE; CORINA DIEHL;
STEPHEN EINHORN; FLIGHTHAWK, LLC;
JOHN A GEORGE; CAROLYN D. GEORGE;
GREG HARDING-BROWN and CAROL
HARDING-BROWN AS TRUSTEES OF THE
HARDING-BROWN FAMILY TRUST; TIMOTHY
HOEKSEMA; WILLIAM E. HUNT; JEFFREY
JOERRES; JAMES R. JOHNSON; MATTHEW
JOHNSON; SCOTT KERN; KEITH KRONK;
DENNIS J. KUESTER; MICHAEL J. LEWIS;
JAMES LIKEN; RANDY LUETH; DAVID
MATTER; KENNETH C. McCRORY; MITCHEL
ELIAS NAHRA, M.D.; WILLIAM NASGOVITZ;
NORTH STAR COAL COMPANY NON-
BARGAINING EMPLOYEES PROFIT SHARING
PLAN; ORTTECH, LTD.; ROBERT A.
PIETANDREA; JAMES J. RESTIVO; GAIL
RESTIVO; SUSAN ROSEN; JAMES V. SACCO;
WILLIAM SARRIS; 7TH STREET PROPERTIES,
LP; SHEERTEX FABRICS, LLC; JACK W.
SHILLING; STEVEN G. SMITH; DAVID TESONE
GROUP, INC.; DEREK J. THOMAS; TRIAD
INVESTMENTS, INC.; ROBERT JOSEPH VADAS

Case No. 18-24070-GLT
Chapter 7


Adversary No. 19-02134-GLT

AS TRUSTEE OF THE CHRISTIAN LUKE
RONALD VADAS 2016 TRUST; BONNY SUE
YOUNG-VADAS AS TRUSTEE OF THE SIMON
ISAAC YOUNG VADAS 2016 TRUST; VIKING
REINSURANCE COMPANY; JERRY R.
WHITAKER; MICHAEL H. WHITE; STEPHEN J.
ZENCZAK AS CO-TRUSTEE OF THE GERGORY
S. ZENCZAK FAMILY DYNASTY TRUST; and
GREGORY S. ZENCZAK AS CO-TRUSTEE OF
THE STEPHEN J. ZENCZAK FAMILY DYNASTY
TRUST

        Plaintiffs,

   v.

MATTHEW R. MAGUIRE, PATRICK MAGUIRE,
BOUSTEAD SECURITIES, LLC, MELVIN
PIRCHESKY, ROBERT LEWIS and DAVID
MINNOTTE,

        Defendants.

_____

## CERTIFICATE OF SERVICE

I, Andrew R. Shedlock, hereby certify that on the 22nd day of June 2020, I served a true

and correct copy of **DEFENDANT BOUSTEAD SECURITIES, LLC'S AND ROBERT**

**CAMPBELL'S ANSWER TO [216] PLAINTIFFS' AMENDED COMPLAINT** upon

Counsel, by E-mail and U.S. Mail, addressed as follows:

**VIA EMAIL & U.S. MAIL**

James R. Cooney, Esq.
Ryan J. Cooney, Esq.
Robert O. Lampl, Esq.
Robert O. Lampl Law Office
223 Fourth Avenue
4th Floor
Pittsburgh, PA 15222
jcooney@lampllaw.com
rcooney@lampllaw.com
rlampl@lampllaw.com

**VIA EMAIL & U.S. MAIL**

Patrick K. Cavanaugh, Esq.
Zachary N. Gordon, Esq.
Del Sole, Cavanaugh & Stroyd
Three PPG Place
Suite 600
Pittsburgh, PA 15222
pcavanaugh@dscslaw.com
zgordon@dscslaw.com

4824-4000-3773.5

**VIA EMAIL & U.S. MAIL**

Brian W. Bisignani, Esq.
John N. Joseph, Esq.
Yune D. Emeritz, Esq.
Post & Schell, P.C.
1869 Charter Lane
Suite 102
Lancaster, PA 17601
bbisignani@postschell.com
jjoseph@postschell.com
yemeriz@postschell.com

**VIA EMAIL & U.S. MAIL**

Gerald J. Stubenhofer, Jr., Esq.
Emma R. Donahey, Esq.
George W. Fitting, Esq.
McGuire Woods
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222-3142
gstubenhofer@mcguirewoods.com
edonahey@mcguirewoods.com
gfitting@mcguirewoods.com

**VIA EMAIL & U.S. MAIL**

John J. Richardson
Bernstein-Burkley, P.C.
707 Grant Street
Suite 2200, Gulf Tower
Pittsburgh, PA 15219
jrichardson@bernsteinlaw.com

**VIA EMAIL & U.S. MAIL**

Kerri C. Sturm, Esq.,
Bernstein-Burkley, P.C.
707 Grant Street
Suite 2200, Gulf Tower
Pittsburgh, PA 15219
ksturm@bernsteinlaw.com

**VIA U.S. MAIL ONLY**

Rosemary C. Crawford, Chapter 7 Trustee
Bernstein-Burkley, P.C.
707 Grant Street
Suite 2200, Gulf Tower
Pittsburgh, PA 15219

**VIA U.S. MAIL ONLY**

Joseph S. Sica, Assistant U.S. Trustee
Office of the U.S. Trustee
Liberty Center
1001 Liberty Avenue
Suite 970
Pittsburgh, PA 15222

**KUTAK ROCK, LLP**

Dated: June 22, 2020

By: */s/ Andrew R. Shedlock*
    Christopher Parrington *(Pro hac vice)*
    Andrew Shedlock *(Pro hac vice)*
    Kutak Rock LLP
    60 South Sixth Street, Suite 3400
    Minneapolis, MN 55402
    Phone:  612-334-5000
    Christopher.Parrington@kutakrock.com
    Andrew.Shedlock@kutakrock.com

4824-4000-3773.5

***and***

By: */s/ Jason L. Ott*
    Jason L. Ott (P.A. Bar No. 307212)
    Jackson Kelly, PLLC
    501 Grant Street, Suite 1010
    Pittsburgh, PA 15219
    Phone: 412-434-7617
    Jason.ott@jacksonkelly.com

***Attorneys for Defendant Boustead Securities, LLC***

4824-4000-3773.5