## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** | **Case No. 18-24070-GLT** |
| **OneJet, Inc.** | **Judge Gregory L. Taddonio** |
| **Debtor** | |
| | **Chapter 7** |
| **Woody Partners, et al.,** | |
| **Plaintiffs,** | **Related to Doc. Nos. 216 and 345** |
| **v.** | |
| **Matthew R. Maguire, Estate of Patrick J. Maguire, Boustead Securities, LLC, Melvin Pirchesky, Robert Campbell, Robert Lewis and David Minnotte,** | |
| **Defendants.** | **Adv. Proc. No.: 19-02134-GLT** |

### ANSWER OF MATTHEW R. MAGUIRE TO AMENDED COMPLAINT

NOW COMES Matthew R. Maguire, by and through his counsel, Post & Schell, P.C., and files this Answer to Amended Complaint and in response thereto states as follows:

1.      Admitted.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 7 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

8.      Admitted and Denied. It is admitted that Defendant Matthew R. Maguire is an adult individual. It is denied that he has an address of 1909 Waterfront Place, #512, Pittsburgh, Pennsylvania 15222.

9.      Admitted with clarification. By way of further answer thereto, Patrick J. Maguire died on December 21, 2019 and, pursuant to this Court's Order dated May 11, 2020 and docketed to Document Number 342, his estate has been substituted for the decedent.

10.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 10 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

11.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 11 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

12.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 12 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial. By way of further answer thereto, Defendant Robert Campbell has been dismissed from this matter pursuant to this Court's Order dated May 22, 2020 and docketed to Document Number 345.

13.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 13 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

14.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 14 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial. By way of further answer

20474445v1

thereto, Defendant David Minnotte has been dismissed from this matter pursuant to this Court's Order dated May 22, 2020 and docketed to Document Number 345.

15.     Admitted with clarification. By way of further answer thereto, Defendant Matthew R. Maguire has consented to the jurisdiction of this Court.

16.     Admitted in part. It is admitted only that venue of this action is appropriate in the Western District of Pennsylvania. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in Paragraph 16 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

17.     Admitted with clarifications. It is admitted that OneJet, Inc. is a California corporation formed in 2007 by Defendant Matthew R. Maguire and Defendant Patrick J. Maguire. It is further admitted that the company was originally named PrimAir, Inc., that Defendant Patrick J. Maguire was listed as the registered corporate agent, and that the name was changed to OneJet, Inc. in 2014. Defendant Matthew R. Maguire is without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in Paragraph 17 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial

18.     Admitted with clarification. By way of further answer thereto, OneJet, Inc. is no longer in operation.

19.     Admitted with clarification. It is admitted that one aspect of OneJet, Inc.'s plan was to seek to capitalize on the elimination of non-stop jet service between certain mid-sized cities caused by the consolidation of major airlines.

20.     Admitted.

21.     Admitted.

22.     Admitted.

23.     Admitted.

24.     Admitted and Denied.   It is admitted that application was submitted to the Commonwealth of Pennsylvania, Department of Community and Economic Development by OneJet, Inc. for a low interest loan.  It is denied that Defendants Matthew R. Maguire or Patrick J. Maguire submitted the application.   The application is a document which speaks for itself and as to which no response is required.  To the extent that the averments contained in Paragraph 24 of the Amended Complaint purport to characterize the contents of the application, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in Paragraph 24 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial

25.     Admitted and Denied.  It is admitted that the application was approved and that on May 12, 2016, OneJet, Inc. entered into a Loan Agreement with the Pennsylvania DCED.  It is denied that it was "the Maguires' application."

26.     The Loan Agreement is a document which speaks for itself and as to which no response is required.  To the extent that the averments contained in Paragraph 26 of the Amended Complaint purport to characterize the contents of the document or are otherwise deemed factual, they are denied.

27.     The Loan Agreement is a document which speaks for itself and as to which no response is required.  To the extent that the averments contained in Paragraph 27 of the Amended Complaint purport to characterize the contents of the document or are otherwise deemed factual, they are denied.

28.    Admitted and Denied.  It is admitted that Patrick J. Maguire provided a limited guaranty to DCED.  It is denied that he guaranteed repayment of the entire DCED loan.

29.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 29 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

30.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 30 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

31.    The Airport Operations Agreement and Terminal Lease is a document which speaks for itself and as to which no response is required.  To the extent that the averments contained in Paragraph 31 of the Amended Complaint purport to characterize the contents of the document or are otherwise deemed factual, they are denied.

32.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 32 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

33.    The Economic Development Distribution Program Agreement is a document which speaks for itself and as to which no response is required.  To the extent that the averments contained in Paragraph 33 of the Amended Complaint purport to characterize the contents of the document or are otherwise deemed factual, they are denied.

34.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 34 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

20474445v1

35.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 35 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

36.    Admitted and Denied.  It is denied that OneJet, Inc. secured a low interest economic development loan from the Allegheny County Regional Development Authority, but admitted that a loan was obtained from the Redevelopment Authority of Allegheny County. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in Paragraph 36 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

37.    Admitted and Denied.  It is denied that Defendant Patrick J. Maguire provided a guaranty to the Allegheny County Regional Development Authority on behalf of OneJet, Inc., but admitted that Defendant Patrick J. Maguire provided a limited guaranty to the RAAC.  It is denied that Defendant Patrick J. Maguire guaranteed repayment of the entire RAAC loan.  By way of further answer thereto, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in Paragraph 37 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

38.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 38 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

39.    Admitted and Denied. It is admitted that certain Plaintiffs were spoken to by Defendant Matthew R. Maguire regarding OneJet, Inc. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained

6

in Paragraph 39 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

40.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 40 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.  By way of further answer thereto, the averments contained in Paragraph 40 of the Amended Complaint represent conclusions of law to which no response is required.  To the extent such averments are considered factual, they are denied.

41.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 41 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.  To the extent Paragraph 41 of the Amended Complaint references documents, those documents speak for themselves and no response is required.  To the extent that the averments contained in Paragraph 41 of the Amended Complaint purport to characterize the contents of those documents or are otherwise deemed factual, they are denied.

42.    Denied.  By way of further answer thereto, Defendant Matthew R. Maguire did not solicit investments in OneJet, Inc. from the public, but only from accredited investors, and then only in limited instances.  Defendant Patrick J. Maguire made no solicitations of any type to any person or entity to invest in OneJet, Inc.

43.    Admitted and Denied.  It is admitted that certain potential investors were located in New York.  The remainder of the averments contained in Paragraph 43 of the Amended Complaint are denied.

44.    Admitted with clarification and Denied.  Defendant Matthew R. Maguire admits that he did discuss potential additional investment of funds by James Rohr and other PNC officials, but denies that he solicited Mr. Rohr's and other PNC officials' original investment in OneJet, Inc. By way of further answer thereto, at no time did Defendant Patrick J. Maguire ever solicit investments in OneJet, Inc. from James Rohr or from "other PNC officials."

45.    Admitted and Denied. It is admitted only that Defendant Matthew R. Maguire stated to third parties that he and his father, Defendant Patrick J. Maguire, had invested in OneJet, Inc. The remainder of the averments contained in Paragraph 45 of the Amended Complaint are denied.

46.    Denied.

47.    Denied.  By way of further answer thereto, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 47 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

48.    Admitted and Denied.  It is admitted that Defendant Matthew R. Maguire provided certain documents to third parties.  The documents speak for themselves and as to which no response is required.  To the extent that the averments contained in Paragraph 48 of the Amended Complaint purport to characterize the contents of the documents or are otherwise deemed factual, they are denied.  Defendant Patrick J. Maguire never supplied any documents whatsoever to any potential or existing investors.  By way of further answer thereto, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in Paragraph 48 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

20474445v1

49.    Denied.

50.    Denied as stated. By way of further answer thereto, Boustead Securities was engaged by OneJet, Inc., not by Defendant Matthew R. Maguire or by Defendant Patrick J. Maguire.

51.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 51 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial. The March 7, 2016 email is a document which speaks for itself and as to which no response is required. To the extent that the averments contained in Paragraph 51 of the Amended Complaint purport to characterize the contents of the document or are otherwise deemed factual, they are denied.

52.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 52 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

53.    Denied as stated. By way of further answer thereto, Boustead Securities was engaged by OneJet, Inc., not by Defendant Matthew R. Maguire or by Defendant Patrick J. Maguire, and any "Finder's Fee" was paid by OneJet, Inc. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in Paragraph 53 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

54.    Denied as stated. By way of further answer thereto, Boustead Securities was engaged by OneJet, Inc., not by Defendant Matthew R. Maguire or by Defendant Patrick J. Maguire. Defendant is without knowledge or information sufficient to form a belief as to the

truth of the remainder of the averments contained in Paragraph 54 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

55.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 55 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

56.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 56 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial. By way of further answer thereto, the referenced documents speak for themselves and as to which no response is required.  To the extent that the averments contained in Paragraph 56 of the Amended Complaint purport to characterize the contents of the documents or are otherwise deemed factual, they are denied.

57.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 57 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

58.     Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 58 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial. Defendant specifically denies any characterization of Defendant's communications with third parties, including Boustead Securities.

59.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 59 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

20474445v1

60.    The averments contained in Paragraph 60 of the Amended Complaint represent conclusions of law as to which no response is required. To the extent such averments are considered factual, they are denied.

61.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 61 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

62.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 62 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

63.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 63 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

64.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 64 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

65.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 65 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

66.    The email dated July 23, 2018 is a document which speaks for itself and as to which no response is required. To the extent that the averments contained in Paragraph 66 of the Amended Complaint purport to characterize the contents of the document or are otherwise deemed factual, they are denied.

67.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 67 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

68.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 68 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

69.     Admitted and Denied.  It is admitted that Robert Lewis invested in OneJet, Inc. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in Paragraph 69 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

70.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 70 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

71.     The September 7, 2016 email is a document which speaks for itself and as to which no response is required.  To the extent that the averments contained in Paragraph 71 of the Amended Complaint purport to characterize the contents of the document or are otherwise deemed factual, they are denied.

72.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 72 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial. The October 17, 2016, November 9, 2016, and May 30, 2017 emails are documents which speak for themselves and as to which no response is required.  To the extent that the averments contained in Paragraph 72 of

the Amended Complaint purport to characterize the contents of the emails or are otherwise deemed factual, they are denied.

73.      Admitted and Denied.  It is admitted only that Defendant Matthew R. Maguire met with approximately two to three investors at Robert Lewis' office.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in Paragraph 73 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial

74.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 74 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.  The September 15, 2016 text message is a document which speaks for itself and as to which no response is required.  To the extent that the averments contained in Paragraph 74 of the Amended Complaint purport to characterize the contents of the text message or are otherwise deemed factual, they are denied.

75.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 75 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.  The March 15, 2018, March 30, 2018, August 9, 2018, and December 11, 2018 text messages are documents which speak for themselves and as to which no response is required.  To the extent that the averments contained in Paragraph 75 of the Amended Complaint purport to characterize the contents of the text messages or are otherwise deemed factual, they are denied.

76.      Denied.

77.      Denied.  By way of further answer thereto, no "private" charter flights were offered, only "shared" charter flights, Defendant Patrick J. Maguire never had any interactions

with any of the Plaintiffs, and no representations were made whatsoever with regards to segregation of funds.

78.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 78 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

79.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 79 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

80.    Denied.  By way of further answer thereto, it is specifically denied that Defendant Matthew R. Maguire made representations regarding the Naples Club.  To the extent any such representations were made, they were made by OneJet, Inc. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 80 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

81.    The December 11, 2018 text message is a document which speaks for itself and as to which no response is required.  To the extent that the averments contained in Paragraph 81 of the Amended Complaint purport to characterize the contents of the document or are otherwise deemed factual, they are denied.

82.    Admitted.

83.    Admitted.

84.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the  averments contained in Paragraph 84 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

20474445v1

85.     Denied.  By way of further answer thereto, it is expressly denied that Defendant Matthew R. Maguire misrepresented the acquisition of Ultimate Jet Charters.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in Paragraph 85 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

86.     Denied.  By way of further answer thereto, the August 30, 2018 email is a document which speaks for itself and as to which no response is required.  To the extent that the averments contained in Paragraph 86 of the Amended Complaint purport to characterize the contents of the document or are otherwise deemed factual, they are denied.

87.     Denied.  By way of further answer thereto, the September 8, 2018 email is a document which speaks for itself and as to which no response is required.  To the extent that the averments contained in Paragraph 87 of the Amended Complaint purport to characterize the contents of the document or are otherwise deemed factual, they are denied.

88.     Admitted and Denied.  It is admitted that by June 2018, OneJet, Inc. was experiencing financial challenges with certain vendors, suppliers, and others.  By way of further answer thereto, the averments contained in Paragraph 88 of the Amended Complaint, including whether these constituted a default, represent a conclusion of law as to which no response is required. To the extent such averments are considered factual, they are denied.

89.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 89 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

90.     Denied.

20474445v1

91.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 91 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

92.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 92 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

93.    The averments contained in Paragraph 93 of the Amended Complaint represent conclusions of law to which no response is required.  To the extent such averments are considered factual, they are denied.

94.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 94 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

95.    Admitted and Denied.  It is admitted only that on August 10, 2018, the Allegheny County Airport Authority filed an action against OneJet, Inc. in the Court of Common Pleas of Allegheny County which was docketed to GD-18-010368. The remainder of the averments contained in Paragraph 95 of the Amended Complaint are denied.

96.    The Complaint filed by the Airport Authority is a document which speaks for itself and as to which no response is required.  To the extent that the averments contained in Paragraph 96 of the Amended Complaint purport to characterize the contents of the Complaint filed by the Airport Authority or are otherwise deemed factual, they are denied.

97.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 97 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

16

98.    The Notice of Federal Tax Lien is a document that speaks for itself and as to which no response is required.  To the extent that the averments contained in Paragraph 98 of the Amended Complaint purport to characterize the contents of the document or are otherwise deemed factual, they are denied.

99.    Denied.

100.    Admitted.

101.    The August 29, 2018 press release issued by OneJet, Inc. is a document which speaks for itself and as to which no response is required.  To the extent that the averments contained in Paragraph 101 of the Amended Complaint purport to characterize the contents of the document or are otherwise deemed factual, they are denied.

102.    The September 27, 2018 email is a document which speaks for itself and as to which no response is required.  To the extent that the averments contained in Paragraph 102 of the Amended Complaint purport to characterize the contents of the document or are otherwise deemed factual, they are denied.

103.    Denied.  By way of further answer thereto, any such determination must await completion of the bankruptcy.

104.    Denied.

105.    Denied.

106.    Admitted.

107.    Admitted with clarification.  By way of further answer thereto, the Order for Relief was entered on November 13, 2018 and a Chapter 7 bankruptcy is now pending against OneJet, Inc. before the Court.

108.    Admitted.

20474445v1

109.    Admitted.

110.    Admitted.

111.    Admitted and Denied.  It is only admitted that the First Meeting of Creditors was held on January 14, 2019 at which Defendant Matthew R. Maguire testified.  Any description or characterization of the testimony provided by Defendant Matthew R. Maguire at the First Meeting of Creditors is denied.

112.    Defendant incorporates by reference each and every response set forth in the foregoing paragraphs as if fully set forth herein.

113.    Section 1-501 of the Pennsylvania Securities Act is a document which speaks for itself and as to which no response is required.  To the extent that the averments contained in Paragraph 113 of the Amended Complaint purport to characterize the contents of Section 1-501 of the Pennsylvania Securities Act or are otherwise deemed factual, they are denied.  By way of further answer thereto, the averments contained in Paragraph 113 of the Amended Complaint represent conclusions of law as to which no response is required.  To the extent such averments are considered factual, they are denied.

114.    The *Kronenberg v. Katz* case is a document which speaks for itself and as to which no response is required.  To the extent that the averments contained in Paragraph 114 of the Amended Complaint purport to characterize the contents of the case or are otherwise deemed factual, they are denied.  By way of further answer thereto, the averments contained in Paragraph 114 of the Amended Complaint represent conclusions of law as to which no response is required.  To the extent such averments are considered factual, they are denied.

115.    The *Federal Home Loan Bank of Pittsburgh v. J.P. Morgan Securities, LLC* case is a document which speaks for itself and as to which no response is required.  To the extent that

20474445v1

the averments contained in Paragraph 115 of the Amended Complaint purport to characterize the contents of the case or are otherwise deemed factual, they are denied.

116.    The *Dalicandro v. Legalguard, Inc.* case is a document which speaks for itself and as to which no response is required. To the extent that the averments contained in Paragraph 116 of the Amended Complaint purport to characterize the contents of the document or are otherwise deemed factual, they are denied. By way of further answer thereto, the averments contained in Paragraph 116 of the Amended Complaint represent conclusions of law as to which no response is required. To the extent such averments are considered factual, they are denied.

117.    The averments contained in Paragraph 117 of the Amended Complaint represent conclusions of law as to which no response is required. To the extent such averments are considered factual, they are denied.

118.    The *Wen v. Willis* case is a document which speaks for itself and as to which no response is required. To the extent that the averments contained in Paragraph 118 of the Amended Complaint purport to characterize the contents of the case or are otherwise deemed factual, they are denied.

119.    The averments contained in Paragraph 119 of the Amended Complaint represent conclusions of law as to which no response is required. To the extent such averments are considered factual, they are denied.

120.    The *Gilliland v. Hergert* case is a document which speaks for itself and as to which no response is required. To the extent that the averments contained in Paragraph 120 of the Amended Complaint purport to characterize the contents of the document or are otherwise deemed factual, they are denied. By way of further answer thereto, the averments contained in

20474445v1

Paragraph 120 of the Amended Complaint represent conclusions of law as to which no response is required. To the extent such averments are considered factual, they are denied.

121. The *Little v. Ressler Hardwoods and Flooring, Inc.* case and the *Marram v. Kobrick Offshore Fund, Inc.* case are documents which speak for themselves and as to which no response is required. To the extent that the averments contained in Paragraph 121 of the Amended Complaint purport to characterize the contents of the documents or are otherwise deemed factual, they are denied. By way of further answer thereto, the averments contained in Paragraph 121 of the Amended Complaint represent conclusions of law as to which no response is required. To the extent such averments are considered factual, they are denied.

122. Denied. By way of further answer, Count One against Defendant Patrick J. Maguire has been dismissed and all claims in Count One against Defendant Matthew R. Maguire brought by the "Out-of-State Plaintiffs" and "Rule 9(b) Plaintiffs," as defined by this Court's Order dated May 22, 2020 and docketed to Document Number 345, have been dismissed.

123. Defendant incorporates by reference each and every response set forth in the foregoing paragraphs as if fully set forth herein.

124. Section 1-403 of the Pennsylvania Securities Act is a document which speaks for itself and as to which no response is required. To the extent that the averments contained in Paragraph 124 of the Amended Complaint purport to characterize the contents of Section 1-403 of the Pennsylvania Securities Act or are otherwise deemed factual, they are denied. By way of further answer thereto, the averments contained in Paragraph 124 of the Amended Complaint represent conclusions of law as to which no response is required. To the extent such averments are considered factual, they are denied.

20474445v1

125.    The averments contained in Paragraph 125 of the Amended Complaint represent conclusions of law as to which no response is required.  To the extent such averments are considered factual, they are denied.

126.    Section 1-501 of the Pennsylvania Securities Act is a document which speaks for itself and as to which no response is required.  To the extent that the averments contained in Paragraph 126 of the Amended Complaint purport to characterize the contents of Section 1-501 of the Pennsylvania Securities Act or are otherwise deemed factual, they are denied. By way of further answer thereto, the averments contained in Paragraph 126 of the Amended Complaint represent conclusions of law as to which no response is required.  To the extent such averments are considered factual, they are denied.

127.    The averments contained in Paragraph 127 of the Amended Complaint represent conclusions of law as to which no response is required.  To the extent such averments are considered factual, they are denied.

128.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 128 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

129.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 129 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

130.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 130 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

20474445v1

131.   The averments contained in Paragraph 131 of the Amended Complaint represent conclusions of law as to which no response is required.   To the extent such averments are considered factual, they are denied.

132.   The averments contained in Paragraph 132 of the Amended Complaint represent conclusions of law as to which no response is required.   To the extent such averments are considered factual, they are denied.

133.   The averments contained in Paragraph 133 of the Amended Complaint represent conclusions of law as to which no response is required.   To the extent such averments are considered factual, they are denied.   By way of further answer, Count Two against Defendants Melvin Pirchesky and Robert Campbell has been dismissed pursuant to this Court's Order dated May 22, 2020 and docketed to Document Number 345.

134.   Defendant incorporates by reference each and every response set forth in the foregoing paragraphs as if fully set forth herein.

135.   Section 1-503 of the Pennsylvania Securities Act is a document which speaks for itself and as to which no response is required.   To the extent that the averments contained in Paragraph 135 of the Amended Complaint purport to characterize the contents of Section 1-503 of the Pennsylvania Securities Act or are otherwise deemed factual, they are denied.   By way of further answer thereto, the averments contained in Paragraph 135 of the Amended Complaint represent conclusions of law as to which no response is required.   To the extent such averments are considered factual, they are denied.

136.   Denied.

137.    The averments contained in Paragraph 137 of the Amended Complaint represent conclusions of law as to which no response is required. To the extent such averments are considered factual, they are denied.

138.    *Gilliland v. Hergert* case is a document which speaks for itself and as to which no response is required. To the extent that the averments contained in Paragraph 138 of the Amended Complaint purport to characterize the contents of the case or are otherwise deemed factual, they are denied. By way of further answer thereto, the averments contained in Paragraph 138 of the Amended Complaint represent conclusions of law as to which no response is required. To the extent such averments are considered factual, they are denied.

139.    The averments contained in Paragraph 139 of the Amended Complaint represent conclusions of law as to which no response is required. To the extent such averments are considered factual, they are denied.

140.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 140 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

141.    Denied. By way of further answer thereto, it is specifically denied that Defendant Matthew R. Maguire or Defendant Patrick J. Maguire engaged in any "scheme" of any type or violated the Pennsylvania Securities Act. Additionally, Count Three against Defendants Matthew R. Maguire and Robert Campbell has been dismissed pursuant to this Court's Order dated May 22, 2020 and docketed to Document Number 345. Furthermore, all claims in Count Three brought by the "Out-of-State Plaintiffs" and "Rule 9(b) Plaintiffs," as defined in this Court's Order dated May 22, 2020 and docketed to Document Number 345, against Defendants Patrick J. Maguire, Melvin Pirchesky and Boustead Securities have also been dismissed, as have

all claims in Count Three brought by the "Non-Broker Plaintiffs" against Defendants Melvin Pirchesky and Boustead Securities.

142.    Defendant incorporates by reference each and every response set forth in the foregoing paragraphs as if fully set forth herein.

143.    Denied as stated. It is specifically denied that Defendant Matthew R. Maguire has any liability under the Pennsylvania Securities Act. By way of further answer thereto, the averments contained in Paragraph 143 of the Amended Complaint represent conclusions of law as to which no response is required. To the extent such averments are considered factual, they are denied.

144.    Section 876 of the *Restatement (Second) of Torts* is a document which speaks for itself and as to which no response is required. To the extent that the averments contained in Paragraph 144 of the Amended Complaint purport to characterize the contents of Section 876 of the *Restatement (Second) of Torts* or are otherwise deemed factual, they are denied.

145.    The *Sovereign Bank v. Ganter* case is a document which speaks for itself and as to which no response is required. To the extent that the averments contained in Paragraph 145 of the Amended Complaint purport to characterize the contents of the case or are otherwise deemed factual, they are denied.

146.    The cases cited in Paragraph 146 of the Amended Complaint are documents which speak for themselves and as to which no response is required. To the extent that the averments contained in Paragraph 146 of the Amended Complaint purport to characterize the contents of the cases or are otherwise deemed factual, they are denied. By way of further answer thereto, the averments contained in Paragraph 146 of the Amended Complaint represent

conclusions of law as to which no response is required. To the extent such averments are considered factual, they are denied.

147.    Denied. By way of further answer thereto, it is specifically denied that Defendant Matthew R. Maguire or Defendant Patrick J. Maguire engaged in any "scheme" of any type or violated the Pennsylvania Securities Act. Additionally, Count Four against Defendant Robert Campbell has been dismissed and all claims in Count Four brought by the "Non-Broker Plaintiffs," as defined by this Court's Order dated May 22, 2020 and docketed to Document Number 345, against Defendants Boustead Securities and Melvin Pirchesky have also been dismissed.

148.    Defendant incorporates by reference each and every response set forth in the foregoing paragraphs as if fully set forth herein.

149.    Admitted.

150.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 150 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

151.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 151 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

152.    The Economic Development Distribution Program Agreement is a document which speaks for itself and as to which no response is required. To the extent that the averments contained in Paragraph 152 of the Amended Complaint purport to characterize the contents of the document or are otherwise deemed factual, they are denied.

153.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 153 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

154.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 154 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

155.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 155 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

156.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 156 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

157.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 157 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

158.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 158 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

159.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 159 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

160.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 160 of the Amended Complaint and, therefore,

20474445v1

denies the same and demands strict proof thereof at time of trial. By way of further answer thereto, October 17, 2016 email, November 9, 2016 email, and May 30, 2017 email are documents which speaks for themselves and as to which no response is required. To the extent that the averments contained in Paragraph 160 of the Amended Complaint purport to characterize the contents of the emails or are otherwise deemed factual, they are denied.

161.    Admitted and Denied. It is admitted only that Defendant did meet with approximately two to three investors at Robert Lewis' office. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in Paragraph 161 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

162.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 162 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial. The September 15, 2006 text message is a document which speaks for itself and as to which no response is required. To the extent that the averments contained in Paragraph 162 of the Amended Complaint purport to characterize the contents of the document or are otherwise deemed factual, they are denied.

163.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 163 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

164.    The averments contained in Paragraph 164 of the Amended Complaint represent conclusions of law as to which no response is required. To the extent such averments are considered factual, they are denied.

20474445v1

165. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 165 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

166. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 166 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial. By way of further answer thereto, it is specifically denied that Defendant Matthew R. Maguire or Defendant Patrick J. Maguire were engaged in violations of the Pennsylvania Securities Act.

167. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 167 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial. By way of further answer thereto, the March 15, 2018, March 30, 2018, August 9, 2018, and December 11, 2018 text messages are documents which speaks for themselves and as to which no response is required. To the extent that the averments contained in Paragraph 167 of the Amended Complaint purport to characterize the contents of the text messages or are otherwise deemed factual, they are denied.

168. The December 11, 2018 text message is a document which speaks for itself and as to which no response is required. To the extent that the averments contained in Paragraph 168 of the Amended Complaint purport to characterize the contents of the text message or are otherwise deemed factual, they are denied.

169. The averments contained in Paragraph 169 of the Amended Complaint represent conclusions of law as to which no response is required. To the extent such averments are considered factual, they are denied. By way of further answer thereto, all claims brought under

20474445v1

Count Five, other than the §503 claims brought by Plaintiffs B5S, LLC and James V. Sacco, against Defendant Robert Lewis has been dismissed by this Court's Order dated May 22, 2020 and docketed to Document Number 345.

170.    Defendant incorporates by reference each and every response set forth in the foregoing paragraphs as if fully set forth herein.

171.    The averments contained in Paragraph 171 of the Amended Complaint represent conclusions of law as to which no response is required. To the extent such averments are considered factual, they are denied.

172.    The averments contained in Paragraph 172 of the Amended Complaint represent conclusions of law as to which no response is required. To the extent such averments are considered factual, they are denied. By way of further answer thereto, it is specifically denied that Defendant Matthew R. Maguire or Defendant Patrick J. Maguire engaged in any "scheme" of any type or violated the Pennsylvania Securities Act. Additionally, all claims brought under Count Six, other than the claims brought by Plaintiffs B5S, LLC, Mitchell Elias Nahra, M.D., James V. Sacco, the Christian Luke Ronald Vadas 2016 Trust and the Simon Isaac Young Vadas 2016 Trust, against Defendant Robert Lewis has been dismissed by this Court's Order dated May 22, 2020 and docketed to Document Number 345.

173.    Defendant incorporates by reference each and every response set forth in the foregoing paragraphs as if fully set forth herein.

174.    Admitted.

175.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 175 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

20474445v1

176.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 176 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

177.    The Economic Development Distribution Program Agreement is a document which speaks for itself and as to which no response is required. To the extent that the averments contained in Paragraph 177 of the Amended Complaint purport to characterize the contents of the document or are otherwise deemed factual, they are denied.

178.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 178 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

179.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 179 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

180.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 180 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

181.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 181 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

182.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 182 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

183.    Denied.

20474445v1

184.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 184 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

185.   The September 7, 2016 text message is a document which speaks for itself and as to which no response is required. To the extent that the averments contained in Paragraph 185 of the Amended Complaint purport to characterize the contents of the document or are otherwise deemed factual, they are denied.

186.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 186 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial. By way of further answer thereto, it is specifically denied that Defendant Matthew R. Maguire and Defendant Patrick J. Maguire engaged in any "scheme" of any type or mislead investors.

187.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 187 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

188.   The averments contained in Paragraph 188 of the Amended Complaint represent conclusions of law as to which no response is required. To the extent such averments are considered factual, they are denied. By way of further answer thereto, it is specifically denied that Defendant Matthew R. Maguire and Defendant Patrick J. Maguire engaged in any "scheme" of any type. Additionally, Count Seven against Defendants Robert Lewis and David Minnotte has been dismissed by this Court's Order dated May 22, 2020 and docketed to Document Number 345.

20474445v1

189.    Defendant incorporates by reference each and every response set forth in the foregoing paragraphs as if fully set forth herein.

190.    Section 552 of the *Restatement (Second) of Torts* is a document which speaks for itself and as to which no response is required.  To the extent that the averments contained in Paragraph 190 of the Amended Complaint purport to characterize the contents of Section 552 of the *Restatement (Second) of Torts* or are otherwise deemed factual, they are denied.

191.    The averments contained in Paragraph 191 of the Amended Complaint represent conclusions of law as to which no response is required.  To the extent such averments are considered factual, they are denied.

192.    The averments contained in Paragraph 192 of the Amended Complaint represent conclusions of law as to which no response is required.  To the extent such averments are considered factual, they are denied.

193.    The averments contained in Paragraph 193 of the Amended Complaint represent conclusions of law as to which no response is required.  To the extent such averments are considered factual, they are denied.

194.    The averments contained in Paragraph 194 of the Amended Complaint represent conclusions of law as to which no response is required.  To the extent such averments are considered factual, they are denied.

195.    The averments contained in Paragraph 195 of the Amended Complaint represent conclusions of law as to which no response is required.  To the extent such averments are considered factual, they are denied.

196.    Denied.

197.    Denied.

20474445v1

198.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 198 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof at time of trial.

199.    The averments contained in Paragraph 199 of the Amended Complaint represent conclusions of law as to which no response is required.  To the extent such averments are considered factual, they are denied.

200.    The averments contained in Paragraph 200 of the Amended Complaint represent conclusions of law as to which no response is required.  To the extent such averments are considered factual, they are denied.

201.    The averments contained in Paragraph 201 of the Amended Complaint represent conclusions of law as to which no response is required.  To the extent such averments are considered factual, they are denied.  By way of further answer thereto, Count Eight against Defendant Robert Campbell and all the claims in Count Eight against Defendants Melvin Pirchesky and Boustead Securities brought by the "Non-Broker Plaintiffs" and the "Zenczak Plaintiffs," as defined in this Court's Order dated May 22, 2020 and docketed to Document Number 345, have been dismissed.

## AFFIRMATIVE DEFENSES

Defendant Matthew R. Maguire asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs may not recover against Defendant because the Amended Complaint fails to state a claim upon which relief may be granted.

20474445v1

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs may not recover against Defendant because the Amended Complaint failed to plead each count with sufficient particularity.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs may not recover against Defendant because Defendant did not intend any alleged misrepresentation and/or omission of material facts.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover against Defendant because Defendant did not know of the alleged misrepresentation and/or omission of material facts and in the exercise of reasonable care, could not have known of its untruth or omissions.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover against Defendant because Plaintiffs, as Accredited Investors and/or Sophisticated Investors as defined by the Securities Exchange Commission's Regulation D, assumed the risk of investing in OneJet, Inc.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover against Defendant because certain investors subscribed to the Private Placement Memorandum which clearly delineated the risky and highly speculative nature of their investments in OneJet, Inc., including OneJet Inc.'s history of losses, continuing significant capital requirements and complexities inherent to a start-up airline, or otherwise, subscribed to documentation with limited representations and/or substantial disclaimers of said risks.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional Affirmative Defenses.

20474445v1

WHEREAS, Defendant Matthew R. Maguire respectfully requests that this Honorable Court deny the relief requested in the Amended Complaint.

Respectfully submitted,

**POST & SCHELL, P.C.**

/s/ *Brian W. Bisignani*
Brian W. Bisignani, Esquire
17 North Second Street, 12th Floor
Harrisburg, PA 17101-1601
Phone: 717-612-6041
Facsimile: 717-731-1985
bbisignani@postschell.com

and

John N. Joseph, Esquire (*pro hac vice*)
1600 John F. Kennedy Blvd, 14th Floor
Philadelphia, PA 19103
Phone:  (215) 587-1000
Facsimile:  (215) 587-1444
jjoseph@postschell.com

and

Yune D. Emeritz, Esquire (*pro hac vice*)
1600 John F. Kennedy Blvd, 14th Floor
Philadelphia, PA 19103
Phone:  (215) 587-1000
Facsimile:  (215) 587-1444
yemeritz@postschell.com

*Counsel to Defendant Matthew R. Maguire*

Date: June 22, 2020

20474445v1