IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FILED
7/17/20 2:19 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN RE:

ONE JET, INC.,

    Debtor.

Case No. 18-24070-GLT
Chapter 7

Adversary No. 19-02134-GLT

WOODY PARTNERS, et al.,

    Plaintiffs,

v.

MATTHEW R. MAGUIRE, THE ESTATE OF PATRICK MAGUIRE, BOUSTEAD SECURITIES, LLC, MELVIN PIRCHESKY and ROBERT LEWIS,

    Defendants.

Related Dkt. No. 381

## PROTECTIVE ORDER

This matter is before the Court on Defendant Boustead Securities, LLC's ("Boustead") Amended Unopposed Motion for a Protective Order. Based on the Amended Unopposed Motion and upon the consent and agreement of the counsel who have signed for the other Parties (as hereafter defined) in the action, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the Amended Unopposed Motion is **GRANTED** in its entirety and confidential information shall only be disclosed by any of the Parties to Adversary No. 19-02134-GLT in the following ways:

1.     **Definitions.** As used in this protective order:

    (a)     "Attorney" means an attorney who has appeared in this action for one of the Parties;

4825-2737-3251.1

(b) "Attorneys' Eyes Only" means a Document designated as only being able to be viewed by the Parties' attorneys and their respective expert witnesses under this Protective Order;

(c) "Confidential Document" means a Document designated as confidential under this Protective Order;

(d) to "Destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

(e) "Document" means written or oral information disclosed or produced in discovery, including testimony at a deposition;

(f) "Notice" or "Notify" means written notice delivered by electronic mail to counsel for a Party at the email address on record with the Court and by one of the following means: (i) by prepaid, recognized overnight package delivery or courier service; or (ii) by United States Postal Service, First Class, Certified Mail, Return Receipt Requested, Postage Prepaid;

(g) "Party" or "Parties" means a party or parties to this action, as the case may be; and

(h) "Protected Document" means a Document protected by a privilege or the work-product doctrine.

2. **Designating a Document or Deposition as Confidential or Attorneys' Eyes Only.**

(a) A Party or non-Party disclosing or producing a Document may designate it as a Confidential Document or Attorneys' Eyes Only Document if the Party or non-Party contends that it contains confidential or proprietary information.

2

    (b)    A Party or non-Party may designate a Document as a Confidential Document or Attorneys' Eyes Only Document by conspicuously marking each page with the word "Confidential" or "Attorneys' Eyes Only."

    (c)    Deposition testimony may be designated as Confidential or Attorneys' Eyes Only:

        (1)    on the record at the deposition; or

        (2)    after the deposition, by promptly Notifying the Parties and those who were present at the deposition.

    (d)    If a witness is expected to testify as to confidential or proprietary information, a Party or non-Party may request that the witness's deposition be taken in the presence of only those persons entitled to receive Confidential Documents or Attorneys' Eyes Only Documents.

**3.**    **Who May Receive a Confidential or Attorneys' Eyes Only Document.**

    (a)    A Confidential Document or Attorneys' Eyes Only Document may be used only in this action.

    (b)    No person receiving a Confidential Document or Attorneys' Eyes Only Document may reveal it, except to:

        (1)    the Court and its staff;

        (2)    an Attorney or an Attorney's partner, associate, or staff;

        (3)    a court reporter or videographer retained in connection with this action;

        (4)    any person who:

            (A)    is an expert witness retained to assist a Party or Attorney with this action; and

    (B) signs a declaration that contains the person's name, address, employer, and title, and that is in substantially the same form as contained in "Exhibit A";

 (c) If a Confidential Document or Attorneys' Eyes Only Document is revealed to someone not entitled to receive it, the Parties must make reasonable efforts to retrieve it.

4. **Correcting an Error in Designation.** A Party or non-Party who discloses or produces a Confidential Document or Attorneys' Eyes Only Document not designated as a Confidential Document or Attorneys' Eyes Only Document may, within seven (7) days after discovering the error, provide Notice of the error and produce a copy of the Document designated as a Confidential Document or Attorneys' Eyes Only Document.

5. **Use of a Confidential or Attorneys' Eyes Only Document in Court.**

 (a) <u>Filing</u>.  This Protective Order does not authorize the filing of any Document under seal.  Filing Documents marked "Confidential" may only be accomplished by following section 5(b), below.  Documents marked "Attorneys' Eyes Only" may not be filed with the Court, whether under seal or otherwise, unless agreed to by the producing Party or by leave of Court.

 (b) <u>Presentation at a Hearing or Trial</u>.  A Party intending to present another Party's or a non-Party's Confidential Document at a hearing or trial must promptly Notify the other Party or the non-Party so that the other Party or the non-Party may seek relief from the Court.  A Document marked "Confidential" may be filed with the Court, under seal, and the other Party or non-Party may object to such filing.  The Party seeking to file "Confidential" Documents with the Court, under seal, must

Notify the other Party or non-Party at least seventy-two (72) hours prior to filing the "Confidential Document".

**6. Changing a Confidential or Attorneys' Eyes Only Document's Designation.**

    (a) <u>Document Disclosed or Produced by a Party</u>. A Confidential Document or Attorneys' Eyes Only Document disclosed or produced by a Party remains confidential unless the Parties agree to change its designation or the Court orders otherwise.

    (b) <u>Changing a Designation by Court Order</u>. A Party who cannot obtain agreement to change a designation may move the Court for an order changing the designation. If the motion affects a Document produced by a non-Party then, with respect to the motion, that non-Party is entitled to the same Notice and opportunity to be heard as a Party. The Party or non-Party who designated a Document as a Confidential Document must show that the designation satisfies Fed. R. Civ. P. 26(c) and Fed. R. Bk. 7026.

**7. Handling a Confidential or Attorneys' Eyes Only Document after Termination of Litigation.**

    (a) Within sixty (60) days after the termination of this action (including any appeals), each Party must:

        (1) return or Destroy all Confidential Documents or Attorneys' Eyes Only Documents; and

        (2) Notify the disclosing or producing Party that it has returned or Destroyed all Confidential Documents or Attorneys' Eyes Only Documents within the 60-day period.

5

    (b)    Notwithstanding paragraph 7(a), each Attorney may retain a copy of any Confidential Document submitted to the Court.

**8.    Inadvertent Disclosure or Production to a Party of a Protected Document.**

    (a)    <u>Notice</u>.

        (1)    A Party or non-Party who discovers that it has inadvertently disclosed or produced a Protected Document must promptly Notify the receiving Party and describe the basis of the claim of privilege or protection. If the Party or non-Party provides such Notice and description, the privilege or protection is not waived.

        (2)    A Party who discovers that it may have received an inadvertently disclosed or produced Protected Document must promptly Notify the disclosing or producing Party or non-Party.

    (b)    <u>Handling of Protected Document</u>. A Party who is notified or discovers that it may have received a Protected Document must comply with Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Bk. P. 7026.

    (c)    <u>Effect</u>. The Parties agree that Federal Rule of Evidence 502(b) shall be applicable to inadvertent disclosures or production to a Party of a Protected Document.

**9.    Security Precautions and Data Breaches.**

    (a)    Each Party must make reasonable efforts to protect the confidentiality of any Confidential Document or Attorneys' Eyes Only Document disclosed or produced to that Party.

6

(b) A Party who learns of a breach of confidentiality must promptly Notify the disclosing or producing Party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

10. **Survival of Obligations.** The obligations imposed by this Protective Order survive the termination of this action.

| | |
|---|---|
| Dated: 7/17/20 | BY THE COURT:<br><br>_____ hct<br>Hon. Gregory L. Taddonio<br>United States Bankruptcy Judge |

7

4825-2737-3251.1

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____ _____ [full address and telephone number], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States Bankruptcy Court for the Western District of Pennsylvania on _____ [date] in the matter of *In re OneJet, Inc.*, Adversary No. 19-02134-GLT. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States Bankruptcy Court for the Western District of Pennsylvania for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [full name] of _____ _____ [full address and telephone number] as my Pennsylvania agent for service of process in connection with this action or any proceedings related to enforcement of the Stipulated Protective Order.

_____     _____
Date                                                                   Printed Name


_____     _____
City and State where sworn and signed                    Signature

8

4825-2737-3251.1