FILED
8/25/20 5:23 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 18-24070-GLT |
| | Chapter 7 |
| **ONEJET, INC.** | |
| *Debtor.* | |
| | |
| **WOODY PARTNERS, ET AL.** | Adv. Pro. No. 19-02134-GLT |
| *Plaintiffs,* | Related to Dkt. Nos. 168 |
| v. | |
| **MATTHEW R. MAGUIRE, ET AL.,** | |
| *Defendants.* | |

## PHASE II PRETRIAL ORDER

**AND NOW**, the Court having reviewed the *Joint Discovery Plan and Statement of Estimate Time of Trial* dated August 30, 2019 [Dkt. No.168], it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. Given the complexity of these proceedings and the likelihood that further delays may be unavoidable, scheduling will occur in phases. With the pleadings now closed ("Phase I"), the parties are now ready to progress to the discovery stage of this litigation. "Phase II" will consist of all discovery through the resolution of any dispositive motions. Upon the conclusion of Phase II, the Court will enter a further order regarding final pretrial matters (including the filing of motions *in limine*, *Daubert*[1] motions, and the Joint Pretrial Statement and

---

[1] Named after Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993).

Stipulation) culminating in a Final Pretrial Conference ("Phase III"). The trial date will not be assigned after the Court rules on any dispositive motions.

2. This Phase II Pretrial Order shall govern the course of these proceedings and shall be strictly enforced. Any other pretrial order previously entered in this adversary proceeding or with respect to this contested matter is vacated.

3. Any entitlement to a jury trial in the bankruptcy court has been waived by the parties' failure to comply with the local rules. See W.PA.LBR 9015-1(c) and (d). The parties have expressly consented to entry of a final order by this Court. See Dkt. No. 168 at ¶ 13.

Summary of Applicable Phase II Deadlines

4. The following deadlines shall apply to this adversary proceeding:

| | | |
|---|---|---|
| Initial Disclosures Exchanged | **September 16, 2019** | |
| Amended Pleadings & Joinder of Additional Parties | **CLOSED** | |
| Pretrial Status Conference | **January 21, 2021** | See ¶ 13, *infra* |
| Completion of Fact Discovery | **June 21, 2021** | See ¶ 7, *infra* |
| Pretrial Status Conference | **June 24, 2021** | See ¶ 13, *infra* |
| Completion of Expert Discovery | **September 20, 2021** | See ¶ 8, *infra* |
| Dispositive Motions | **October 20, 2021** | See ¶¶ 10-12, *infra* |
| *Any response or opposition shall be filed no later than thirty (30) days after service of the motion pursuant to W.PA.LBR 7056-1(b)* | | |
| Pretrial Status Conference & Hearing on any Dispositive Motions | **January 7, 2022** | See ¶ 13, *infra* |
| **\*\*IMPORTANT NOTICE\*\***  *This table has been provided for the convenience of the parties and does not list of all deadlines by which a party must act under the applicable Federal Rules of Bankruptcy Procedure or this Order.*  ***READ THIS ORDER CAREFULLY*** | | |

5. The schedule set forth above shall not be modified except by leave of this Court upon a showing of good cause.

Discovery

6. The *Joint Discovery Plan and Statement of Estimate Time of Trial* is approved as set forth herein.

7. As indicated by the Court's June 15, 2020 order [Dkt. No. 352], fact discovery for this matter is currently ongoing and shall close at the end of the day on **June 21, 2021**. Discovery requests shall be served so that responses are due on or before the date that discovery closes.

8. Expert witness discovery shall be completed in accordance with Fed. R. Civ. P. 26(a)(2), made applicable to adversary proceedings by Fed. R. Bankr. P. 7026, on or before **September 20, 2021**.

8.1 The parties shall have until **July 21, 2021** to identify the subject matter or discipline of each expert witness that may be called at trial.

8.2 The parties shall exchange the names of expert witnesses and their initial reports no later than **July 21, 2021**.

8.3 The parties shall exchange any expert rebuttal reports no later than **August 20, 2021**.

8.4 Any expert reports or rebuttal shall be filed with the Court with the *Joint Pretrial Statement and Stipulation* and not before.

9. All discovery disputes shall be resolved prior to trial in accordance with Fed. R. Civ. P. 37, made applicable to adversary proceedings by Fed. R. Bankr. P. 7037, and the procedure set forth in W.PA.LBR 7037-1. **Any discovery dispute not raised prior to trial shall be deemed waived**.

### Motions for Summary Judgment

10. Motions for summary judgment, if any, shall be filed on or before **October 20, 2021**. In accordance with W.PA.LBR 7056-1(a), all motions for summary judgment shall be accompanied by: (i) a Concise Statement of Material Facts; (ii) a Memorandum of Law in Support; and (iii) an Appendix.

11. Any opposition to summary judgment shall be filed in accordance with W.PA.LBR 7056-1(b).

12. If a motion for summary judgment is filed, the Court will hear the motion on January 7, 2022 at 10:00 a.m.

### Pretrial Status Conferences

13. Pretrial Status Conferences are scheduled for before Judge Gregory L. Taddonio in Courtroom A, 54th Floor, U.S. Steel Tower, 600 Grant Street, Pittsburgh, Pennsylvania 15219 on the following dates:

   13.1   January 21, 2021 at 11:00 a.m.

   13.2   June 24, 2021 at 11:00 a.m.

   13.3   January 7, 2022 at 10:00 a.m.

### Settlement/Mediation/ADR

14. Settlement of disputes for the mutual benefit of all parties is encouraged by this Court and the parties shall use their best efforts to resolve this matter without litigation. Should the parties desire a settlement conference, the parties shall make a written application to the Court. Similarly, should the parties desire to participate in mediation or some other type of alternative dispute resolution, the parties shall make a written application to the Court pursuant to Local Bankruptcy Rule 9019-2.

<u>Sanctions</u>

15. Failure to appear or comply with any provision of this Pretrial Order or any subsequent pretrial order in the time or manner specified may result in the entry of an order to show cause why the Court should not impose sanctions against the party or parties at fault, including, but not limited to: any sanction identified in any provision of this Pretrial Order; an award of monetary sanctions, including attorneys' fees, payable to a party or the Court; or non-monetary sanctions such as the exclusion of evidence or entry judgment of dismissal or default.

ENTERED at Pittsburgh, Pennsylvania.

_____
GREGORY L. ADDONIO hct
UNITED STATES BANKRUPTCY JUDGE

Dated: August 25, 2020

<u>Case administrator to mail to</u>:
James R. Cooney
Ryan J. Cooney
David L. Fuchs
Robert O Lampl
Brian W. Bisignani
Jason L. Ott
Christopher P. Parrington
Andrew R. Shedlock
George W. Fitting
Gerald J Stubenhofer, Jr
Patrick K. Cavanaugh
Zachary N Gordon
Stephanie A Short
Keith E. Whitson