IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy No. 2:18-bk-24070 |
| ONEJET, INC., | Chapter 7 |
| Debtor. | |
| WOODY PARTNERS, et al. | |
| Plaintiffs, | Adv. No. 19-02134 |
| v. | |
| MATTHEW R. MAGUIRE, ESTATE OF PARTICK MAGUIRE, BOUSTEAD SECURITIES, LLC, MELVIN PIRCHESKY and ROBERT LEWIS, | |
| Defendants. | |
| ROSEMARY C. CRAWFORD, Chapter 7 Trustee, | |
| Movant, | |
| v. | |
| WOODY PARTNERS et al[1], | |
| Respondents. | |
| IN RE: | Bankruptcy No. 2:18-bk-24070 |
| ONEJET, INC., | |
| Debtor. | Chapter 7 |
| ROSEMARY C. CRAWFORD, Chapter 7 Trustee, | Adv. No. 20-02175 |
| Plaintiff/Movant, | |

---

[1] Due to the large number of Plaintiffs (Respondents to this Motion) in Adversary Proceeding No. 19-02134, their names are not listed herein. Such information can be found on Exhibit A to the Adversary Complaint in the Woody Partners Action [see Docket No. 1-1].

| | |
|---|---|
| v.<br><br>MATTHEW R. MAGUIRE; HEATHER R. MAGUIRE; JEAN ANN RIEKE; THE ESTATE OF PATRICK JAMES MAGUIRE; JEAN ANN RIEKE AS EXECUTRIX OF THE ESTATE OF PATRICK JAMES MAGUIRE; THE PATRICK JAMES MAGUIRE AND JEAN ANN RIEKE REVOCABLE TRUST; TRUST DOES 1-3; JEAN ANN RIEKE AS TRUSTEE OF THE PATRICK JAMES MAGUIRE AND JEAN ANN RIEKE REVOCABLE TRUST; MAGUIRE/MAGUIRE INCORPORATED; PRIMAIR VENTURE PARTNERS; SPINNAKER AIRCRAFT HOLDING, LLC (f/k/a ONE JET AIRCRAFT HOLDING, LLC); ELM AEROSPACE HOLDINGS, LLC; TRI-STATE CHARTER HOLDINGS, LLC; TRI-STATE CHARTER LEASING, LLC; TRI-STATE CHARTER, LLC; BANK OZK (f/k/a BANK OF THE OZARKS, INC.); and AIRCRAFT HOLDING COMPANY ONE, LLC,<br>        Defendants/Respondents. | |
| IN RE:<br><br>ONEJET, INC.,<br><br>        Debtor.<br><br>ROSEMARY C. CRAWFORD, Chapter 7 Trustee,<br><br>        Plaintiff/Movant,<br><br>v.<br><br>BOUSTEAD SECURITIES, LLC; MELVIN PIRCHESKY; EAGLE VENTURES, INC.; and ROBERT CAMPBELL,<br><br>        Defendants/Respondents. | Bankruptcy No. 2:18-bk-24070<br><br>Chapter 7<br><br>Adv. No. 20-02172 |

## MOTION TO ADMINISTRATIVELY COORDINATE
## ADVERSARY PROCEEDINGS

Rosemary C. Crawford (the "Trustee"), the chapter 7 trustee for the estate of OneJet, Inc., by and through her undersigned counsel, submits this *Motion to Administratively Coordinate Adversary Proceedings* (the "Motion"), for the entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") to administratively coordinate discovery and pre-trial matters in the following adversary proceedings in this chapter 7 case (collectively, the "Actions") which are styled as:

(a) *Woody Partners, et al v. Matthew Maguire, the Estate of Patrick Maguire, Boustead Securities, LLC, ("Boustead") Melvin Pirchesky ("Pirchesky"), Robert Campbell ("Campbell"), Robert Lewis ("Lewis") and David Minotte ("Minotte")*, Adversary Proceeding No. 19-02134 ("Woody Partners Action");

(b) *Rosemary C. Crawford, Chapter 7 Trustee v. Matthew R. Maguire; Heather R. Maguire; Jean Ann Rieke; the Estate of Patrick James Maguire; Jean Ann Rieke as Executrix of the Estate of Patrick James Maguire; the Patrick James Maguire and Jean Ann Rieke Revocable Trust; Trust Does 1-3; Jean Ann Rieke as Trustee of the Patrick James Maguire and Jean Ann Rieke Revocable Trust; Maguire/Maguire Incorporated; PrimAir Venture Partners; Spinnaker Aircraft Holding, LLC (f/k/a One Jet Aircraft Holding, LLC); Elm Aerospace Holdings, LLC; Tri-State Charter Holdings, LLC; Tri-State Charter Leasing, LLC; Tri-State Charter, LLC; Bank OZK (f/k/a Bank of the Ozarks, Inc.); and Aircraft Holding Company One, LLC*, Adversary Proceeding No. 20-02175 (the "Insider Action"); and

(c) *Rosemary C. Crawford, Chapter 7 Trustee v. Boustead Securities, LLC, Melvin Pirchesky, Eagle Ventures, Inc., and Robert L. Campbell,* Adversary Proceeding No. 20-02172 (the "Boustead Action"),

to avoid duplicative discovery and other pre-trial activities, and thereby to promote economy among the parties and preserve judicial time and resources.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Western District of Pennsylvania (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core

proceeding under 28 U.S.C. § 157(b) (2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. All of the Actions are pending before this Court.

2. The Trustee consents to the jurisdiction of the bankruptcy court and the entry of final orders or judgment by the bankruptcy judge.

## PROCEDURAL BACKGROUND

3. On October 17, 2018 (the "Petition Date"), petitioning creditors filed an involuntary petition for relief under chapter 7 of title 11 of the Bankruptcy Code against the Debtor in this jurisdiction at Case Number 18-24070-GLT (the "Case").

4. On November 13, 2018, the Court entered an order for relief [Doc. No. 28] against the Debtor.

5. On November 13, 2018, the Trustee was appointed to administer the estate of the Debtor.

6. On or about February 27, 2019, the Court entered an Order authorizing the Employment of Bernstein-Burkley, P.C., as Special Counsel to the Trustee ("Special Counsel") [Doc 451].

## FACTUAL BACKGROUND

*Trustee's Investigation*

7. Among her other duties in this chapter 7 case, the Trustee undertook an extensive investigation, including significant discovery, in order to identify appropriate causes of actions to assert on behalf of the bankruptcy estate.

8. For example, beginning in February 2019, the Trustee issued Rule 2004 Subpoenas ("Subpoenas") to 48 different companies and individuals to obtain documents related to their relationships with OneJet.

9. In response to the Subpoenas, the Trustee received approximately 108,547 documents.

10. The Trustee and her professionals diligently reviewed those documents.

11. In addition to requesting and obtaining documents, the Trustee has taken numerous Rule 2004 examinations, including of the following individuals:

    a. Matthew Maguire, CEO of OneJet;

    b. Jean Rieke, mother of Matthew Maguire and Secretary of OneJet;

    c. Erika Davis, CEO of E. Noble and Associates, OneJet's accounting firm;

    d. John Gordon, CEO of Ultimate Jet Charters;

    e. Matthew Chaifetz, CEO of Corporate Flight Management; and

    f. Tony Carion, the Maguire family's personal accountant.

12. The Trustee recently completed her investigation and has filed numerous adversary proceedings to set aside certain asset transfers that OneJet made and certain obligations it incurred, and to recover funds and property on behalf of the estate, including the Insider Action and Boustead Action.

### *Woody Partners' Adversary Proceeding*

13. Meanwhile, on December 10, 2018, Woody Partners, *et al.,* commenced the Woody Partners Action by filing a Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, against Matthew Maguire, Patrick Maguire, Boustead, Pirchesky, Campbell, Lewis, and Minotte.

14. On January 8, 2019, the Woody Partners Action was removed to the United States District Court for the Western District of Pennsylvania.

15. On February 6, 2019, the Plaintiffs in the Woody Partners Action filed a Motion to Remand and a Motion for Abstention. These were opposed by the Defendants in the Woody Partners Action.

16. On June 16, 2019, the Motions to Remand and the Motion for Abstention were denied and the Woody Partners Action was referred to the United States Bankruptcy Court for the Western District of Pennsylvania for administration in conjunction with OneJet's chapter 7 bankruptcy case.

17. On August 13, 2019, Defendant Patrick Maguire filed a Motion to Dismiss.

18. After oral argument on Patrick Maguire's Motion to Dismiss, the Court entered an Order requiring Plaintiffs to file an Amended Complaint by October 28, 2019.

19. An Amended Complaint was filed on October 28, 2019.

20. The Amended Complaint asserts: (a) breach of fiduciary duties and violation of Section 501 of the Pennsylvania Securities Act against Matthew Maguire and Patrick Maguire; (b) violation of Sections 403 and 501 of the Pennsylvania Securities Act against Pirchesky, Campbell and Boustead; (c) violation of Section 503 of the Pennsylvania Securities Act, and aiding and abetting liability under common law principles, against Matthew Maguire, Patrick Maguire, Pirchesky, Campbell and Boustead; (d) violation of Section 501 and 503 of the Pennsylvania Securities Act and aiding and abetting liability under common law principles against Lewis; (e) aiding and abetting liability under common law principles against Minotte; and (f) negligent misrepresentation against Pirchesky, Campbell and Boustead.

21. The Defendants in the Woody Partners all filed Motions to Dismiss.

22. The Motions to Dismiss were granted as to Campbell and Minotte. The Motions to Dismiss as to all other Defendants were denied in part and granted in part.

23. Boustead filed a Motion to Dismiss the Cross-Claims filed by Pirchesky, or in the alternative, a Motion to Compel Arbitration.

24. The Court denied the Motion to Dismiss Pirchesky's cross-claims and granted the Motion to Compel Arbitration as to Pirchesky's cross-claims.

25. Pleadings in the Woody Partners Action were closed on August 21, 2020.

26. On August 25, 2020, this Court entered a Phase II Pretrial Order in the Woody Partners Action. The Court recognized the complexity of those proceedings and that further delays would be unavoidable. As a result, further proceedings in that lawsuit will occur in phases. Phase I (the pleadings stage) is closed. Phase II consists of all discovery through the resolution of any dispositive motions. The following is a summary of the Phase II deadlines in the Woody Partners Action:

   a. Pretrial Status Conference – January 21, 2021;

   b. Completion of Fact Discovery – June 21, 2021;

   c. Pretrial Status Conference – June 24, 2021;

   d. Completion of Expert Discovery – September 20, 2021;

   e. Dispositive Motions – October 20, 2021; and

   f. Pretrial Status Conference & Hearing on and Dispositive Motions – January 7, 2022.

27. In view of the operative dates in the Phase II Pretrial Order, the Woody Partners Action is still in the early stages of discovery. As explained below, it therefore is appropriate to coordinate discovery and other pre-trial matters among the Woody Partners Action, the Insider Action, and the Boustead Action.

*The Trustee's Adversary Proceedings Against OneJet Insiders and Boustead Securities, LLC*

28. On October 16, 2020, the Trustee commenced her Insider Action by filing a Complaint against Matthew R. Maguire; Heather R. Maguire; the Estate of Patrick James Maguire; Jean Ann Rieke; Jean Ann Rieke as Trustee of the Patrick James Maguire and Jean Ann Rieke Revocable Trust; the Patrick James Maguire and Jean Ann Rieke Revocable Trust; Maguire/Maguire Incorporated; PrimAir Venture Partners; Spinnaker Aircraft Holding, LLC (f/k/a One Jet Aircraft Holding, LLC); Elm Aerospace Holdings, LLC; Tri-State Charters, LLC; Bank OZK (f/k/a Bank of the Ozarks, Inc.); and Aircraft Holding Company One, LLC.

29. In the Insider Action, the Trustee asserts various causes of actions, including the following:

   a. Breach of fiduciary duties against Matthew Maguire and the Estate of Patrick Maguire;

   b. Aiding and abetting breaches of fiduciary duties against Matthew Maguire, the Estate of Patrick Maguire and others;

   c. Avoidance and recovery of preferential and fraudulent transfers against Matthew Maguire;

   d. Avoidance and recovery of preferential and fraudulent transfers against the Estate of Patrick Maguire and others;

   e. Conversion against Matthew Maguire, the Estate of Patrick Maguire and others;

   f. Unjust Enrichment against Matthew Maguire, the Estate of Patrick Maguire and others; and

   g. Civil Conspiracy against Matthew Maguire, the Estate of Patrick Maguire and others.

30. On October 16, 2020, the Trustee commenced the Boustead Action by filing a Complaint against Boustead, Pirchesky and Campbell. In the Boustead Action, the Trustee seeks

to avoid and recover fraudulent transfers pursuant to 11 U.S.C. §§ 544, 547, and 550, and other law.

31.   Five (5) of the seven (7) defendants in the Woody Partners Action also are named as defendants in the Trustee's Insider Action and Boustead Action – namely, Matthew Maguire, the Estate of Patrick Maguire, Boustead, Pirchesky and Campbell[2].

32.   Due to the overlap in defendants among the Actions and the claims arising from those defendants' interactions with OneJet, the plaintiffs and defendants are likely to schedule and conduct depositions of the same individuals and other pre-trial actions (including dispositive motions) that will be duplicative – unless the Actions are administratively coordinated. Absent such coordination, parties in any one of the Actions will be unable (or less able) to attend, monitor, and ask questions of those defendants and witnesses during depositions in the other Actions.

33.   Furthermore, the plaintiffs in the Woody Partners Action and the Trustee (in the Insider Action and Boustead Action) are seeking recovery from many of the same defendants. Consequently, unless the Court coordinates the administration of all three Actions, the respective plaintiffs will be engaged in a headlong "race to judgment or collection" that may deplete the defendants' resources before the respective plaintiffs' claims can be adjudicated or resolved. That may prejudice any recoveries in favor of OneJet's bankruptcy estate and other creditors.

## RELIEF REQUESTED

34.   The Trustee seeks to administer the Insider Action and the Boustead Action to maximize recovery for the benefit of OneJet's creditors. Consistent with that objective, the Trustee asks the Court to implement processes designed to achieve resolution of claims and disputes as

---

[2] Campbell has been dismissed from the Woody Partners Action

speedily, inexpensively, and fairly as possible, to promote fairness among the plaintiffs in the Actions, and to avoid an unseemly "race to judgment."

35.     The Trustee seeks entry of an order, substantially in the form attached hereto as **Exhibit A,** to administratively coordinate discovery and other pre-trial actions in the Actions by means of adopting a revised Scheduling Order in all three Actions.  This outcome will streamline the Actions, eliminate or minimize duplicative discovery, enable the parties to participate in depositions in each of the Actions, enable combined status conferences and hearings to promote judicial economy and reduce expense to the parties of multiple hearings, and facilitate coordinated pre-trial motion practice and other pre-trial activities.

36.     Aside from coordinating discovery and other pre-trial matters in the three Actions, the Court also should ensure that the parties are aware, and able to be heard regarding, any proposed settlements or resolutions that might affect the defendants' capacity to satisfy any judgments rendered (or settlements achieved) in the other Actions.  The Trustee thus requests that, if any settlement(s) is reached in the Woody Partners Action, the economic terms of any such settlement should be disclosed to the parties in the Insider Action and the Boustead Action, with notice and opportunity to be heard before the Court, in the same manner that any settlement in the Insider Action or the Boustead Action would have to be disclosed under Bankruptcy Rule 9019.  Such disclosure, notice, and opportunity to be heard are necessary and appropriate to ensure that the Trustee (and any non-settling defendants) can evaluate the implications of such a settlement in the Woody Partners Action on either of the other Actions.

## **BASIS FOR RELIEF**

37.     Courts possess the inherent and express authority under the Federal Rules of Bankruptcy Procedure to oversee the administration of adversary proceedings before them,

including to ensure fair, speedy and efficient adjudication. *See* Fed. R. Bankr. P. 1001, 7016, 7026, 7037, and 7042; 11 U.S.C. § 105(a). *See also* Federal Judicial Center, *Manual for Complex Litigation* (Fourth) (the "MCL") §§ 10.1, 10.11, 10.22, 11.4, and 11.422. The relief the Trustee seeks falls well within the Court's authority.

38. Similarly, courts have the inherent power to control their docket to promote the efficient administration of justice. *See, e.g., In re NJ Affordable Homes Corp.*, 2013 Bankr. LEXIS 4798, *42, 2013 WL 6048836 (Bankr. D.N.J. 2013); *Epixtar Corp. v. McClain & Co., L.C. (In re Epixtar Corp.),* 2009 Bankr. LEXIS 2271, *7 (Bankr. S.D. Fla. 2009). *See also, In re Bellucci*, 119 B.R. 763, 770 (Bankr. E.D. Ca. 1990) ("A bankruptcy court has the inherent power to control its docket, including controlling the timing of proceedings on that docket. Such control is a matter of judicial discretion").

39. The complexity of the Actions, the number of overlapping defendants, and the Trustee's obligation to maximize recovery of assets for the benefit of OneJet's estate and creditors, create a need in all three of the Actions for "the [C]ourt [to] exercise early and effective supervision," for "counsel [to] act cooperatively and professionally," and for the "judge and counsel [to] collaborate to develop and carry out a comprehensive plan for the conduct of pretrial and trial proceedings." MCL § 10.

40. The Trustee respectfully submits that the Proposed Order similarly promotes efficient processes and will assist the Court in its management of the Actions, minimize expense to the litigants, and avoid duplication of time and effort.

41. The Proposed Order merely seeks to administratively coordinate pre-trial matters (including discovery) in the Actions. The relief sought in the Proposed Order is appropriate to further judicial economy and is in the interest of justice.

**WHERFORE,** the Trustee respectfully requests that the Court grant the Motion and enter the Proposed Order attached hereto as **Exhibit A**, and that it grant such further relief to the Trustee as is just and appropriate.

Dated: November 24, 2020                    BERNSTEIN-BURKLEY, P.C.

By: */s/ John J. Richardson*
Kirk B. Burkley, Esq. PA I.D.: 89511
kburkley@bernsteinlaw.com
John J. Richardson, Esq., PA I.D.: 86045
jrichardson@bersteinlaw.com
707 Grant Street, Suite 2200
Pittsburgh, PA 15219
T: (412) 456 – 8100
F: (412) 456 – 8135

*Special Counsel to the Trustee*

# **<u>Exhibit A</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>ONEJET, INC.,<br><br>           Debtor.<br><br>WOODY PARTNERS, et al.<br><br>           Plaintiffs,<br><br>v.<br><br>MATTHEW R. MAGUIRE, ESTATE OF PARTICK MAGUIRE, BOUSTEAD SECURITIES, LLC, MELVIN PIRCHESKY and ROBERT LEWIS,<br><br>           Defendants.<br><br>ROSEMARY C. CRAWFORD, Chapter 7 Trustee,<br><br>           Movant,<br><br>v.<br><br>WOODY PARTNERS et al[3],<br><br>           Respondents. | Bankruptcy No. 2:18-bk-24070<br><br>Chapter 7<br><br><br>Adv. No. 19-02134 |
| IN RE:<br><br>ONEJET, INC.,<br>           Debtor.<br><br>ROSEMARY C. CRAWFORD, Chapter 7 Trustee,<br><br>           Plaintiff/Movant, | Bankruptcy No. 2:18-bk-24070<br><br>Chapter 7<br><br>Adv. No. 20-02175 |

---

[3] Due to the large number of Plaintiffs (Respondents to this Motion) in Adversary Proceeding No. 19-02134, their names are not listed herein. Such information can be found on Exhibit A to the Adversary Complaint in the Woody Partners Action [see Docket No. 1-1].

| | |
|---|---|
| v.<br><br>MATTHEW R. MAGUIRE; HEATHER R. MAGUIRE; JEAN ANN RIEKE; THE ESTATE OF PATRICK JAMES MAGUIRE; JEAN ANN RIEKE AS EXECUTRIX OF THE ESTATE OF PATRICK JAMES MAGUIRE; THE PATRICK JAMES MAGUIRE AND JEAN ANN RIEKE REVOCABLE TRUST; TRUST DOES 1-3; JEAN ANN RIEKE AS TRUSTEE OF THE PATRICK JAMES MAGUIRE AND JEAN ANN RIEKE REVOCABLE TRUST; MAGUIRE/MAGUIRE INCORPORATED; PRIMAIR VENTURE PARTNERS; SPINNAKER AIRCRAFT HOLDING, LLC (f/k/a ONE JET AIRCRAFT HOLDING, LLC); ELM AEROSPACE HOLDINGS, LLC; TRI-STATE CHARTER HOLDINGS, LLC; TRI-STATE CHARTER LEASING, LLC; TRI-STATE CHARTER, LLC; BANK OZK (f/k/a BANK OF THE OZARKS, INC.); and AIRCRAFT HOLDING COMPANY ONE, LLC,<br>       Defendants/Respondents. | |
| IN RE:<br><br>ONEJET, INC.,<br><br>       Debtor.<br><br>ROSEMARY C. CRAWFORD, Chapter 7 Trustee,<br><br>       Plaintiff/Movant,<br><br>v.<br><br>BOUSTEAD SECURITIES, LLC; MELVIN PIRCHESKY; EAGLE VENTURES, INC.; and ROBERT CAMPBELL,<br><br>       Defendants/Respondents. | Bankruptcy No. 2:18-bk-24070<br><br>Chapter 7<br><br>Adv. No. 20-02172 |

**ORDER OF COURT**

This matter came before the Court on the Trustee's *Motion to Administratively Coordinate Adversary Proceedings* (the "Motion"). And the Court, after such notice and hearing as it deemed necessary and appropriate under the circumstances, finds that the Motion is well-taken and should be granted. Accordingly, it is hereby **ORDERED, ADJUDGED, and DECREED** that the Motion is **GRANTED**.

It is further **ORDERED** that this Court will enter a revised Scheduling Order in each of the following adversary proceedings, styled as:

(a) *Woody Partners, et al v. Matthew Maguire, the Estate of Patrick Maguire, Boustead Securities, LLC, ("Boustead") Melvin Pirchesky ("Pirchesky"), Robert Campbell ("Campbell"), Robert Lewis ("Lewis") and David Minotte ("Minotte"),* Adversary Proceeding No. 19-02134 ("Woody Partners Action");

(b) *Rosemary C. Crawford, Chapter 7 Trustee v. Matthew R. Maguire; Heather R. Maguire; Jean Ann Rieke; the Estate of Patrick James Maguire; Jean Ann Rieke as Executrix of the Estate of Patrick James Maguire; the Patrick James Maguire and Jean Ann Rieke Revocable Trust; Trust Does 1-3; Jean Ann Rieke as Trustee of the Patrick James Maguire and Jean Ann Rieke Revocable Trust; Maguire/Maguire Incorporated; PrimAir Venture Partners; Spinnaker Aircraft Holding, LLC (f/k/a One Jet Aircraft Holding, LLC); Elm Aerospace Holdings, LLC; Tri-State Charter Holdings, LLC; Tri-State Charter Leasing, LLC; Tri-State Charter, LLC; Bank OZK (f/k/a Bank of the Ozarks, Inc.); and Aircraft Holding Company One, LLC*, Adversary Proceeding No. 20-02175 (the "Insider Action"); and

(c) *Rosemary C. Crawford, Chapter 7 Trustee v. Boustead Securities, LLC, Melvin Pirchesky, Eagle Ventures, Inc., and Robert L. Campbell,* Adversary Proceeding No. 20-02172 (the "Boustead Action"),

in such form and content as the Court determines is appropriate.

And it is further **ORDERED** that the economic terms of any settlements thus far or hereafter achieved in the Woody Partners Action shall be disclosed to the chapter 7 Trustee in this case, and are subject to notice and opportunity for hearing to the same extent (and in the same

manner) as contemplated in Bankruptcy Rule 9019, and shall not take effect or be binding on any parties thereto until and unless authorized by this Court.

 

Hon. Gregory L. Taddonio
United States Bankruptcy Judge