# **Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>ONEJET, INC.,<br><br>       Debtor.<br><br>WOODY PARTNERS, et al.<br><br>       Plaintiffs,<br><br>v.<br><br>MATTHEW R. MAGUIRE, ESTATE OF PARTICK MAGUIRE, BOUSTEAD SECURITIES, LLC, MELVIN PIRCHESKY and ROBERT LEWIS,<br><br>       Defendants.<br><br>ROSEMARY C. CRAWFORD, Chapter 7 Trustee,<br><br>       Movant,<br><br>v.<br><br>WOODY PARTNERS et al[3],<br><br>       Respondents. | Bankruptcy No. 2:18-bk-24070<br><br>Chapter 7<br><br><br><br>Adv. No. 19-02134 |
| IN RE:<br><br>ONEJET, INC.,<br>       Debtor.<br><br>ROSEMARY C. CRAWFORD, Chapter 7 Trustee,<br><br>       Plaintiff/Movant, | Bankruptcy No. 2:18-bk-24070<br><br>Chapter 7<br><br>Adv. No. 20-02175 |

---

[3] Due to the large number of Plaintiffs (Respondents to this Motion) in Adversary Proceeding No. 19-02134, their names are not listed herein. Such information can be found on Exhibit A to the Adversary Complaint in the Woody Partners Action [see Docket No. 1-1].

| | |
|---|---|
| v.<br><br>MATTHEW R. MAGUIRE; HEATHER R. MAGUIRE; JEAN ANN RIEKE; THE ESTATE OF PATRICK JAMES MAGUIRE; JEAN ANN RIEKE AS EXECUTRIX OF THE ESTATE OF PATRICK JAMES MAGUIRE; THE PATRICK JAMES MAGUIRE AND JEAN ANN RIEKE REVOCABLE TRUST; TRUST DOES 1-3; JEAN ANN RIEKE AS TRUSTEE OF THE PATRICK JAMES MAGUIRE AND JEAN ANN RIEKE REVOCABLE TRUST; MAGUIRE/MAGUIRE INCORPORATED; PRIMAIR VENTURE PARTNERS; SPINNAKER AIRCRAFT HOLDING, LLC (f/k/a ONE JET AIRCRAFT HOLDING, LLC); ELM AEROSPACE HOLDINGS, LLC; TRI-STATE CHARTER HOLDINGS, LLC; TRI-STATE CHARTER LEASING, LLC; TRI-STATE CHARTER, LLC; BANK OZK (f/k/a BANK OF THE OZARKS, INC.); and AIRCRAFT HOLDING COMPANY ONE, LLC,<br>        Defendants/Respondents. | |
| IN RE:<br><br>ONEJET, INC.,<br><br>        Debtor.<br><br>ROSEMARY C. CRAWFORD, Chapter 7 Trustee,<br><br>        Plaintiff/Movant,<br><br>v.<br><br>BOUSTEAD SECURITIES, LLC; MELVIN PIRCHESKY; EAGLE VENTURES, INC.; and ROBERT CAMPBELL,<br><br>        Defendants/Respondents. | Bankruptcy No. 2:18-bk-24070<br><br>Chapter 7<br><br>Adv. No. 20-02172 |

## ORDER OF COURT

This matter came before the Court on the Trustee's *Motion to Administratively Coordinate Adversary Proceedings* (the "Motion"). And the Court, after such notice and hearing as it deemed necessary and appropriate under the circumstances, finds that the Motion is well-taken and should be granted. Accordingly, it is hereby **ORDERED, ADJUDGED, and DECREED** that the Motion is **GRANTED**.

It is further **ORDERED** that this Court will enter a revised Scheduling Order in each of the following adversary proceedings, styled as:

(a) *Woody Partners, et al v. Matthew Maguire, the Estate of Patrick Maguire, Boustead Securities, LLC, ("Boustead") Melvin Pirchesky ("Pirchesky"), Robert Campbell ("Campbell"), Robert Lewis ("Lewis") and David Minotte ("Minotte"),* Adversary Proceeding No. 19-02134 ("Woody Partners Action");

(b) *Rosemary C. Crawford, Chapter 7 Trustee v. Matthew R. Maguire; Heather R. Maguire; Jean Ann Rieke; the Estate of Patrick James Maguire; Jean Ann Rieke as Executrix of the Estate of Patrick James Maguire; the Patrick James Maguire and Jean Ann Rieke Revocable Trust; Trust Does 1-3; Jean Ann Rieke as Trustee of the Patrick James Maguire and Jean Ann Rieke Revocable Trust; Maguire/Maguire Incorporated; PrimAir Venture Partners; Spinnaker Aircraft Holding, LLC (f/k/a One Jet Aircraft Holding, LLC); Elm Aerospace Holdings, LLC; Tri-State Charter Holdings, LLC; Tri-State Charter Leasing, LLC; Tri-State Charter, LLC; Bank OZK (f/k/a Bank of the Ozarks, Inc.); and Aircraft Holding Company One, LLC,* Adversary Proceeding No. 20-02175 (the "Insider Action"); and

(c) *Rosemary C. Crawford, Chapter 7 Trustee v. Boustead Securities, LLC, Melvin Pirchesky, Eagle Ventures, Inc., and Robert L. Campbell,* Adversary Proceeding No. 20-02172 (the "Boustead Action"),

in such form and content as the Court determines is appropriate.

And it is further **ORDERED** that the economic terms of any settlements thus far or hereafter achieved in the Woody Partners Action shall be disclosed to the chapter 7 Trustee in this case, and are subject to notice and opportunity for hearing to the same extent (and in the same

manner) as contemplated in Bankruptcy Rule 9019, and shall not take effect or be binding on any parties thereto until and unless authorized by this Court.

_____
Hon. Gregory L. Taddonio
United States Bankruptcy Judge