# IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Bankruptcy No. 18-24070 |
| ONEJET, INC., | Adversary No. 19-02134-GLT |
|     Debtor. | Doc No. |
| _____ | Related to Doc. No.: 425 |
| WOODY PARTNERS et al, | Hearing Date and Time: January 8, 2021 at 2:15 p.m. |
|     Plaintiffs, | |
| v. | |
| MATTHEW R. MAGUIRE, JEAN A. RIEKE, Special Administrator of the Estate of PATRICK MAGUIRE, BOUSTEAD SECURITIES, LLC, MELVIN PIRCHESKY and ROBERT LEWIS, | |
|     Defendants. | |
| _____ | |
| In re: | |
| ONEJET, INC., | |
|     Debtor. | |
| _____ | |
| ROSEMARY C. CRAWFORD, Chapter 7 Trustee, | |
|     Plaintiff, | Adversary No. 20-02175 |
| v. | |
| MATTHEW R. MAGUIRE et al, | |
|     Defendants. | |
| _____ | |

**ROSEMARY C. CRAWFORD, Chapter 7 Trustee,**

    **Plaintiff,**

 v.

**BOUSTEAD SECURITIES, LLC et al,**

   **Defendants.**

Adversary No. 20-02172

# RESPONSE TO MOTION TO ADMINISTRATIVELY COORDINATE ADVERSARY PROCEEDINGS

And now, Woody Partners et al, by their attorneys, Robert O Lampl, James R. Cooney, Ryan J. Cooney, Sy O. Lampl and Alexander L. Holmquist, submit the within Response to Motion to Administratively Coordinate Adversary Proceedings:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

**Factual background:**

7. Woody Partners lacks knowledge regarding the extent of the Trustee's investigation.

8. Woody Partners lacks knowledge regarding the extent of the Trustee's investigation.

9. Woody Partners lacks knowledge regarding the extent of the Trustee's investigation.

10. Woody Partners lacks knowledge regarding the extent of the Trustee's investigation.

11. Admitted.

12. Admitted in part. Woody Partners admits that the Trustee has filed adversary proceedings.

### Woody Partners' Adversary Proceeding

13. Admitted in part. Woody Partners admits that it filed its Complaint on December 10, 2018. This happened well before the Trustee conducted her so-called "extensive investigation" referenced above.

14. Admitted.

15. Admitted. The Motions to Remand and for Abstention required extensive briefing. In addition, oral argument was held before the Honorable Marilyn J. Horan.

16. Denied. The Order speaks for itself.

17. Denied. ***All of the Defendants*** filed Motions to Dismiss.

18. Admitted in part. The Motions to Dismiss and Responses required extensive briefing and extensive preparation for argument. Significantly, all of the Defendants were granted leave to exceed the 20 page limitation for Briefs. In addition, the Woody Partners plaintiffs were required to respond to 6 different Motions. Moreover, the extensive briefing involved the filing of Reply Briefs and Sur-Reply Briefs. Oral argument on the Motions was held before this Honorable Court on September 26, 2019, resulting in a 60 page transcript. On September 27, 2019, this Honorable Court entered an Order granting the Defendants' various Motions for a

More Definite Statement. Pursuant to the Order, the Woody Partners plaintiffs were ordered to file an Amended Complaint and were required "to take corrective measures as discussed on the record."

19. Admitted. The Amended Complaint, which is 142 pages in length, required extensive time for preparation in order to "take the corrective measures" as Ordered on September 27, 2019.

20. Admitted in part. Paragraph 20 contains a very brief summary of some of the claims asserted in the 142 page Amended Complaint.

21. Admitted. Once again, the Woody Partners plaintiffs engaged in extensive briefing in order to respond to the Motions to Dismiss filed by all of the Defendants. Significantly, all of the Defendants were granted leave to exceed the 20 page limitation for Briefs. In addition, the Woody Partners plaintiffs were required to respond to 6 different Motions. Moreover, the extensive briefing involved the filing of Reply Briefs and Sur-Reply Briefs.

22. Extensive oral argument on the 6 Motions to Dismiss was held before this Honorable Court on January 10, 2020. This Honorable Court took the matters under advisement. On May 22, 2020, this Honorable Court entered a 63 page Memorandum Opinion disposing of the many issues raised in the Motions to Dismiss the Amended Complaint.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted in part and denied in part. It is admitted that coordination of the discovery in the 3 adversary cases would be appropriate. However, any further coordination would be prejudicial to the Woody Partners plaintiffs.

**The Adversary proceedings against Insiders and Boustead**

28. Admitted.

29. Admitted.

30. Admitted.

31. Denied. Only 4 of the Woody Partners Defendants are Defendants in the actions filed by the Trustees.

32. Admitted. It is admitted that coordination of the discovery in the 3 adversary cases would be appropriate.

33. Denied. Woody Partners denies that complete coordination requested by the Trustee would be appropriate. To the contrary, the claims are different, separate and independent. The Woody Partners' claims relate solely to the Defendants' actions in soliciting and selling the securities of OneJet (by means of false statements, negligence and in violation of the Pennsylvania Securities Act). The Woody Partners' claims are based upon state law and were originally filed in state court. By contrast, the Trustee's claims are based upon bankruptcy causes of action (preference payments and fraudulent transfers). Whether or not Woody Partners' success could prejudice potential recovery on behalf of OneJet's bankruptcy estate is not an issue that the Trustee has standing to raise. Moreover, the Trustee's argument on this issue is speculative.

**Relief requested:**

34. Woody Partners denies that the Trustee is entitled to "promote fairness among the plaintiffs." Rather, as set forth in Paragraph 33, the claims of Woody Partners are independent from the claims of the Trustee. Moreover, the Woody Partners claims were filed well before the Trustee even began her investigation of the claims that she ultimately filed.

35. Woody Partners hereby incorporates its responses to Paragraphs 32-34 above.

36. Denied. Woody Partners denies that the Trustee is entitled to participate in or have approval power over any settlements reached by the Woody Partners Plaintiffs. To the contrary, the Trustee has no standing to be heard with respect to any settlements in the Woody Partners action. By way of further response, Woody Partners hereby incorporates its responses to Paragraphs 32-34 above.

**Basis for Relief:**

37. Denied. There is nothing in the *Rules of Bankruptcy Procedure* which would justify the relief requested by the Trustee. Moreover, the Trustee's citation to the Federal Judicial Center, *Manual for Complex Litigation* (Fourth) (the MCL) is not appropriate. The MCL does not apply to adversary proceedings in bankruptcy cases. Moreover, the MCL itself specifically provides that it cannot be cited as "authoritative legal policy." See, *In re NFL Players Concussion Injury Litigation*, 775 F.3d 570 (3d Cir. 2014):

> Although the *Manual for Complex Litigation* "offer[s] helpful suggestions to judges," *Atkins v. Virginia*, 536

6

>U.S. 304, 327, 122 S. Ct. 2242, 153 L. Ed. 2d 335 (2001), it "does not have the force of law and can not undermine Supreme Court precedent or the decisions of this court." *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 442 (3d Cir. 2009); *see also Manual for Complex Litigation*, Introduction (explaining that the *Manual* "should not be cited as[] authoritative legal or administrative policy," the Federal Judicial Center has "no authority to prescribe practices for federal judges," and "[t]he *Manual*'s recommendations and suggestions are merely that").

38. Admitted. It is admitted that the Court has inherent power to control its docket. However, docket control is not akin to the relief requested by the Trustee.

39. Denied. Woody Partners denies that "a comprehensive plan for the conduct of pretrial and trial proceedings" is appropriate. By way of further response, the MCL does not apply to adversary proceedings in bankruptcy cases.

40. Denied. Woody Partners hereby incorporates its responses to Paragraphs 32-37 above.

41. Denied. The proposed Order appears to give the Trustee veto power over any settlements reached by the Woody Partners Plaintiffs. This is clearly inappropriate. By way of further response, Woody Partners hereby incorporates its responses to Paragraphs 32-37 above.

Wherefore, Woody Partners hereby requests this Honorable Court to deny the Trustee's Motion to Administratively Coordinate the Adversary Proceedings.

Respectfully Submitted,

 /s/ Robert O Lampl
Robert O Lampl
PA I.D. #19809

James R. Cooney
PA I.D. #32706

Ryan J. Cooney
PA I.D. #319213

Sy O. Lampl
PA I.D. #324741

Alexander L. Holmquist
PA I.D. #314159

Benedum Trees Building
223 Fourth Avenue
Fourth Floor
Pittsburgh, PA 15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)

## CERTIFICATE OF SERVICE

I, Robert O Lampl, hereby certify that I served a true and correct copy of the within **Response** upon all interested parties, by E-mail, addressed as follows:

John J. Richardson
Kirk B. Burkley
Bernstein-Burkley, PC
707 Grant Street
Suite 2200
Pittsburgh, PA 15219
*jrichardson@bernsteinlaw.com*
*kburkley@bernsteinlaw.com*

Christopher P. Parrington
Andrew R. Shedlock
Kutak Rock, LLP
1760 Market Street
Suite 1100
Philadelphia, PA 19103
*Christopher.Parrington@kutakrock.com*
*Andrew.Shedlock@kutakrock.com*
*daniel.carmeli@kutakrock.com*

Jason L. Ott
Dickie, McCamey & Chilcote, P.C.
Two PPG Place
Suite 400
Pittsburgh, PA 15222
*jott@dmclaw.com*

(Counsel for Boustead Securities, LLC)

Patrick K. Cavanaugh
Zachary N. Gordon
Del Sole, Cavanaugh & Stroyd
Three PPG Place, Suite 600
Pittsburgh, PA 15222
*pcavanaugh@dsclaw.com*
*zgordon@dsclaw.com*

(Counsel for Robert Lewis)

Gerald J. Stubenhofer, Jr.
Emma R. Donahey
George W. Fitting
McGuire Woods
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222-3142
*gstubenhofer@mcguirewoods.com*
*edonahey@mcguirewoods.com*
*gfitting@mcguirewoods.com*

(Counsel for Melvin Pirchesky)

Donald R. Calaiaro
David C. Valencik
Calairo Valencik
938 Penn Avenue
Suite 501
Pittsburgh, PA 15222
*dcalaiaro@c-vlaw.com*
*dvalencik@c-vlaw.com*

Scott M. Hare
Jana S. Pail
Whiteford, Taylor & Preston, LLP
200 First Avenue
Floor 3
Pittsburgh, PA 15222
*share@wtplaw.com*
*jpail@wtplaw.com*

(Counsel for the Maguires)

| | |
|---|---|
| __December 14, 2020__ | */s/ Robert O Lampl___* |
| Date | Robert O Lampl |