FILED
7/1/21
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 18-24070-GLT |
| | Chapter 7 |
| **ONE JET, INC.,** | |
| *Debtor.* | |
| | |
| **WOODY PARTNERS,** *et al.*, | Adv. Pro. No. 19-02134-GLT |
| *Plaintiffs,* | Related Dkt. Nos. 486, 487, and 488 |
| v. | |
| **MATTHEW R. MAGUIRE,** *et al.*, | |
| *Defendants.* | |

David A. Strassburger, Esq.
Danielle L. Dietrich, Esq.
Christopher J. Azzara, Esq.
Strassburger McKenna Gutnick & Gefsky
Pittsburgh, PA
*Attorneys for the Maguires*

## MEMORANDUM OPINION

Settling defendants often want to block public disclosure of the amounts paid to secure a release of claims. But as The Rolling Stones observed in resigned pragmatism, "[y]ou can't always get what you want."[1] The Court previously explained why, though less dramatically, in *In re Selected Cases*[2] in hopes of discouraging "those who crave privacy or secrecy for its own sake"[3] from requesting the sealing of settlement agreements merely to prevent disclosure of the financial contribution. Nevertheless, defendants Matthew R. Maguire

---

[1] THE ROLLING STONES, *You Can't Always Get What You Want*, LET IT BLEED (Decca Records 1969).

[2] In re Selected Cases in Which Wells Fargo Bank, N.A., Seeks Relief Against Selected Debtor(s) and/or Ronda J. Winnecour, No. MC 17-204-GLT, 2019 WL 642850, at *2 (Bankr. W.D. Pa. Feb. 14, 2019).

[3] Id. (quoting Gowan v. Westford Asset Mgmt. LLC (In re Dreier LLP), 485 B.R. 821, 822–23 (Bankr. S.D.N.Y. 2013)) (internal quotations omitted).

and the Estate of Patrick J. Maguire (the "Maguires") now seek that very relief after settling with a group of disappointed investors in OneJet, Inc., a defunct indirect air carrier that is currently a chapter 7 debtor. Although the Maguires resolved the claims of the investors privately, the agreement's release provision (the "Release") is allegedly critical to disposing of the non-settling co-defendants' claims for contribution. To that end, the Maguires filed a *Motion for Leave to File Under Seal* (the "Motion to Seal") and the *Motion to be Excused from Filing Redacted Public Copy of Documents to be Filed Under Seal* (the "Motion to Excuse") to enable them to file the *Release* in support of a forthcoming motion for summary judgment without any part of the document becoming part of the public record.[4] For the reasons stated below—which were largely outlined in *In re Selected Cases*—the Court must deny both motions.

## I.    JURISDICTION

This case was referred to the Court through an *Opinion and Order* issued by United States District Judge Marilyn J. Horan on June 19, 2019 upon a finding that it is "related to" a case arising under title 11 of the United States Code.[5] As a "related to" proceeding, this Court has authority to exercise jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 157(a), (c), 1334, and the Order of Reference entered by the United States District Court for the Western District of Pennsylvania on October 16, 1984.

## II.    DISCUSSION

From the outset, the Maguires admit that the *Release*, if filed, would become a judicial record to which the common law presumption of public access would apply.[6] They

---

[4]    *Motion to Seal*, Dkt. No. 486; *Motion to Excuse*, Dkt. No. 488; see also *Brief in Support of Motion for Leave to File Under Seal*, Dkt. No. 487.

[5]    *Opinion and Order*, Dkt. No. 48.

[6]    See LEAP Sys., Inc. v. MoneyTrax, Inc., 638 F.3d 216, 220 (3d Cir. 2011) (observing that settlement documents can become part of the public record if: (1) the settlement is filed with the court; and (2) "the parties seek interpretative assistance from the court or otherwise move to enforce a settlement provision.")

2

nonetheless ask that it be sealed, arguing that their interest in secrecy outweighs the presumption of public access. The alleged need for secrecy arises from the Maguires' concern that various non-party investors, who despite having time-barred claims, may be lying in wait to file "strike suits" to obtain similar financial settlements.[7] They also contend that they should be excused from having to file a redacted document in accordance with the local rules[8] because a confidentiality clause renders the entire agreement confidential. Ultimately, the Maguires' requests must fail because they have neither identified the correct legal standard nor satisfied it.[9]

There is no doubt that "[t]he common law right of access antedates the Constitution" and imparts a "'strong presumption' in favor of accessibility [that] attaches to almost all documents created in the course of civil proceedings."[10] Bankruptcy courts, however, are subject to a stricter, statutory mandate that supplants the common law presumption.[11] Section 107(a) of the Bankruptcy Code[12] expressly provides in relevant part that "the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge."[13] The legislative history of section 107(a) reveals that "docket" as used in that

---

[7] A "strike suit" is "a suit (esp. a derivative action), often based on no valid claim, brought either for nuisance value or as leverage to obtain a favorable or inflated settlement." SUIT, Black's Law Dictionary (11th ed. 2019).

[8] See W.PA.LBR 5005-20(b) (requiring a redacted version of a sealed document to be filed and made available for public review on the docket).

[9] For this reason, the Court did not schedule the motions for hearing.

[10] LEAP Sys., Inc. v. MoneyTrax, Inc., 638 F.3d at 220.

[11] See, e.g., Father M. v. Various Tort Claimants (In re Roman Catholic Archbishop), 661 F.3d 417, 431 (9th Cir. 2011); Neal v. Kansas City Star (In re Neal), 461 F.3d 1048, 1053 (8th Cir. 2006); Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.), 422 F.3d 1, 8 (1st Cir. 2005); In re Alterra Healthcare Corp., 353 B.R. 66, 74 (Bankr. D. Del. 2006).

[12] Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific sections shall be to the Bankruptcy Reform Act of 1978, as thereafter amended, 11 U.S.C. § 101, et seq. All references to "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure.

[13] 11 U.S.C. § 107(a).

section includes the claims docket, the proceedings docket, and all papers filed in a case.[14]  Thus, even a paper filed in a non-core, "related to" adversary proceeding is subject to section 107.

The distinction is not a small one.  Unlike the common law, which permits a court to exercise its "supervisory power" and seal documents "when justice so requires,"[15] section 107 expressly limits the circumstances under which the Court may restrict public access.[16]  Indeed, the Court is only empowered to protect: (1) the name of a minor child;[17] (2) an individual's personally identifying information;[18] (3) "a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title;"[19] or (4) "an entity with respect to a trade secret or confidential research, development, or commercial information."[20]  The moving party must establish through evidence that the information to be sealed falls within one of these categories.[21]  And even if successful, the United States Trustee and any chapter trustee are statutorily guaranteed full access to all information contained in the paper.[22]

The amount of a financial settlement very clearly does not fall within any of the statutorily protected categories described above.  As the Court explained in *In re Selected Cases*:

> Obviously, the Settlement Amount is not the name of a minor child, personally identifying information, or a scandalous or defamatory matter. Nor can there be any plausible assertion that it is a trade secret, confidential research, or development. That leaves "commercial

---

[14]  2 COLLIER ON BANKRUPTCY ¶ 107.02 (citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 317-318 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 30 (1978)).

[15]  LEAP Sys., Inc. v. MoneyTrax, Inc., 638 F.3d at 221 (citing Nixon v. Warner Commc'ns, 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)).

[16]  See 11 U.S.C. § 107(a)-(c).

[17]  11 U.S.C. § 107(a); see also 11 U.S.C. § 112.

[18]  11 U.S.C. § 107(c)(1); see also Fed. R. Bankr. P. 9037.

[19]  11 U.S.C. § 107(b)(2).

[20]  11 U.S.C. § 107(b)(1).

[21]  In re Selected Cases, 2019 WL 642850, at *2.

[22]  11 U.S.C. § 107(c)(3).

information" as the only remaining possibility, but "[i]nformation is not considered 'commercial' merely because it relates to business affairs." To the contrary, the "commercial information" exception only protects "information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations'" of the movant. It simply does not "offer a safe harbor for those who crave privacy or secrecy for its own sake." For this reason, there appears to be unanimous agreement among courts that the terms of a settlement agreement, including the amount of any settlement payments, are not "commercial information" and, therefore, should not be restricted from public view.[23]

Lest be any confusion, section 107 simply offers no protection for a settling defendant's bargaining position in future litigation of similar claims.[24]

In closing, the Maguires' stated reasons for sealing the *Release* are insufficient for restricting public access to a judicial record in the bankruptcy court. Of course, even The Rolling Stones tempered their assessment with a note of optimism: "if you try sometimes . . . you just might find you get what you need."[25] After all, exposure to a meritless suit that may never be filed could be a reasonable tradeoff for a favorable judgment on an extant counterclaim.

### III.   CONCLUSION

In light of the foregoing, the Court must deny the *Motion to Seal*, rendering the *Motion to Excuse* moot. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 7052. The Court will issue a separate order consistent with this opinion.

ENTERED at Pittsburgh, Pennsylvania.

Dated: July 1, 2021

GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY JUDGE

---

[23]  In re Selected Cases, 2019 WL 642850, at *2 (footnotes omitted).

[24]  See Id. at n.14 (collecting cases).

[25]  See Fn. 1, *supra*.