# THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: <br><br> ONEJET, INC. <br> *Debtor*. | Bankruptcy Case No. 18-24070-GLT <br><br> Chapter 7 |
| WOODY PARTNERS, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> MATTHEW R. MAGUIRE, ESTATE OF PATRICK MAGUIRE, BOUSTEAD SECURITIES, LLC, MELVIN PERCHESKY and ROBERT LEWIS <br><br> *Defendants*. | Adv. No. 19-02134 <br><br> Related Doc. No. 481 |

### TRUSTEE'S OBJECTION TO MOTION TO MODIFY PHASE II PRETRIAL ORDER AND AMEND ANSWER TO PLEAD RELEASE

Rosemary C. Crawford (the "Trustee"), the chapter 7 Trustee for the estate of OneJet, Inc., by and through her undersigned counsel, files the within Objection to the Motion to Modify Phase II Pretrial Order and Amend Answer to Plead Release (the "Motion") filed by defendants Matthew R. Maguire ("Matt Maguire") and the Estate of Patrick Maguire (the "Patrick Maguire Estate")(collectively, the "Maguire Defendants"), as follows:

1. The Plaintiffs in the above-captioned adversary proceeding filed a Status Report on June 9, 2021 (Doc. No. 475) advising this Court that they have reached a settlement with the Maguire Defendants.

2. The Plaintiffs further advised that the said settlement will be funded by the Patrick Maguire Estate and that approval by the probate court in Marin County California, where the

Patrick Maguire Estate is being administered (the "Probate Court"), is a condition of the Settlement Agreement. *Id*. at ¶ 1.

3. On June 24, 2021 the Maguire Defendants filed the instant Motion seeking to modify this Court's August 25, 2020 Phase II Pretrial Order, which among other things stated that the deadline for amending pleadings had closed, and leave to amend their Answer to plead release based upon the above-discussed settlement.

4. Federal Rule of Civil Procedure 16, made applicable in this matter by Federal Rule of Bankruptcy Procedure 7016, provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4).

5. The Maguire Defendants have not shown "good cause" and this Court should decline to modify the Phase II Pretrial Order and allow the Maguire Defendants to amend their Answer at this juncture for the reasons discussed below.

6. The Maguire Defendants are also defendants in the Trustee's adversary proceeding captioned *Rosemary C. Crawford, Chapter 7 Trustee v. Matthew R. Maguire, et al.* at Docket No. 20-02175 (the "Insider Action") which is consolidated with the above-captioned adversary proceeding.

7. Jean Rieke ("Rieke"), the mother of Matthew Maguire and wife of Patrick Maguire, is the Executrix of the Patrick Maguire Estate. Rieke is also a defendant in the Insider Action.

8. Upon information and belief, the Patrick Maguire Estate currently purports to own Spinnaker Aircraft Holdings, LLC ("Spinnaker") which purports to own a Hawker 400 aircraft bearing the tail number N488TM (the "N488TM Aircraft).

9. In the Insider Action, the Trustee has brought claims against Matt Maguire, the Patrick Maguire Estate, Spinnaker and several other entities alleging that the N488TM Aircraft is

property of the bankruptcy estate and that the Maguire Defendants and others conspired to misappropriate the N488TM Aircraft and operate it for their own use and enrichment, continuing to this day.

10. Upon information and belief, Plaintiffs and the Maguire Defendants have agreed to settle the above-captioned adversary proceeding for virtually the same amount as the appraised value of the N488TM Aircraft.

11. Furthermore, in the Insider Action, the Trustee has alleged that Matt Maguire, Patrick Maguire, Rieke and the company jointly-owned by Patrick Maguire and Rieke, Maguire/Maguire, Inc., received avoidable, preferential, fraudulent and improper transfers of OneJet funds from 2015 through and including the petition date.

12. According to the Rule 2004 deposition testimony of Rieke, the assets of the Patrick Maguire Estate consist almost exclusively of the N488TM Aircraft, Patrick Maguire's one-half interest in Maguire/Maguire, Inc., and a home that was separately owned by Patrick Maguire.

13. In short, unless the Patrick Maguire Estate liquidates the aforementioned home for a substantial sum sufficient to cover the full settlement amount, there can be little doubt that the Maguire Defendants intend to fund the settlement using property which belongs to the bankruptcy estate of OneJet.

14. If and to the extent the settlement is to be funded with property of the bankruptcy estate, the proposed settlement will not be in the best interest of <u>all</u> creditors because it will prefer the Plaintiffs in this action, who are largely equity investors and/or unsecured creditors of OneJet, at the expense of all other creditors.

15. As the fiduciary for the entire creditor body, the Trustee has serious questions and concerns regarding the settlement, including but not limited to the amount of the settlement, the

source of the settlement funds, and most significantly the likelihood that the Maguire Defendants intend to liquidate and/or use property of the bankruptcy estate to fund the settlement.[1] This is particularly true since the Trustee has not had the opportunity to review the proposed Settlement Agreement, which the Maguire Defendants have sought to keep secret.

16. In addition, as of the time of filing this Objection the Maguire Defendants have not applied to the Probate Court for approval of the proposed settlement, which as noted above the Plaintiff's have stated is a condition of the Settlement Agreement. As such, the Maguire Defendants have not proceeded with diligence and their Motion is premature.

17. The Trustee has filed a claim against the Patrick Maguire Estate in the Probate Court and opposes the use of any assets of the Patrick Maguire Estate which is property of the bankruptcy estate to fund the proposed settlement. The Maguire Defendants should not be granted leave to plead a release based upon a proposed settlement that has not been consummated and cannot be funded because it has not been approved, or indeed even submitted for approval, by the Probate Court. That would be putting the cart before the horse.

18. Such an amendment by the Maguire Defendants would not only be senseless and premature at this juncture, but also prejudicial to the Trustee. If and when the Maguire Defendants submit their long-delayed application to the Probate Court for approval of the settlement, they will undoubtedly cite the amendment of their Answer to suggest that this Court approves of the settlement and that the Probate Court should follow suit.

---

[1] The U.S. Trustee, including his or her designees, also serves to protect the public interest and integrity of the bankruptcy system and, to that end, may be heard on any issue or proceeding under the Bankruptcy Code pursuant to 11 U.S.C. § 307. *See, e.g.*, *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog"); *In re Insilco Techs., Inc.*, 291 B.R. 628, 2003 Bankr. LEXIS 343 (Bankr. D. Del. 2003); *see also* 11 U.S.C. § 102(9) ("'United States trustee' includes a designee of the United States trustee.").

19. This Court should not grant the imprimatur of legitimacy or finality to the proposed settlement by granting the Maguire Defendants leave to amend before the Probate Court approves the same, much less without first considering whether property of the bankruptcy estate will be used to fund the settlement and the effect it will have on other creditors.

20. For all of the reasons set forth above, the Trustee objects to the proposed settlement and amendment of the Maguire Defendants' Answer to plead a release stemming therefrom at this juncture. The Trustee respectfully requests that this Court schedule a further hearing so that more information can be obtained regarding the settlement and so that this Court can determine whether the settlement is in the best interest of the entire creditor body. Alternatively, at minimum, this Court should deny the Motion without prejudice unless and until the proposed settlement is approved by the Probate Court.

21. Additionally, because the Trustee also has a separate adversary proceeding pending against Boustead Securities, LLC ("Boustead") and because the identity of documents and witnesses is expected to overlap significantly, the Trustee believes that, in the interest of judicial and party economy and efficiency, this action should remain consolidated with the Insider Action and her adversary proceeding against Boustead.

WHEREFORE, the Trustee respectfully requests that this Court schedule a hearing to receive evidence, testimony and argument, if necessary, regarding the proposed settlement of this action and to determine whether the proposed settlement is in the best interest of the entire creditor body, or alternatively deny the Motion unless and until the proposed settlement is approved by the Probate Court.

Dated: July 12, 2021                                BERNSTEIN-BURKLEY, P.C.

                                                    By: */s/ John J. Richardson*

Kirk B. Burkley, Esq. PA I.D.: 89511
kburkley@bernsteinlaw.com
John J. Richardson, Esq., PA I.D.: 86045
jrichardson@bersteinlaw.com
707 Grant Street, Suite 2200
Pittsburgh, PA 15219
T: (412) 456 – 8100
F: (412) 456 – 8135

*Special Counsel to the Trustee*