# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Bankruptcy No. 18-24070-GLT |
| ONEJET, INC., | Adversary No. 19-02134-GLT |
| Debtor. | |
| _____ | |
| WOODY PARTNERS et al, | Related to Document Nos. 481 and 497 |
| Plaintiffs, | |
| v. | |
| MATTHEW R. MAGUIRE, JEAN A. RIEKE, Special Administrator of the Estate of PATRICK MAGUIRE, BOUSTEAD SECURITIES, LLC and ROBERT LEWIS, | |
| Defendants. | |

## RESPONSE TO TRUSTEE'S OBJECTION
## TO MOTION TO MODIFY PHASE II PRETRIAL ORDER

And now, the Plaintiffs, Woody Partners et al, by their attorneys, Robert O Lampl, John P. Lacher, James R. Cooney, Ryan J. Cooney, Sy O. Lampl and Alexander L. Holmquist, submit the within Response to the Trustee's Objection to the Motion to Modify the Phase II Pretrial Order:

1.  The Plaintiffs, Woody Partners et al, are shareholders and/or noteholders of OneJet, Inc. (OneJet), the Debtor in the within Estate.

2.  Matthew Maguire and Patrick Maguire (the Maguire Defendants) were the promoters of OneJet who sold the OneJet securities to the Plaintiffs. Boustead Securities, LLC was the stockbroker who assisted the Maguire Defendants in soliciting the Plaintiffs' investments in OneJet.

3.	On December 5, 2018, the Woody Partners Plaintiffs initiated the within action by filing a Complaint in Civil Action in the Court of Common Pleas of Allegheny County. In their Complaint, the Plaintiffs asserted claims under the Pennsylvania Securities Act, aiding and abetting liability and negligent misrepresentation, all arising out of the Defendants' sale of OneJet securities. The Plaintiffs' claims are in excess of $12 million dollars.

4.	Significantly, the Woody Partners Plaintiffs did not assert any claims against OneJet itself.

5.	On January 8, 2019, the action was removed to the United States District Court for the Western District of Pennsylvania.

6.	By her Order entered on June 16, 2019, the Honorable Marilyn J. Horan referred this action to this Honorable Court, finding that it was "related to" OneJet's Chapter 7 Case. Since such referral, the action has proceeded as an Adversary Proceeding.

7.	On May 22, 2020, this Honorable Court entered the Memorandum Opinion and Order which controls the issues that are remaining in this case.

8.	Among other things, this Honorable Court held that the Plaintiffs' Amended Complaint asserted viable claims against the Maguire Defendants under both the Pennsylvania Securities Act and common law principles.

9.	On February 8, 2021, this Honorable Court entered an Order directing the parties to engage in Mediation.

10.	Joel M. Walker was selected as the Mediator and his selection was approved by this Honorable Court.

11. Formal mediation sessions were held on April 7 and 8, 2021, and informal sessions with the Mediator continued thereafter.

12. Counsel for the Woody Partners Plaintiffs engaged in substantial settlement negotiations with Counsel for the Maguire Defendants, which included the exchange of information and offers and counteroffers back and forth between the parties.

13. The Mediator, Joel M. Walker, personally participated in the ongoing negotiations and spent countless hours attempting to assist the parties in reaching a settlement.

14. On May 19, 2021, the Woody Partners Plaintiffs and the Maguire Defendants finally reached an agreement to settle all claims asserted against the Maguire Defendants.[1]

15. The settlement represents a substantial compromise since the agreed-upon amount is less than 10% of the Plaintiffs' outstanding claims.

16. Counsel for the Chapter 7 Trustee, John J. Richardson, advised Counsel for the Woody Partners that he intended to object to the settlement. However, Mr. Richardson stated that the Trustee would not object if the Plaintiffs agreed to withdraw the claims they had filed against the Estate. A true and correct copy of Mr. Richardson's E-mail of June 3, 2021 is attached hereto as Exhibit "A."

17. On June 9, 2021, the Trustee, by her Counsel, John J. Richardson, filed an Objection to the Proposed Settlement. In her Objection, the Trustee

---

[1] The Woody Partners have also settled their claims against Robert Lewis.

asserted that:

    A.    A Hawker 400 aircraft owned by Patrick Maguire's Estate is property of OneJet's bankruptcy estate. The Trustee asserted that the settlement of the Woody Partners' claims is for virtually the same amount as the value of the aircraft.

    B.    The Trustee "has serious questions and concerns" regarding the amount of the settlement and the source of the settlement funds.

    C.    In her prayer for relief, the Trustee requested a hearing to determine "whether the proposed settlement is in the interest of the entire creditor body."

18.    This Honorable Court conducted a Status Conference on June 10, 2021.

19.    At the Status Conference, Mr. Richardson asserted that the Trustee opposed the settlement since "it was not in the best interests of all creditors."

20.    This Honorable Court held that the Trustee was not a party to the adversary proceeding and thus had no standing to object to the settlement. A true and correct copy of the Proceeding Memo is attached hereto as Exhibit "B."

21.    Despite such admonition from this Honorable Court, the Trustee has now filed an Objection to the Motion to Modify the Phase II Pretrial Order. A review of the Trustee's Objection reveals that it is nothing more than a back-door attempt to reassert the same objections to the Woody Partners' settlement that were previously denied by this Honorable Court. Among other things:

4

  A. The Trustee has renewed her contention that the settlement is for the value of the Hawker aircraft. However, there is no reasonable basis for this contention. If, in fact, the Trustee's claim is determined to be valid, the Woody Partners Plaintiffs have been advised that the equity in the plane is less than $300,000.00. By contrast, the Woody Partners have agreed to resolve their claims against the Maguires for $1.2 million dollars.

  B. The Trustee asserts that "there can be little doubt that the Maguires intend to fund the settlement using property which belongs to the bankruptcy estate of OneJet." This is nothing more than rampant speculation.

  C. The Trustee again requests a hearing to determine "whether the proposed settlement is in the interest of the entire creditor body." However, this Honorable Court has already determined that the Trustee is not a party to the adversary proceeding and thus has no standing to object to the settlement.

  22. It is clear that the Trustee and her Counsel intend to sabotage the settlement and to circumvent the Mediation process that was put into place by this Honorable Court.

  23. The Trustee's current Objection is nothing more than a litigation tactic intended to subvert a valid settlement. Mr. Richardson made this clear when he suggested that the Trustee would not object if the Woody Partners Plaintiffs withdrew their legitimate claims against the Estate. Such tactics should not be countenanced by this Honorable Court, especially given the fiduciary duties required of the Trustee and her Counsel to this Estate, its creditors and as officers of this Honorable Court.

24. Moreover, Paragraphs 16 through 19 of the Objection make it clear that the Trustee intends to sabotage the settlement outside of the purview of this Honorable Court by asserting objections in the California Probate Court.

25. It is important to note that the Trustee has a duty to *all* creditors, including the Woody Partners Plaintiffs.[2] See, *In re Zimmer,* 623 B.R. 151 (W.D. 2020). However, the Trustee is subverting that duty by her attempts to interfere with a valid settlement that has been approved by the appointed Mediator and her attempt to prefer some creditors over others as a punitive measure against the Woody Partners Plaintiffs.

26. It is also significant that the Woody Partners Plaintiffs filed their claims against the Maguire Defendants on December 10, 2018. By contrast, the Trustee did not file her claims against the Maguire Defendants until October 12, 2020, almost 2 years later, in large part following in the wake of the Woody Partners Plaintiffs.

27. The Woody Partners Plaintiffs' claims against the Maguires are based upon alleged violations of the Pennsylvania Securities Act. The Plaintiffs assert that the Maguires' violations of the Act caused them to invest in worthless securities. These are state law claims and are only pending before this Honorable Court based upon "related to jurisdiction." It is clear that the Trustee would have no standing to assert such claims on behalf of the estate. See, *In re National Century Financial Enterprises,* 604 F. Supp. 2d 1128 (S.D. Ohio 2009):

> A trustee in bankruptcy has no standing to pursue a claim that

---

[2] The claims of the Woody Partners Plaintiffs represent a significant portion of the total creditor claims filed in this case.

6

> belongs to an estate's creditors. Caplin v. Marine Midland Grace Trust Co., 406 U.S. 416, 434, 92 S. Ct. 1678, 32 L. Ed. 2d 195 (1972); Cannon, 277 F.3d at 853; Dublin Securities, 133 F.3d at 379-80 (noting that "trustees in bankruptcy lack standing to pursue the claims of creditors against third parties"). Thus, "'if the cause of action does not explicitly or implicitly allege harm to the debtor, then the cause of action could not have been asserted by the debtor as of the commencement of the case, and thus is not property of the estate.'" In re Van Dresser Corp., 128 F.3d 945, 947 (6th Cir. 1997) (quoting In re Educators Group Health Trust, 25 F.3d 1281, 1284 (5th Cir. 1994)).

See also, *In re Dublin Securities,* 133 F.3d 377 (6th Cir. 1997):

> Both the Supreme Court and this court have specifically held that trustees in bankruptcy lack standing to pursue the claims of creditors against third parties, *Caplin v. Marine Midland Grace Trust Co.*, 406 U.S. 416, 434, 32 L. Ed. 2d 195, 92 S. Ct. 1678 (1972); *DSQ Prop. Co., Ltd. v. DeLorean*, 891 F.2d 128, 131 (6th Cir. 1989).

See also, *Hutton & Co., Inc. v. Hadley,* 901 F.2d 979 (11th Cir. 1990).

Accordingly, the Trustee has no standing to interfere with the resolution of these claims, and she should not be permitted to do so outside the purview of this Honorable Court in the California Probate case.

28.  The Trustee's current objection is nothing more than a vexatious litigation tactic and a disregard of the Trustee's fiduciary duties.

For all of the foregoing reasons, the Woody Partners Plaintiffs respectfully request this Honorable Court to deny the Trustee's Objection to the Motion to Modify the Phase II Pretrial Order and to bar the Trustee from asserting objections to the settlement in the California Probate Court.

7

Respectfully submitted,

*/s/ Robert O Lampl*
ROBERT O LAMPL
PA I.D. #19809
JOHN P. LACHER
PA I.D. #62297
JAMES R. COONEY
PA I.D. #32706
RYAN J. COONEY
PA I.D. #319213
SY O. LAMPL
PA I.D. #324741
ALEXANDER L. HOLMQUIST
PA I.D. #314159

223 Fourth Avenue, 4th Fl.
Pittsburgh, PA  15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)
Email:  rlampl@lampllaw.com

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In re:** | **Bankruptcy No. 18-24070-GLT** |
| **ONEJET, INC.,** | **Adversary No. 19-02134-GLT** |
| Debtor. | |
| _____ | |
| **WOODY PARTNERS et al,** | Related to Document Nos. 481 and 497 |
| Plaintiffs, | |
| v. | |
| **MATTHEW R. MAGUIRE, JEAN A. RIEKE, Special Administrator of the Estate of PATRICK MAGUIRE, BOUSTEAD SECURITIES, LLC and ROBERT LEWIS,** | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I, Robert O Lampl, hereby certify that on the 14th day of July, 2021, I served a true and correct copy of the within **Response** upon all interested parties, by E-mail, addressed as follows:

John J. Richardson
Bernstein-Burkley, P.C.
707 Grant Street
Suite 2200
Pittsburgh, PA 15219
jrichardson@bernsteinlaw.com

(Counsel for the Trustee)

David A. Strassburger
Strassburger, McKenna, Gutnick & Gefsky
Four Gateway Center
Suite 2200
Pittsburgh, PA 15222
dstrassburger@smgglaw.com

(Counsel for Matthew R. Maguire and Patrick Maguire)

/s/ Robert O Lampl
ROBERT O LAMPL
PA I.D. #19809
JOHN P. LACHER
PA I.D. #62297
JAMES R. COONEY
PA I.D. #32706
RYAN J. COONEY
PA I.D. #319213
SY O. LAMPL
PA I.D. #324741
ALEXANDER L. HOLMQUIST
PA I.D. #314159

223 Fourth Avenue, 4th Fl.
Pittsburgh, PA  15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)
Email:  rlampl@lampllaw.com